Thomas S. Gingras, Esquire
Alaska Bar No. 7811098
EIDE, GINGRAS & PATE, P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
Tel. (907) 279-0930
Fax. (907) 279-0933

Attorneys for Defendants
    Kanag'iq Construction Co., Inc. &
    Western Surety Company

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE UNITED STATES for the use of GMW Fire Protection, Inc., an Alaska Corporation, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| KANAG'IQ CONSTRUCTION CO., INC., an Alaska Corporation and WESTERN SURETY COMPANY, a South Dakota Corporation, | ) ) ) ) ) |
| Defendants. | ) ) ) |
| | )   Case No. A05-170 Civil (JKS) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO STRIKE PLAINTIFF'S EXPERT -- <u>BARRY STEINKRUGER</u>

Memorandum of Points and Authorities in Support of Defendant's Motion in Limine
*The United States for the use of GMW Fire Protection v. Kanag'iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (JKS)                                           Page No. 1

Eide, Gingras & Pate P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

## I.     FACTS

On February 17, 2006, plaintiff submitted a pleading titled *Rule 26 (a) (2) Expert Disclosure*.  [Attachment A]  This document references the plaintiff's expert, Barry Steinkruger.  The *Opinions to be expressed* section of an attached document, apparently prepared by Mr. Steinkruger, states only

> My opinions will explain the defferences (sic) in cost, installation, programming, and maintenance of different types of Fire Alarm Systems.  Specifically, the differences between a traditional hard wired system and an addressable systems (sic) including the following:
>
> Conduit and wiring requirements
> Size of building that the system is protecting
> Differences in devices between systems
> Programming, labeling, and initialization
> System testing
> Planning
> And other project considerations

Because plaintiff's 26(a)(2) expert disclosure fails to address nearly every requirement of Rule 26(a)(2), the Court should strike plaintiff's inadequate disclosure and prohibit Barry Steinkruger from testifying for the plaintiff at trial.

## II.     ARGUMENT

### A.     Plaintiff Failed to Meet the Requirements of Federal Rule of Civil Procedure 26(a)(2)

Federal Rule of Civil Procedure 26(a)(2) reads,

Eide, Gingras & Pate P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

Memorandum of Points and Authorities in Support of Defendant's Motion in Limine
*The United States for the use of GMW Fire Protection v. Kanag'iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (JKS)                                                          Page No. 2

Eide, Gingras & Pate P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

(A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

(B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

(C) These disclosures shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party. The parties shall supplement these disclosures when required under subdivision (e)(1).

The comments of the Advisory Committee provide a great deal of clarity as to how the Committee intended 26(a)(2)(B) to be used. Prior to 1993, when 26(a)(2)(B) was first implemented, parties had relied on former Rule 26(b)(4)(i)[1] which provided for interrogatories relating to the substance of expert witness opinions. The Advisory

---

[1] Plaintiff's submission would have been deficient for purposes of former Rule 26(b)(4)(i) as well. See LeBarron v. Haverhill Cooperative School District, 127 F.R.D. 38, 40-41 (D. N.H. Jan. 25, 1989).

Memorandum of Points and Authorities in Support of Defendant's Motion in Limine
*The United States for the use of GMW Fire Protection v. Kanag'iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (JKS)                                                    Page No. 3

Committee notes leave little doubt that the Committee expected that disclosures under 26(a)(2)(B) would be more detailed and complete than the previous practice of responding to expert interrogatory requests under the former 26(b)(4)(i). The Committee additionally noted that parties have an incentive to give full disclosure relating to their experts because if they failed to provide such disclosure, they would not be permitted to use their expert on direct examination. The goals outlined by the Committee, for providing expert witness disclosures under 26(a)(2)(B), are to extend to opposing counsel a "reasonable opportunity to prepare for effective cross-examination" and possibly to "arrange for expert testimony from other witnesses." Additionally, the Committee notes specifically mention that an attorney is not precluded from assisting an expert in drafting a report and that this assistance may be needed in some instances, such as when an automobile mechanic will provide expert testimony.

The plaintiff has succeeded in identifying an expert it intends to call at trial, pursuant to 26(a)(2)(A). However, this does not excuse the fact that nearly every one of the substantive requirements discussed at great length in 26(a)(2)(B) as well as the spirit of the Rule as discussed in Committee notes, have been completely ignored by the plaintiff.

First, 26(a)(2)(B) requires a party to submit the report of their expert. Defendants dispute that the plaintiff has submitted a report at all. The document

Memorandum of Points and Authorities in Support of Defendant's Motion in Limine
*The United States for the use of GMW Fire Protection v. Kanag'iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (JKS)

Eide, Gingras & Pate P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

1  plaintiff attached to its disclosure does not report or communicate anything substantive,

2  with the exception of the expert's name and how much the plaintiff is apparently

3  willing to compensate him for rendering his opinions. However, it is clear that under

4  even the most modest definition of the word "report", plaintiff's submission would

5  receive a failing grade.

6      Next, 26(a)(2)(B) requires an expert's "report" to "contain a complete statement

7  of all opinions to be expressed and the basis and reasons" supporting the conclusions

8

9  reached. Plaintiff's disclosure and attachment do not contain an opinion or the basis

10  upon which Mr. Steinkruger reached any opinions. All Mr. Steinkruger discloses

11

12  regarding any opinions he has reached is that his "opinions will explain the defferences

13  (sic) in cost, installation, programming, and maintenance of different types of Fire

14  Alarm Systems, specifically between "hard wired systems and an addressable systems

15  (sic)". Mr. Steinkruger's submission does not state an opinion, because he does not

16  conclude anything regarding the "defferences (sic)" between the "hard wired systems

17

18  and an addressable systems (sic)" which he referenced. Instead, he only states that he

19  will express an opinion about them. Mr. Steinkruger's submission completely fails to

20  state what his opinion is or how he reached his opinion and because of this has not met

21  the requirements of 26(a)(2)(B). The defendants should not be made to wait for Mr.

22

23  Steinkruger's opinion when there is a rule which requires its disclosure.

24

25

Memorandum of Points and Authorities in Support of Defendant's Motion in Limine
*The United States for the use of GMW Fire Protection v. Kanag'iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (JKS)                                          Page No. 5

Eide, Gingras & Pate P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

Eide, Gingras & Pate P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

1
2     Plaintiff's submission is additionally defective in that it fails to identify any of
3  the material Mr. Steinkruger analyzed in forming his opinion or any exhibits to be used
4  in summarizing his opinion, as required by 26(a)(2)(B).  The plaintiff has failed to list
5  all publications Mr. Steinkruger authored within the preceding ten years or to identify
6
7  any other cases in which he testified as an expert at trial or by deposition within the
8  preceding four years.  The defendants assume Mr. Steinkruger has never before been
9  called to testify as an expert and has never authored any publications.  If he had, the
10 plaintiff failed to disclose this information, as required,  pursuant to 26(a)(2)(B).
11
12     Plaintiff's submission, cloaked as a Rule 26(a)(2) Expert Disclosure, cuts against
13 the spirit of the very rule it cites.  Expert disclosures under 26(a)(2)(B) were intended
14 by the Advisory Committee to be more comprehensive and detailed than interrogatories
15 in an attempt to give parties an effective way to prepare for cross-examination and to
16 find their own experts without requiring discovery, including interrogatories and
17 depositions.  Based on the submission the plaintiff provided, the defendants are not in a
18 position where they can effectively prepare for cross-examination based on the expert
19
20 disclosure alone, nor can the defendants find experts of their own to counter plaintiff's
21 expert's opinion because the plaintiff's expert does not state an opinion in his report.  In
22 any event, the defendants have learned far less from the report than would have been
23
24
25 Memorandum of Points and Authorities in Support of Defendant's Motion in Limine
   *The United States for the use of GMW Fire Protection v. Kanag'iq Construction Co., Inc., et al.*
   Case No. A05-170 Civil (JKS)                                                          Page No. 6

known following interrogatories and the Rule was specifically designed to lead to the opposite result.

The Advisory Committee notes are quite thorough regarding the purpose of 26(a)(2)(B). These notes deprive the plaintiff of the argument that Mr. Steinkruger is not an academic to explain the inadequacies of the report he prepared because the notes specifically contemplate a situation where an attorney assists an expert, skilled not as a report drafter but as a mechanic, draft a report so that it comports with the various requirements of 26(a)(2)(B). The Committee notes are also very specific that each party has an incentive to comply with the requirements of 26(a)(2)(B) because if a party fails to follow the Rule, they will be deprived of the benefit of their expert's testimony.

### B.    Plaintiff's Expert Must be Stricken and Prohibited From Testifying

Federal Rule of Civil Procedure 37(c)(1) states,

A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

Memorandum of Points and Authorities in Support of Defendant's Motion in Limine
*The United States for the use of GMW Fire Protection v. Kanag'iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (JKS)                                        Page No. 7

Eide, Gingras & Pate P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

Eide, Gingras & Pate P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Failing to comply with Rule 26(a) can dramatically affect litigants as a party who submits a deficient disclosure is prohibited from using the witness' testimony unless they can shoulder the weighty burden of proving to the court there was a substantial justification for their inaction. Rule 37(c)(1) was designed to give the discovery rules teeth and deter parties from being dilatory regarding their discovery obligations. Based on the clear language of 37(c)(1) courts have frequently affirmed that the Rule means exactly what it states: failure to comply with the disclosure requirements of Rule 26(a)(2)(B) has consequences. A party who violates 26(a)(2)(B) will be precluded from calling their expert or using their expert's testimony or opinion in any way.

In Salgado v. General Motors Corporation, 150 F.3d 735 (7th Cir. 1998), a young child was injured in a motor vehicle accident. Id. at 737. The child's parents brought a lawsuit on her behalf against the manufacturer of the vehicle she had been riding in at the time of the accident. Id. Despite receiving several discovery extensions, her counsel failed to disclose expert reports required under 26(a)(2)(B) until the business day following the close of discovery. Id. at 737-38. Upon reviewing the reports submitted, the district court concluded that not only were the reports a day late, but were "insufficient" for purposes of 26(a)(2)(B) disclosures because the reports were "devoid of any factual basis for their conclusory opinions." Id. at 738. The district

Memorandum of Points and Authorities in Support of Defendant's Motion in Limine
*The United States for the use of GMW Fire Protection v. Kanag'iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (JKS)                                                                 Page No. 8

court observed that Rule 26 disclosures require "a full statement of an expert's opinions and the basis for those opinions irrespective of the particular case or defendant." Id. (internal quotation and citation omitted). Because the plaintiff did not come forward with a substantial justification explaining the inadequacies of its expert disclosures, the district court barred the testimony of the plaintiff's experts. Id.

The Seventh Circuit affirmed, stating that it could "find no reason to quarrel with the district court's determination that the reports submitted, albeit late, were not in compliance with Rule 26." Id. at 741. The court further affirmed the district court's decision the discovery failure was not harmless to the defendant, because the defendant had a right to know the conclusions of the expert witnesses and "the court has a right, independent of the parties, to conduct trial preparation in a manner that husbands appropriately the scarce judicial resources" of a busy district. Id. at 742.

In Salgado, the plaintiff did provide the opinions of its experts in the reports submitted. However, in the case sub judice not only has the plaintiff failed to provide the factual basis supporting its expert's opinion, but has completely failed to provide an opinion. Given the deficiencies outlined by the defendant, the only appropriate action for the Court to take is to strike the plaintiff's expert and preclude him from testifying.

**III.    CONCLUSION**

Plaintiff has submitted an expert witness disclosure from which the defendants

Eide, Gingras & Pate P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

Memorandum of Points and Authorities in Support of Defendant's Motion in Limine
*The United States for the use of GMW Fire Protection v. Kanag'iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (JKS)                                                                 Page No. 9

can tell nothing other than the name of its witness, that he will be compensated $100 per hour for his services and that he will generally testify about various Fire Alarm Systems. The plaintiff's disclosure has not provided the defendants with information with which they could effectively cross-examine the witness or find their own experts, because it is impossible to tell what Mr. Steinkruger's opinion actually is. Additionally, the defendants cannot tell if Mr. Steinkruger's testimony should be barred for other reasons.

In situations like the one presented, the Federal Rules of Civil Procedure, Advisory Committee notes, and case law all universally contemplate the plaintiff's expert being stricken and prohibited from testifying. Based on all of the foregoing, the Court would be well within its discretion in granting this relief.

DATED at Anchorage, Alaska this 19th day of June 2006.

EIDE, GINGRAS & PATE, P.C.
Attorneys for Defendants
Kanag'iq Construction Co., Inc.
And Western Surety Company


By: ___s/Thomas S. Gingras___
     Thomas S. Gingras
     Alaska Bar No. 781109

Memorandum of Points and Authorities in Support of Defendant's Motion in Limine
*The United States for the use of GMW Fire Protection v. Kanag'iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (JKS)                                                          Page No. 10

Eide, Gingras & Pate P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

CERTIFICATE OF SERVICE

1  PATTI J. JULIUSSEN certifies as follows:

2  That I am a legal secretary employed by the
   law firm of Eide, Gingras & Pate, P.C. That on this
   19<u>th</u> day of June, 2006, I served by

3              [X] electronically

4  a true and accurate copy of the foregoing
   document upon the following counsel of record:

5  Attorneys for Plaintiff:

6  Sarah J. Tugman, Esq.
   2509 Eide Street, Suite 4
7  Anchorage, Alaska  99503

   EIDE, GINGRAS & PATE, P.C.
8

9  By <u>s/Patti J. Juliussen</u>
           PATTI J. JULIUSSEN

10 F:\431\05\motion in limine.DOC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
Memorandum of Points and Authorities in Support of Defendant's Motion in Limine
*The United States for the use of GMW Fire Protection v. Kanag'iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (JKS)                                                    Page No. 11

Eide, Gingras & Pate P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax