Sarah J. Tugman
Attorney at Law
2509 Eide Street, Suite 4
Anchorage, Alaska 99503
Telephone: (907) 677-7889
Fax: (907) 677-9188
e-mail: sjtugman@gci.net
Attorney for GMW Fire Protection, Inc.

RECEIVED JUL 1 7 2006 CLERK U.S. DISTRICT COURT ANCHORAGE, ALASKA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE UNITED STATES for the use of GMW Fire Protection, Inc., an Alaska Corporation,<br><br>Plaintiff,<br><br>v.<br><br>KANAG'IQ CONSTRUCTION CO., INC., an Alaska Corporation and WESTERN SURETY COMPANY, a South Dakota Corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. A-05-0170 CV (TMB) |

### OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S EXPERT

Federal Rule of Civil Procedure 26 (a)(2)(A) provides for the disclosure of the "identify of any person who may be used at trial to present evidence under Rules 702, 703 or 705." Subsection (B) of that Rule provides that a report shall be provided for "a witness who is retained or specially employed to provide expert testimony in the case" which report:

> shall contain a complete statement of all <u>opinions</u> to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the <u>opinion</u>; any exhibits to be used as a summary of or support for the <u>opinions</u>; the qualifications of the

witness, including a list of all publications authored by the witness within the preceding then years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years (emphasis added).

Rule 702, "Testimony by Experts,"[1] envisions testimony by "a witness qualified as an expert by knowledge, skill, experience, training or education" and recognizes that such testimony may be "in the form of an opinion or otherwise." The advisory committee notes that:

> an expert on the stand may give a dissertations or exposition of scientific or other principles relevant to the case, leaving the trier to fact to apply them to the facts.... [I]t seems wise to recognize that opinions are not indispensable and to encourage the use of expert testimony in non-opinion form when counsel believes the trier of fact can itself draw the requisite inference.

Mr. Steinkruger was hired to, as he notes, "explain the differences in cost, installation [,] programming and maintenance

---

[1] Opinion testimony by a lay witnesses is governed by Federal Rule of Evidence 701:

> If the witness is not testifying as an expert, the witness' testimony <u>in the form of opinions or inferences</u> is limited to the opinions or inferences which are (a) rationally based on the perception of the witness, and (helpful to a clean understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702 (emphasis added).

This Rule appears inapplicable in the instant case as Mr. Steinkruger has not been asked to offer an opinion or draw inferences, and he does have specialized knowledge that he has been asked to impart.

OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S EXPERT - PAGE 2

of different types of fire alarm systems[,] [s]pecifically the differences between a traditional hard wired system[] and an addressable system." He has not been asked to draw any specific inferences or conclusions or to offer any specific opinions.[2]

Mr. Steinkruger is qualified to explain these fire alarm differences by his specialized training as an electrician and installer of fire alarms, which experience and training is detailed in his report. He has not testified as an expert witness before, and has authored no publications, so no disclosure to be made in those areas. He has disclosed that the compensation for his testimony will be $100.00 an hour.

Since GMW has not asked Mr. Steinkruger to offer an opinion, or to draw conclusions or inference, the disclosures required by Rule 26 with respect to such opinions and their bases do not apply. GMW has not failed to make disclosure that are required to be made under these circumstances. It has, however, disclosed his identity, indicated the expected subject areas of his testimony and disclosed the other information required by the Rule. Defendant's motion should be denied.

---

[2] The information that he will provide will be helpful and informative in this case because the project as originally envisioned by the government involved the installation of traditional hard wired fire alarm systems, but GMW was asked to, and did, install programmable systems throughout the project.

OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S EXPERT - PAGE 3

RESPECTFULLY SUBMITTED this 17th day of July, 2006.

>SARAH J. TUGMAN
>Attorney at Law
>Alaska Bar No. 8310101
>
>_/s/ Tugman_
>Sarah J. Tugman

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was ☐ mailed ☒ hand-delivered to Tom Gingras this 17th day of July, 2006.

_Frances Evans_
Frances Evans