IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

THE UNITED STATES for the use of )
GMW Fire Protection, Inc., an Alaska )
Corporation, )
                 )
               Plaintiff, )
                 )
     vs. )
                 )
KANAG'IQ CONSTRUCTION CO., )
INC., an Alaska Corporation and )
WESTERN SURETY COMPANY, a )
South Dakota Corporation, )
                 )
              Defendants. )     Case No. A05-170 Civil  (TMB)
_____ )

## REPLY IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO STRIKE PLAINTIFF'S EXPERT -- BARRY STEINKRUGER

**I.    Facts**

The Defendants filed a motion in limine to strike the Plaintiff's expert, Barry

Steinkruger.  The Defendants argued that since the Plaintiff failed to abide by Federal

Rule of Civil Procedure 26(a)(2), Plaintiff's expert was barred from testifying under

Federal Rule of Civil Procedure 37(c)(1).  In support of its position, the Defendants

observed that its motion was supported by case law, as well as the plain text of the rules

and accompanying commentaries.

The Plaintiff opposed the Defendants' motion, arguing that the majority of the

requirements under Rule 26(a)(2) are inapplicable because its expert will not be

Eide, Gingras & Pate P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

Reply in Support of Defendants' Motion in Limine                         Page 1 of 5
*The United States for the use of GMW Fire Protection v. Kanag'iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

providing an opinion, but will instead be providing a topical dissertation.  The Plaintiff's argument is absurd and unworthy of further consideration.

## II.    Argument

Rule 26(a)(2) provides that

> Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

The requirements of this rule are easy to read and obey.  The rule requires expert disclosures to contain certain information the Plaintiff has apparently intentionally failed to include.  The Rule does not allow a party to decide for itself which requirements are applicable to it and does not indicate that the requirements are inapplicable if an expert will be providing a topical discussion so a finder of fact can draw its own conclusions.  This approach begs for inconsistent results and a dilatory practice: one side could always provide an inadequate disclosure and in order to keep the benefit of their expert's testimony, simply argue their expert will provide a dissertation rather than an opinion.

Eide, Gingras & Pate P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

Reply in Support of Defendants' Motion in Limine                                    Page 2 of 5
*The United States for the use of GMW Fire Protection v. Kanag'iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

1

2

3

4

5

6

7

8

9

The distinction the Plaintiff attempts to make between opinion testimony and a topical dissertation is a baseless argument. First, the Plaintiff cites no authority for the proposition that if an expert will provide testimony on a topic which requires an expert, rather than an opinion, it no longer has to disclose what material the expert reviewed and what the experts opinion is. Additionally, in his report, Mr. Steinkruger prepared a paragraph under the heading *"Opinions to be expressed",* so he is apparently under the impression that he has an opinion about the subject he will be testifying about, despite the Plaintiff's assertion that he does not.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

The weakness of the Plaintiff's argument can be best pointed out by way of hypothetical. Mr. Steinkruger has indicated in his report that he intends to express opinions which "will explain the defferences (sic) in cost, installation, programming, and maintenance of different types of Fire Alarm Systems. Specifically, the differences between a traditional hard wired system and an addressable systems (sic)." Despite the Plaintiff's assertion Mr. Steinkruger has no opinion, if one assumes the first question the Plaintiff asks Mr. Steinkruger after laying a foundation is "what are the differences between hard wired systems and an addressable system", the answer Mr. Steinkruger would give is an opinion. His report alone indicates he has taken a position on certain differences between systems and the Defendants are entitled to know, without asking, what his opinions are and what information he reviewed in coming to these conclusions.

24

25

Eide, Gingras & Pate P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

Reply in Support of Defendants' Motion in Limine                                          Page 3 of 5
*The United States for the use of GMW Fire Protection v. Kanag'iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

As previously briefed by the Defendants, Rule 26(a)(2) is meant to facilitate the disclosure of more information than would be learned following responses to expert witness interrogatories. Expert witness disclosures are supposed to be detailed enough that other discovery related to an expert is unnecessary and a party can prepare a thorough cross-examination and determine if it needs its own expert, based on the report alone. From the Plaintiff's disclosure, none of these objectives can be accomplished.

Lastly, Rule 37(c)(1) requires the exclusion of the expert's testimony if the requirements of Rule 26 were not met. This Rule is meant to encourage the parties to be accountable for their practices and to exclude foolish and unproductive gamesmanship. The Defendants suggest it is exactly situations such as the one at bar which Rule 37(c)(1) was designed to do away with and this Court should not hesitate to enforce a Rule which exists to provide a benefit to all who practice before it.

## III. Conclusion

The Plaintiff has failed to provide information required under Rule 26(a)(2) and has asserted the Rule does not apply to it, arguing its expert will not express an opinion. The Plaintiff is wrong. The Plaintiff's own expert prepared a report which indicates he intends to express opinions and there is no conceivable scenario by which his testimony would not include his opinions. The fact that his proposed testimony might also include a topical dissertation does not mean that the Defendants are not entitled to know what information he based his proposed testimony upon or the substance of his testimony

Reply in Support of Defendants' Motion in Limine                                    Page 4 of 5
*The United States for the use of GMW Fire Protection v. Kanag'iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

Eide, Gingras & Pate P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

including any opinions.  The Plaintiff has not met its responsibilities under Rule 26.

Under Rule 37, its expert cannot testify.


DATED at Anchorage, Alaska this 24th day of July 2006.

EIDE, GINGRAS & PATE, P.C.
Attorneys for Defendants
Kanag'iq Construction Co., Inc. and
Western Surety Company

By:____s/Thomas S. Gingras_____
        Thomas S. Gingras
        425 G Street, Suite 930
        Anchorage, AK  99501
        Phone:   (907) 279-0930
        Fax:       (907) 279-0933
        E-mail:  tsgingras@egpalaska.com
        Alaska Bar No. 7811098

**CERTIFICATE OF SERVICE**

Patti J. Juliussen certifies as follows:

That I am a legal secretary employed by the
law firm of Eide, Gingras & Pate, P.C.  That
on this 24th day of July 2006, I served by

        [X] Electronically

a true and accurate copy of the foregoing
document upon the following counsel of record:

Attorneys for Plaintiff:

Sarah J. Tugman, Esq.
2509 Eide Street, Suite 4
Anchorage, AK  99503

EIDE, GINGRAS & PATE, P.C.

By___s/Patti J. Juliussen_____
        Patti J. Juliussen


F:\431\05\Reply in Support of Defendants' Motion in Limine.DOC

Eide, Gingras & Pate P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

Reply in Support of Defendants' Motion in Limine                                    Page 5 of 5
*The United States for the use of GMW Fire Protection v. Kanag'iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)