IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE UNITED STATES for the use of GMW Fire Protection, Inc., an Alaska Corporation,<br><br>                  Plaintiff,<br><br>    vs.<br><br>KANAG'IQ CONSTRUCTION CO., INC., an Alaska Corporation and WESTERN SURETY COMPANY, a South Dakota Corporation,<br><br>                  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Case No. A05-170 Civil (TMB)<br>) |

## REPLY TO GMW'S OPPOSITION TO MOTION FOR RULE OF LAW AND PARTIAL SUMMARY JUDGMENT REGARDING SUBCONTRACT

Defendants, KANAG'IQ CONSTRUCTION CO., INC. and WESTERN SURETY COMPANY ("Kanag'iq"), by and through their counsel, Eide, Gingras & Pate, P.C., reply to Plaintiff's Opposition to their Motion for Rule of Law and Partial Summary Judgment Regarding Subcontract.

**A.    Alaska Law Applies To Substantive Law Issues In This Case.**

There is some question whether federal substantive law controls over state law in Miller Act cases. The ninth circuit has held that state law controls, at least as to subcontracts to which the United States is not a party. United States ex rel. Bldg. Rentals Corp. v. The Western Cas. and Sur. Co., 498 F.2d 335, 338 n.4 (9th Cir. 1974). Because the United States is not a party to the subcontract at issue, Alaska law controls.

Eide, Gingras & Pate P.C.<br>425 G Street, Suite 930<br>Anchorage, Alaska 99501<br>(907) 279-0930 telephone<br>(907) 279-0933 fax

**B.    The Subcontract Is A Unit Price Contract And, Because It Is An Integrated Contract, Its Terms May Not Be Modified Through Course of Conduct.**

GMW Fire Protection, Inc. ("GMW") does not appear to dispute that the subcontract as written is a unit-price contract or that the contract is an integrated contract. In its Opposition, GMW sets forth no arguments to contest either of these legal conclusions. Rather, GMW argues that the subcontract was modified by the conduct of the parties and that Kanag'iq waived its right to enforce the subcontract as written. As a matter of law, GMW is mistaken.

The subcontract is a unit price contract pursuant to the language of the subcontract and the law of contract interpretation. Kanag'iq incorporates the arguments on this issue in its underlying motion as if they were set forth in full. In further support of Kanag'iq's position is the fact that the delivery orders between the Government and Kanag'iq were based on unit prices and used a unit price schedule. [Exhibit H, Government Estimates for Delivery Order, Susitna Club] The corresponding document between Kanag'iq and GMW was also based on unit prices and used a unit price schedule. [Exhibit I, GMW Estimates for Delivery Order, Susitna Club] In addition, with regard to unit price items, Paragraph L of the provisions attached to and part of the subcontract states that any quantities mentioned are approximate only and subject to change as requested by the main contract and as ordered and directed by the contractor. [Exhibit B, p. 4, ¶ L]

In addition to being a unit price contract, the subcontract is an integrated contract. Specifically, the provisions of the subcontract provide in relevant part:

Reply to Opposition to Motion for Rule of Law and Partial Summary Judgment re Subcontract        Page 2 of 11
*The United States for the use of GMW Fire Protection v. Kanag'iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

Eide, Gingras & Pate P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

> No modifications of this agreement and no waiver of any rights under this SUBCONTRACT shall be valid or binding on the parties unless the same be in writing. Failure of the CONTRACTOR to insist upon strict performance of the SUBCONTRACT, or to exercise an option herein conferred in any one or more instances, shall not be construed to be a waiver of any such, or any other covenants or agreements, but the same shall be and remain in full force and effect.

[Exhibit B, p. 5, ¶ T] Thus, any modifications to or waiver of rights under the subcontract had to be in writing, and failure of Kanag'iq to insist upon strict performance of the subcontract did not constitute a waiver of its rights therein. Kanag'iq incorporates the arguments on this issue in its underlying motion as if they were set forth in full.

In its Opposition, GMW completely fails to address this particular language in the subcontract, instead citing a series of cases in which there is no such contract language. GMW provides no legal authority for circumventing this language in the subcontract in order to do precisely what the language proscribes: modify the contract other than in writing, create a waiver of rights on the part of Kanag'iq, and strip the subcontract of its full force and effect.

GMW cites several Alaska cases for the general proposition that parties to a contract can, by mutual agreement, modify a contract. Opposition at 14. In this case, however, there was no mutual agreement to modify the contract. GMW also cites a federal case in which the court held that the parties had modified the written contract through conduct by mutual agreement. <u>Matanuska Valley Farmers Coop. Ass'n v. Monaghan</u>, 188 F.2d 906 (9th Cir. 1951). In that case, however, there was no integration clause and the parties made no attempt to conform to the applicable part of the written

Eide, Gingras & Pate P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

Reply to Opposition to Motion for Rule of Law and Partial Summary Judgment re Subcontract    Page 3 of 11
*The United States for the use of GMW Fire Protection v. Kanag'iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

contract. Id. at 907-909.  The subcontract in the case at bar is an integrated contract and Kanag'iq has made an attempt to conform to the written unit price contract.  Thus, the parties did not modify the written contract by mutual agreement under Matanuska Valley.

In support of its general argument that a party may modify an integrated contract, GMW cites the Utah case, Davis v. Payne and Day, Inc., 348 P.2d 337 (Utah 1960). In Davis, a seller brought an action against a buyer to recover costs for building materials sold and delivered to the buyer.  Id. at 338.  However, no claims were made for any materials furnished under the written contract.  Id. at 339.  The claims were for materials furnished outside the written contract, and there was evidence that the parties had other contracts with similar provisions in which the seller had done the same thing and the buyer had paid him.  Id.  In the case at bar, the claims are for materials and services, the materials and services were furnished under the written contract rather than outside of it, and there is no evidence that the parties had other contracts with similar provisions in which the contract was modified through conduct and the defendant waived its rights despite explicit contract language to the contrary.  The application of Davis here is inapt.

In Alaska, integration clauses are honored and may even be implied when not explicit.  Alaska Diversified Contractors, Inc. v. Lower Kuskokwim Sch. Dist., 778 P.2d 581, 585 (Alaska 1989).  In that case there was no explicit integration clause but the court found the contract contained a clause that was the functional equivalent of an integration clause.  Id.  With regard to any waiver of rights under an integration clause, a waiver may only be implied where the course of conduct evidences an intention to waive a right, or

Eide, Gingras & Pate P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

Reply to Opposition to Motion for Rule of Law and Partial Summary Judgment re Subcontract          Page 4 of 11
The United States for the use of GMW Fire Protection v. Kanag'iq Construction Co., Inc., et al.
Case No. A05-170 Civil (TMB)

where neglect to insist upon the right results in a prejudice to another party. Milne v. Anderson, 576 P.2d 109, 112 (Alaska 1978). To prove implied waiver of a legal right in Alaska there must be direct, unequivocal conduct indicating a purpose to abandon or waive the right. In this case there was no direct, unequivocal conduct indicating a purpose on the part of Kanag'iq to waive any of its legal rights. To the contrary, Mr. Jury testified at his deposition that payments made to GMW were not agreed-upon contract amounts but were progress payments to get money to GMW, knowing that the Government would later make an official count and pass that on to Kanag'iq for purposes of unit price billing. [Exhibit J, p. 5; 141:5 and 157:21] Steve Frere, the Government engineer, similarly testified that the way the project was being run between Kanag'iq and GMW was very much the way the project was being run between the Government and Kanag'iq, that is "time pressure, getting it done, and we'll sort it out at the end of the survey." [Exhibit K, p. 2; 111: 8-13] Steve Frere also confirmed that he in fact started doing the survey in which the counts are made and in which Kanag'iq participated, which reflected the type of contract that it had with GMW. [Exhibit K, p. 2; 111: 17-20] Documents reflecting these counts and signed by Steve Frere are attached. [Exhibit L]

Furthermore, the subcontract explicitly states that failure of the contractor to insist upon strict performance of the subcontract does **not** constitute a waiver of any rights. [Exhibit B, p. 5, ¶ T (emphasis added)] Failure of the contractor to insist upon strict performance of the subcontract did **not** mean GMW could unilaterally re-write the terms upon which it originally agreed and to which is remained contractually bound. GMW

Eide, Gingras & Pate P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

Reply to Opposition to Motion for Rule of Law and Partial Summary Judgment re Subcontract    Page 5 of 11
*The United States for the use of GMW Fire Protection v. Kanag'iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

remained contractually bound by those terms pursuant to the main contract, its incorporation by reference into the subcontract, and the provisions of the subcontract regarding any modifications. Finally, assuming arguendo a failure to insist upon strict performance, such failure has resulted in prejudice, if any, not to another party but to Kanag'iq. Counterclaims, Count 1, ¶ 2.

There has been no waiver, express or implied, on the part of Kanag'iq with respect to any of its rights under the subcontract. The subcontract is a written integrated contract and is unambiguous. Where a claim or defense is predicated upon a written integrated contract that is unambiguous, the parol evidence rule may cut off the presentation of evidence that would otherwise raise factual issues and hence summary judgment may be appropriate. M/V Am. Queen v. San Diego Marine Const. Corp., 708 F.2d 1483, 1488 (9th Cir. 1983).

## C.    The Subcontract Was Extended By Option Pursuant To The Provisions of The Main Contract, Which Were Incorporated By Reference.

As discussed in the underlying motion, the subcontract specified that the subcontractor agreed to be bound by all provisions of the main contract, which provisions were incorporated by reference into the subcontract. [Exhibit B, p. 1, ¶ 2] GMW argues that Paragraph A of the provisions attached to and part of the subcontract fails to provide for extension of the subcontract. Paragraph A, however, is not relevant to this issue because the subcontract was extended by option pursuant to the provisions of the main contract, not pursuant to the provisions attached to and part of the subcontract. Even if

Eide, Gingras & Pate P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

Reply to Opposition to Motion for Rule of Law and Partial Summary Judgment re Subcontract        Page 6 of 11
*The United States for the use of GMW Fire Protection v. Kanag'iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

Paragraph A was relevant to this issue, it does not preclude extension of the subcontract. The "extent of the work herein subcontracted" was for a base year and was subject to the provisions of the main contract. [Exhibit B, p. 3, ¶ A and Exhibit B, p. 1, ¶ 3]

The provisions of the main contract included an option to extend the term of the contract beyond the base year, providing as follows:

### OPTION TO EXTEND THE TERM OF THE CONTRACT

For the purposes of this clause the blanks(s) is/are completed as follows:
(a)     within **15 days**
(b)     not to exceed **36 months**

[Exhibit A, p. 5 (emphasis original)]  Because the subcontract incorporated by reference **all** provisions of the main contract, it incorporated the provision regarding the option to extend the term of the contract.  It is undisputed that the Government exercised its option to extend the term of the contract in option year one (2001) and option year two (2002). [Exhibits F and G]  Because the extended term was now a provision of the main contract, the subcontract incorporated by reference the extended term and was thus extended with the main contract in option year one (2001) and option year two (2002).  Furthermore, GMW knew the subcontract was extended because GMW continued to perform.  GMW could not in good faith continue performance and assume different terms when the option to extend the main contract stated, "All other terms and conditions remain unchanged." [Exhibits F and G]

In its Opposition GMW argues that a subcontract's incorporation by reference of the provisions of a main contract includes only those clauses relating to the performance

Eide, Gingras & Pate P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

Reply to Opposition to Motion for Rule of Law and Partial Summary Judgment re Subcontract          Page 7 of 11
*The United States for the use of GMW Fire Protection v. Kanag'iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

of the work and the furnishing of materials, not indemnity clauses.  Reed v. Long, 327 F.2d 611 (6th Cir. 1964).  First, the case at bar does not involve an indemnity clause. Second, the contract language in Reed did not state that the subcontract incorporated by reference all provisions of the main contract.  Rather, the contract language stated that the subcontractor was bound only by certain provisions of the main contract.  Id. at 613. Third, the contract in Reed nonetheless stated that the subcontractor was to assume toward the contractor all the obligations and responsibilities that the contractor, by those same provisions of the main contract, assumed toward the owner.  Id.

In the case at bar, because the subcontract incorporated by reference all provisions of the main contract, GMW was to assume toward Kanag'iq all the obligations and responsibilities that Kanag'iq, by virtue of the main contract and its extended terms, assumed toward the Government.  The provision incorporated in this case is the term of the contract, not rights and remedies against the prime contractor.  Id.  Even if the provision incorporated involved rights and remedies against the prime contractor, Alaska law favors Kanag'iq.  Industrial Indem. Co. v. Wick Const. Co., 680 P.2d 1100, 1106 (Alaska 1984) (obligations as well as rights and remedies of the main contract passed through the conduit clause into the subcontract).  None of the cases cited by GMW preclude the subcontract's incorporation by reference of the provision of the main contract regarding extension.

Glen Johnson, the principal of GMW, has admitted that GMW's claims in their entirety are being made "under the contract."  With regard to GMW's Complaint,

Reply to Opposition to Motion for Rule of Law and Partial Summary Judgment re Subcontract        Page 8 of 11
*The United States for the use of GMW Fire Protection v. Kanag'iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

Eide, Gingras & Pate P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

Mr. Johnson testified as follows:

Q:    All right.    Looking at paragraph one on the first page [of the Complaint], I'd like you to read that paragraph out loud, please.

A:    This case arises out of defendant Kanag'iq's failure to pay for services rendered and materials supplied under a contract between GMW and Kanag'iq contract [sic].

Q:    Is that a true statement?

A:    Yes.

Q:    Turning the [sic] to the second page, looking at paragraph seven, towards the bottom, I'd like you to read that paragraph out loud, please.

A:    GMW provided the materials and fully performed the service as required under the contract with Kanag'iq yet there remains an outstanding balance owed by Kanag'iq to BMW under the contract of $533,848.77.

Q:    Is that a true statement?

A:    To the best of my ability.

Q:    Is that a yes?

A:    Yes.

Q:    Okay.    And this exercise won't go on much longer, so bear with me. Paragraph eight, would you read that out loud, please?

A:    GMW last performed labor or furnished material under its contract with Kanag'iq more than 90 days but less than one year prior to the filing of the complaint.

Q:    Is that a true statement?

A    Yes.

Q:    Okay.    And last but not least, paragraph 12, would you read that out loud please?

A:    The contract required Kanag'iq to pay GMW for services rendered and materials supplied.    Kanag'iq has failed to pay %33,848.77 [sic] owned (sic) under the contract?

Q:    Did you mean to say owed under the contract?

A:    Owed under the contract, excuse me.

Q:    Is that a true statement?

A:    Yes.

[Exhibit M, pp. 2-3; 16:18-25; 17:1-25; 18:1-16]    When GMW refers to the contract in these statements GMW can only mean the contract as extended.    GMW alleges it last

Eide, Gingras & Pate P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

Reply to Opposition to Motion for Rule of Law and Partial Summary Judgment re Subcontract                Page 9 of 11
*The United States for the use of GMW Fire Protection v. Kanag'iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

Eide, Gingras & Pate P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

performed labor or furnished materials under its contract with Kanag'iq more than ninety (90) days, but less than one year, prior to the filing of the Complaint on July 15, 2005. Complaint, pp. 2-3, ¶ 8. That time period includes option year one and option year two.[1] GMW makes a claim for damages allegedly owed under the contract, and the amount of damages alleged is for the extended terms of the contract, not just the base year. Complaint, p. 3, ¶ 12. GMW cannot in good faith argue that the contract as written did not extend beyond its base year and simultaneously seek damages under that contract for the base year, option year one, and option year two. GMW is claiming damages for the entire period under the contract as extended, but for more than the unit prices allowed thereunder. As a matter of law, the Court should interpret the contract as a unit price contract.

## CONCLUSION

In its Opposition GMW discusses deposition testimony with regard to the way the work was performed and business was conducted during the project at issue. That testimony is not relevant to a determination that the subcontract was a unit price contract and that its term was extended pursuant to the provisions of the main contract. At the end of its Opposition GMW summarily asserts a cross-motion with regard to this determination and argues that the Court should rule that the parties amended the contract

---

[1] The base year for the subcontract was from September 29, 2000 to September 29, 2001. [Exhibit B, p. 1, ¶ 3.] The options to extend were exercised by the Government in option year one (2001) and option year two (2002). [Exhibits F and G]

Reply to Opposition to Motion for Rule of Law and Partial Summary Judgment re Subcontract     Page 10 of 11
*The United States for the use of GMW Fire Protection v. Kanag'iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

and GMW is entitled to be paid accordingly.    The cross-motion is untimely and the

argument is without merit.  For the reasons discussed above, there is no genuine issue of

material fact regarding a determination that the subcontract was a unit price contract and

that its term was extended pursuant to the provisions of the main contract.  Kanag'iq is

entitled to judgment on these issues as a matter of law.

DATED at Anchorage, Alaska this 7th day of August 2006.

EIDE, GINGRAS & PATE, P.C.
Attorneys for Defendants
Kanag'iq Construction Co., Inc. and
Western Surety Company

By:____/s/Thomas S. Gingras_____
        Thomas S. Gingras
        425 G Street, Suite 930
        Anchorage, AK  99501
        Phone:  (907) 279-0930
        Fax:  (907) 279-0933
        E-mail:  thomas.gingras@egpalaska.com
        Alaska Bar No. 7811098

**CERTIFICATE OF SERVICE**

I am a legal secretary employed by the law
firm of Eide, Gingras & Pate, P.C.  That
on this 7th day of August 2006, I served by

        [x] Electronically

a true and accurate copy of the foregoing
document upon the following counsel of record:

Sarah J. Tugman, Esq.
2509 Eide Street, Suite 4
Anchorage, AK  99503

EIDE, GINGRAS & PATE, P.C.

By___/s/Donna Charter_____
        Donna Charter

F:\431\05\pleadings\mot rule of law reply.DOC

Eide, Gingras & Pate P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

Reply to Opposition to Motion for Rule of Law and Partial Summary Judgment re Subcontract        Page 11 of 11
*The United States for the use of GMW Fire Protection v. Kanag'iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)