UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| **THE UNITED STATES for the use of GMW Fire Protection, Inc., an Alaska Corporation** ) ) | | |
| Plaintiff, ) | Case No.  3:05-cv-170 TMB | |
| vs. ) ) | <u>O R D E R</u> | |
| **KANAG'IQ CONSTRUCTION CO., INC., an Alaska Corporation and WESTERN SURETY COMPANY, a South Dakota Corporation** ) ) ) ) ) ) | **(Request for Settlement Conference)** | |
| Defendant. ) ) | | |

   One or more of the parties to this case have requested a settlement conference. In preparation for the scheduling of a settlement conference before the Honorable James von der Heydt, each party shall on or before July 9, 2007 lodge with the chambers of Judge von der Heydt, under seal, a settlement conference memorandum in conformity with the attached appendix.  Counsel are instructed to lodge **only** the original memorandum with the settlement conference judge.  The settlement conference judge will undertake a preliminary review of the settlement conference memoranda.  A settlement conference will be scheduled only if, on the basis of these memoranda, it appears that there is a reason to believe that, with the assistance of the court, a settlement of the case can be negotiated.[1]

---

[1] The court has experienced many failed settlement conferences.  These failures appear by and large to be attributable to unrealistic case evaluation by counsel.  Efforts to settle cases where the parties are likely far apart in their evaluation of the case almost always fail.  The court does not intend to conduct settlement conferences in cases where, based upon positions taken in the settlement conference memoranda, it appears that one or both parties have taken an unrealistic position.  At the time of lodging a settlement conference memorandum, counsel simply must make a full disclosure of their best evaluation of the potential outcome of the case and what they are willing to take to settle it.  All of the strengths and weaknesses of one's case

     A party's settlement memorandum may not be disclosed to anyone without the party's consent and is not admissible in evidence.

     At any conference resulting from this order, all counsel shall appear with full authority to settle all issues of this litigation; and, if such is impossible to obtain, counsel shall have their clients, with full settlement authority, available in person or by telephone at the time of the settlement conference.

     DATED at Anchorage, Alaska, this 29th day of June, 2007.

     /s/ Timothy M. Burgess
TIMOTHY M. BURGESS
UNITED STATES DISTRICT COURT

---

must be discussed in the parties' settlement conference memoranda and be given appropriate effect in one's settlement position as to the worth of the case.

## APPENDIX

(1) Each counsel shall lodge, under seal, with the Chambers of Judge von der Heydt, a brief informal statement of his client's position regarding settlement. The strengths and weaknesses of one's position must be candidly disclosed and appraised.

(2) The statement required by paragraph (1) may not exceed twenty (20) pages (including attachments), double spaced on standard 8-1/2" x 11" paper.

(3) If plaintiff seeks monetary damages, a specific present reasonable dollar figure requested by plaintiff must be set forth. If plaintiff is unable to set forth such figure, the purpose of which is to aid the settlement judge in evaluating the case, a convincing statement must be included, stating the reasons that no such figure can be included.

(4) Defendant must set forth its present reasonable dollar figure offer. Likewise, if defendant is unable to set forth such figure, the purpose of which is to aid the settlement judge in evaluating the case, a convincing statement must be included, stating the reasons no such figure can be included.