IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE UNITED STATES for the use of GMW Fire Protection, Inc., an Alaska Corporation,<br><br>             Plaintiff,<br><br>vs.<br><br>KANAG'IQ CONSTRUCTION CO., INC., an Alaska Corporation and WESTERN SURETY COMPANY, a South Dakota Corporation,<br><br>             Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Case No. A05-170 Civil (TMB) |

## PROPOSED JOINT FINAL PRE-TRIAL ORDER

**(1)** **Draft Pre-Trial Order.**

    A.    **Brief description of the substance of each claim, affirmative defense, or cross- or counterclaim that remains to be decided, including the legal elements which a party is required to prove in order to establish each.**

**Plaintiff's Claims (per Plaintiff):**

Plaintiff asserts a Miller Act/non-payment of subcontractor claim. The elements of GMW's Miller Act are that: a contract was formed, whether by offer and acceptance, because of estoppel based on bid quotations, or based on a course of conduct; consideration; performance by GMW; and breach (failure to pay) by Kanag'iq. Alternatively, if there was no implied or express contract, GMW claims that it is entitled to recovery based on quantum meruit, the elements of which are: that GMW conferred a

benefit directly on Kanag'iq; that Kanag'iq knew it received, and that it retained the benefit; and that Kanag'iq's retention of the benefit would be unjust without compensating GMW.

### Defendants' Affirmative Defenses (per Defendants)

<u>First Affirmative Defense</u>:  Plaintiff's complaint fails to state a claim for which relief can be granted.

<u>Second Affirmative Defense</u>: Plaintiff's claims are barred in whole or in part because it fraudulently overbilled Kanag'iq for both services and materials allegedly provided by it, including specifically, but not limited to, the items installed in each and every building subject to the subcontract which did not match the amounts for which Kanag'iq was billed.  By way of example and not limitation, GMW overcharged Kanag'iq with respect to the sprinkler system.

<u>Third Affirmative Defense</u>:  Plaintiff's claims are barred in whole or in part by its own material breach of its obligations to Kanag'iq.

<u>Fourth Affirmative Defense</u>:  Plaintiff's claims are barred in whole or in part by failure of consideration.

<u>Fifth Affirmative Defense</u>:  Plaintiff's claims are barred in whole or in part because of its misrepresentations as to the value of the services and materials allegedly provided by it to Kanag'iq.

<u>Sixth Affirmative Defense</u>:  Investigation and discovery are ongoing and defendants reserve the right to assert any additional affirmative defenses made available

Eide & Gingras, P.C. / 425 G Street, Suite 930 / Anchorage, Alaska 99501 / (907) 279-0930 telephone / (907) 279-0933 fax

to them as a result of such additional investigation and discovery.

**Defendants' Counterclaims (per Defendants):**

<u>Count I</u>: Breach of Contract. Kanag'iq alleges that GMW overbilled Kanag'iq under the terms of the contract and, as a result, Kanag'iq overpaid GMW in the amount of at least $368,889.24. Kanag'iq must prove: (i) GMW is under a duty of performance to bill Kanagi'q under the terms of the contract, (ii) this duty has not been discharged, and (iii) damages as a result of the breach..

<u>Count II</u>: Breach of the Covenant of Good Faith and Fair Dealing. Kanag'iq alleges that GMW knowingly billed Kanag'iq in excess of amounts owed under the contract. Kanag'iq must prove: (i) GMW had a duty of good faith and fair dealing in its performance and enforcement of the contract, (ii) this duty has not been discharged, and (iii) damages as a result of the breach..

<u>Count III</u>: Unfair Trade Practices. Kanag'iq alleges, pursuant to AS 45.50.471 *et seq.*, that GMW engaged in an unfair trade practice by overbilling Kanag'iq for services and materials provided. Kanag'iq alleges GMW mislead or deceived it with respect to the accuracy of its invoices, the value of services or materials provided, or the right conferred under the contract -- whether or not there was an intent to mislead or deceive. Kanag'iq must prove: (i) GMW engaged in trade or commerce, and (ii) in the conduct of trade or commerce, an unfair act or practice has occurred.

//

//

Proposed Joint Final Pre-Trial Order
*The United States for the use of GMW Fire Protection v. Kanag'iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

Page 3 of 8

Eide & Gingras, P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

**B.     Statement of all relief sought.**

<u>**Plaintiff**</u> **(per Plaintiff) seeks the following relief:**

Plaintiff seeks to be paid the amounts it billed Kanag'iq during the contract and all damages naturally arising from Kanag'iq's failure to pay as agreed, as well as interest and attorney fees.

<u>**Defendants**</u> **(per Defendants) seek the following relief:**

1. Judgment against GMW for Kanag'iq in the amount of at least $287,577.12, the amount overpaid by Kanag'iq that is a portion of what GMW overbilled;

2. An award of treble damages to Kanag'iq of approximately $862,731.36 pursuant to AS 45.40.531;

3. That they be awarded their costs, interest (as to Kanag'iq) with respect to the counterclaims, and attorneys' fees;

4. Dismissal, with prejudice, of GMW's claims against them and that GMW take nothing thereby; and

5. Such other and further relief as the court deems appropriate under the circumstances.

**C.     Statement of Uncontested Facts.**

This is a construction contract case. In May 2000, the United States entered into a government contract (main contract) with Kanag'iq to construct fire alarm and sprinkler systems at Elmendorf Air Force Base in Anchorage. In October 2000, Kanag'iq entered

Eide & Gingras, P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

into a subcontract with GMW to furnish and perform work on the fire protection construction project at Elmendorf.

Kanag'iq is the principal on a payment bond required by the government in such contracts. The payment bond is to protect persons supplying labor and material in carrying out the work provided for on the construction project. Co-Defendant Western Surety Company is the surety on the bond. Within this factual background, the following additional facts are not disputed:

(1) the main contract was written as a unit price contract;
(2) the term of the main contract: the base year for the main contract was September 29, 2000 to September 29, 2001;
(3) the written terms of the main contract;
(4) the main contract included an option to extend the term of the contract beyond the base year, not to exceed 36 months;
(5) GMW last performed labor or furnished materials under its Contract with Kanag'iq more than 90 days, but less than one year, prior to the filing of the complaint;  [7-15-05]
(6) Kanag'iq paid GMW a total of between $1,588,856.94 and $1,594,788.44.

**D.  List of all factual issues which remain to be tried, stating the issues with the same generality/specificity as any contested elements in the relevant jury instructions, organized by counts.**

<u>Per Plaintiff</u>: The principal factual issue to be tried is the dispute with respect to the terms of the contract, if any, which existed between the contractor and the subcontractor and the amounts due between them as a result of GMW's performance of work and provisions of materials at Elmendorf Air Force Base. The dispute is summarized in the summary judgment briefing already ruled upon by this Court.

Proposed Joint Final Pre-Trial Order  
*The United States for the use of GMW Fire Protection v. Kanag'iq Construction Co., Inc., et al.*  
Case No. A05-170 Civil (TMB)

Page 5 of 8

<u>Per Defendants</u>: The parties disagree on the type and term of the subcontract. Specifically, Kanag'iq claims the subcontract is a unit-price contract, while GMW claims it provided a lump sum price for each delivery order. In addition, Kanag'iq claims the term of the subcontract was extended beyond the base year by incorporation of the main contract, while GMW claims the term of the contract was not extended beyond the base year.

GMW alleges that Kanag'iq has failed to pay $533,848.77 allegedly owed under the subcontract. Kanag'iq denies the allegations and further alleges that GMW overbilled Kanag'iq. As a result of the overbillings, Kanag'iq alleges it overpaid GMW in the amount of at least $287,577.12. Kanag'iq alleges GMW misled or deceived it with respect to the accuracy of its invoices, the value of services or materials provided or the rights conferred under the contract. The following facts are disputed with respect to the subcontract and performance under the subcontract:

(1) type of contract (is the subcontract a unit-price contract?)
(2) term of contract (was the subcontract extended, by its terms, with the main contract?)
(3) terms of subcontract - how the subcontract should be interpreted, i.e., whether the subcontract is an integrated contract pursuant to the contract language and whether it is intended to describe the final and complete expression of the parties' entire agreement, and may not be modified through course of conduct.
(4) question of contract modification (was the subcontract modified through conduct?)
(5) accounting/billing practices of GMW (whether GMW overbilled Kanag'iq)
(6) damages: amounts owed by one party to the other party under the subcontract

Proposed Joint Final Pre-Trial Order
*The United States for the use of GMW Fire Protection v. Kanag'iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

Page 6 of 8

(7) treble damages: whether GMW violated Alaska's Unfair Trade Practices and Consumer Protection Act [AS 45.50.531]

E.  An exhibit list in numerical order in the format provided at Appendix E 1 hereto, including a brief description of the exhibit and Bates number, a column for when it is offered in evidence, a column for when it is received in evidence, and a column for any limitations on its use.

Appendix E:  Exhibit List

F.  Each party's separate witness list for its case-in-chief (including those appearing by deposition) providing, for all such witnesses other than an individual plaintiff and an individual defendant, a short, specific statement of the substance of his/her testimony sufficient to give opposing counsel an adequate basis for developing cross-examination

Appendix F:  Witness List for Each Party

DATED at Anchorage, Alaska this 28th day of November 2007.

EIDE & GINGRAS, P.C.
Attorneys for Defendants
Kanag'iq Construction Co., Inc. and
Western Surety Company

By:  /s/Thomas S. Gingras
Thomas S. Gingras
425 G Street, Suite 930
Anchorage, AK  99501
Phone:  (907) 279-0930
Fax:  (907) 279-0933
E-mail:  thomas.gingras@egpalaska.com
Alaska Bar No.:  7811098

//

//

//

//

Proposed Joint Final Pre-Trial Order
*The United States for the use of GMW Fire Protection v. Kanag'iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

Page 7 of 8

Eide & Gingras, P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

DATED at Anchorage, Alaska this 28th day of November 2007.

SARAH J. TUGMAN, ESQ.
Attorney for Plaintiff
GMW Fire Protection, Inc.

By:   /s/Sarah J. Tugman   (consent)
Sarah J. Tugman
2509 Eide Street, Suite 4
Anchorage, AK  99503
Phone:  (907) 677-7889
Fax:      (907) 6779188
E-mail:  sjtugman@gci.net
Alaska Bar No. 8310101

**CERTIFICATE OF SERVICE**

I am employed by the law
firm of Eide & Gingras, P.C.  That on this
28th day of November 2007, I served

    [x] Electronically

a true and accurate copy of the foregoing
document upon the following counsel of record:

Sarah J. Tugman, Esq.
2509 Eide Street, Suite 4
Anchorage, AK  99503

EIDE & GINGRAS, P.C.

By   /s/Debby J. (Lee) Allen
         Debby J. (Lee) Allen

F:\431\05\pleadings\joint proposed pretrial order.DOC

Eide & Gingras, P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

Proposed Joint Final Pre-Trial Order
*The United States for the use of GMW Fire Protection v. Kanag'iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

Page 8 of 8