IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

THE UNITED STATES for the use of )
GMW Fire Protection, Inc., an Alaska )
Corporation, )
                                    Plaintiff, )
  vs. )
KANAG'IQ CONSTRUCTION CO., )
INC., an Alaska Corporation and )
WESTERN SURETY COMPANY, a )
South Dakota Corporation, )
                                 Defendants. )    Case No. A05-170 Civil (TMB)
_____)

**RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EXHIBITS**

Defendants, pursuant to the Pretrial Order and the Federal Rules of Evidence, respond to Plaintiff's objections to their exhibits as follows:

<u>Exhibit C</u>.   The bid price attached to the subcontract in Defendants' Exhibit C is believed to be the attachment to the subcontract as entered into between the parties. The attachment to the subcontract in Defendants' Exhibit C is the same as Plaintiff's Exhibit 8.  Page nine of that document, essentially blank, is missing in both Plaintiff's and Defendants' exhibits.  A copy of page nine is attached, to be included in Plaintiff's Exhibit 8 and Defendants' Exhibit C.

<u>Exhibit D</u>.   The Affidavit of Thomas F. Johnson, Jr. is admissible non-hearsay because it is an admission against interest.  Federal Rule of Evidence 804(b)(3).

Eide & Gingras, P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

Response to Plaintiff's Objections to Defendants' Exhibits        Page 1 of 5
*The United States for the use of GMW Fire Protection v. Kanag'iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

Exhibit F. Contrary to Plaintiff's objection, Exhibit F is a fully executed document. Item "E" on the first page of the document indicates that the contractor is not required to sign the document. The government contracting officer did sign and date the document, as required. Thus, the document is a fully executed document.

Exhibit G. Contrary to Plaintiff's objection, Exhibit G is a fully executed document. Item "E" on the first page of the document indicates that the contractor is not required to sign the document. The government contracting officer did sign and date the document, as required. Thus, the document is a fully executed document.

Exhibit J. Defendants do not object to a provision that the exhibit contains various parts of the main contract between the government and Kanag'iq.

Exhibit M. First, these documents are admissible as records of Kanag'iq and the government, as to communications between them about the contract, kept in the course of a regularly conducted business activity, an exception to the hearsay rule. Kanag'iq will authenticate the documents. Federal Rule of Evidence 803(6). Second, these documents are admissible as non-hearsay because they are prior statements by witnesses and the declarants will testify at trial, authenticate the written statements, and be subject to cross-examination. Federal Rule of Evidence 801(d)(1). Third, these documents are relevant as they concern the contract, the subcontract, and the dispute between GMW and Kanag'iq. The probative value of the documents is not outweighed by any danger of

Response to Plaintiff's Objections to Defendants' Exhibits  
*The United States for the use of GMW Fire Protection v. Kanag'iq Construction Co., Inc., et al.*  
Case No. A05-170 Civil (TMB)

Page 2 of 5

Eide & Gingras, P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

confusion or waste of time, particularly since the statements are straightforward and small in number. Federal Rules of Evidence 401, 402, 403.

<u>Exhibit N</u>. These documents are admissible as records or data compilations kept in the course of a regularly conducted business activity, an exception to the hearsay rule. Kanag'iq will authenticate the documents. Federal Rule of Evidence 803(6). These documents are also admissible as the contents of voluminous writings that cannot conveniently be examined in court and are thus presented in the form of a chart, summary, or calculation. Kanag'iq will authenticate the documents. The originals, or duplicates, shall be made available for examination or copying, if necessary. Federal Rule of Evidence 1006.

<u>Exhibit P</u>. These documents are admissible as records or data compilations kept in the course of a regularly conducted business activity, an exception to the hearsay rule. Kanag'iq will authenticate the documents. Federal Rule of Evidence 803(6). These documents are also admissible as the contents of voluminous writings that cannot conveniently be examined in court and are thus presented in the form of a chart, summary, or calculation. Kanag'iq will authenticate the documents. The originals, or duplicates, shall be made available for examination or copying, if necessary. Federal Rule of Evidence 1006.

<u>Exhibit Q</u>. Defendants do not object to a provision that the exhibit contains various parts of the main contract between the government and Kanag'iq. Contrary to

Response to Plaintiff's Objections to Defendants' Exhibits  
*The United States for the use of GMW Fire Protection v. Kanag'iq Construction Co., Inc., et al.*  
Case No. A05-170 Civil (TMB)

Page 3 of 5

Eide & Gingras, P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

Plaintiff's objection, all documents are fully executed. Item "E" on the first page of the first modification of contract indicates that the contractor is not required to sign the document. The government contracting officer did sign and date the document, as required. Thus, the document is a fully executed document.

<u>Exhibit W</u>.   Defendants withdraw Exhibit W.

<u>Exhibit Z</u>.   These documents are admissible as records kept in the course of a regularly conducted business activity, an exception to the hearsay rule. Kanag'iq will authenticate the documents. Federal Rule of Evidence 803(6).

<u>Exhibit AG</u>.  These documents are admissible as records or data compilations kept in the course of a regularly conducted business activity, an exception to the hearsay rule. Kanag'iq will authenticate the documents. Federal Rule of Evidence 803(6). These documents are also admissible as the contents of voluminous writings that cannot conveniently be examined in court and are thus presented in the form of a chart, summary, or calculation. Kanag'iq will authenticate the documents. The originals, or duplicates, shall be made available for examination or copying, if necessary. Federal Rule of Evidence 1006.

DATED at Anchorage, Alaska this 10th day of December 2007.

EIDE & GINGRAS, P.C.
Attorneys for Defendants
Kanag'iq Construction Co., Inc. and
Western Surety Company

By:   /s/Thomas S. Gingras
      Thomas S. Gingras

Response to Plaintiff's Objections to Defendants' Exhibits                            Page 4 of 5
*The United States for the use of GMW Fire Protection v. Kanag'iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

Eide & Gingras, P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

425 G Street, Suite 930
Anchorage, AK  99501
Phone:  (907) 279-0930
Fax:  (907) 279-0933
E-mail:  thomas.gingras@egpalaska.com
Alaska Bar No.:  7811098

**CERTIFICATE OF SERVICE**

I am a legal secretary employed by the law firm of Eide & Gingras, P.C.  That on this 10th day of December 2007, I served

    [x] Electronically

a true and accurate copy of the foregoing document upon the following counsel of record:

Sarah J. Tugman, Esq.
2509 Eide Street, Suite 4
Anchorage, AK  99503

EIDE & GINGRAS, P.C.

By   /s/Donna Charter
    Donna Charter

F:\431\05\pleadings\Response re Ojections to Exhs.DOC

Response to Plaintiff's Objections to Defendants' Exhibits
*The United States for the use of GMW Fire Protection v. Kanag'iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

Page 5 of 5