IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE UNITED STATES for the use of GMW Fire Protection, Inc., an Alaska Corporation,<br><br>               Plaintiff,<br><br>vs.<br><br>KANAG'IQ CONSTRUCTION CO., INC., an Alaska Corporation and WESTERN SURETY COMPANY, a South Dakota Corporation,<br><br>               Defendants. | <br><br><br><br><br><br><br><br><br><br>Case No. A05-170 Civil (TMB) |

## **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE**

Defendants, KANAG'IQ CONSTRUCTION CO., INC. and WESTERN SURETY COMPANY ("Kanag'iq"), by and through their counsel, Eide & Gingras, P.C., submit their opposition to Plaintiff's Motion in Limine.

### STATEMENT OF UNCONTESTED FACTS

The facts set forth below are the uncontested facts as submitted to the Court in the Proposed Joint Pre-Trial Order. To the extent Plaintiff's Motion in Limine sets forth additional background facts, most of those facts are disputed. Many of the facts, both disputed and undisputed, are also set forth in the briefing with respect to earlier dispositive motion practice in this case.

Defendants' Opposition to Plaintiff's Motion in Limine         Page 1 of 6
*The United States for the use of GMW Fire Protection v. Kanag'iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

Eide & Gingras, P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

This is a construction contract case. In May 2000, the United States entered into a government contract (main contract) with Kanag'iq to construct fire alarm and sprinkler systems at Elmendorf Air Force Base in Anchorage. In October 2000, Kanag'iq entered into a subcontract with GMW to furnish and perform work on the fire protection construction project at Elmendorf.

Kanag'iq is the principal on a payment bond required by the government in such contracts. The payment bond is to protect persons supplying labor and material in carrying out the work provided for on the construction project. Co-Defendant Western Surety Company is the surety on the bond. Within this factual background, the following additional facts are not disputed:

1. the main contract was written as a unit price contract;

2. the term of the main contract: the base year for the main contract was September 29, 2000 to September 29, 2001;

3. the written terms of the main contract;

4. the main contract included an option to extend the term of the contract beyond the base year, not to exceed thirty-six (36) months;

5. GMW last performed labor or furnished materials under its Contract with Kanag'iq more than ninety (90) days, but less than one (1) year, prior to the filing of the complaint; [July 15, 2005]

6. Kanag'iq paid GMW a total of between One Million Five Hundred Eighty-Eight Thousand Eight Hundred Fifty-Six Dollars and Ninety-Four Cents ($1,588,856.94) and One Million Five Hundred Ninety-Four Thousand Seven Hundred Eighty-Eight Dollars and Forty-Four Cents ($1,594,788.44).

Defendants' Opposition to Plaintiff's Motion in Limine                                Page 2 of 6
*The United States for the use of GMW Fire Protection v. Kanag'iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

Eide & Gingras, P.C. | 425 G Street, Suite 930 | Anchorage, Alaska 99501 | (907) 279-0930 telephone | (907) 279-0933 fax

# DISCUSSION

A. **Because Plaintiff's Motion In Limine Is Actually A Dispositive Motion On The Issue Of The Unfair Trade Practices Act, The Motion Is Disingenuous, Untimely, And Should Be Denied.**

Alaska's Unfair Trade Practices Act ("the Act") provides that unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce are declared to be unlawful. AS 45.50.471(a). The Act then elaborates upon what constitutes unfair or deceptive acts, which include using or employing deception, fraud, or misrepresentation. AS 45.50.471(a)(12). The Alaska Supreme Court has held that there need be no intent to deceive. See Kenai Chrysler Center, Inc. v. Denison, 167 P.3d 1240, 1255 (Alaska 2007). All that is required is that the act or practice has the capacity to deceive. Id. Kanag'iq alleges, pursuant to AS 45.50.471 et seq., that GMW violated the Act by over-billing Kanag'iq for services and materials provided. Specifically, Kanag'iq alleges GMW engaged in an unfair trade practice when it misled or deceived Kanag'iq with respect to the accuracy of its invoices, the value of services or materials provided, or the rights conferred under the contract. Plaintiff seeks to preclude Kanag'iq from introducing evidence related to GMW's alleged violation of the Act by filing its Motion in Limine.

First, the underlying motion is disingenuous. The motion is, in effect, a motion for summary judgment on the issue of GMW's alleged violation of Alaska's Unfair Trade Practices Act in this matter. While styled a motion in limine, the motion seeks not

Eide & Gingras, P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

Defendants' Opposition to Plaintiff's Motion in Limine                                    Page 3 of 6
*The United States for the use of GMW Fire Protection v. Kanag'iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

to limit evidence with regard to a particular claim but to dispose of the claim altogether. As such, the motion is not an evidentiary motion -- it is a dispositive motion.

Second, the deadline for dispositive motions under the Court's Scheduling and Planning Order was thirty (30) days from the close of discovery. [Order, p. 4] The close of discovery was May 18, 2006. [Order, p. 2] Thus, the deadline for dispositive motions was June 19, 2006. That deadline has long passed. The underlying motion, dispositive in nature, is thus untimely and should be denied.

B.  **Because There Is Enough Evidence To Create A Genuine Issue Of Material Fact As To Whether GMW Violated The Unfair Trade Practices Act, Plaintiff's Motion Should Be Denied.**

Even if the motion is not considered dispositive and barred as being untimely, Kanag'iq needs only to present enough evidence to establish a genuine issue of material fact on the issue of whether GMW violated the Act in order for the claim to survive. To the extent there is any question as to whether the Act applies to this matter, the Alaska Supreme Court has held that Alaska's Unfair Trade Practices Act applies to business transactions as well as to consumer transactions. See Western Star Trucks, Inc. v. Big Iron Equipment Service, Inc., 101 P.3d 1047 (Alaska 2004). While the sale of real property is not within the regulatory scope of the Act, the contract in this case did not involve the sale of real property. Id. at 1051. Rather, the contract in this case involved goods and services and is thus squarely within the regulatory scope of the Act. Id. at 1051-1053.

Defendants' Opposition to Plaintiff's Motion in Limine
*The United States for the use of GMW Fire Protection v. Kanag'iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

Page 4 of 6

GMW argues the evidence is insufficient to establish a claim under the Act. [Motion in Limine, p. 9, ¶ 2]  GMW is mistaken.  Attached is the Affidavit of William Jury, owner of Kanag'iq, which attests to the fact that Kanag'iq was deceived by GMW's billing practices.  [Exhibit A, Affidavit of William Jury]  Plaintiff's argument that there is insufficient evidence to establish any such claim is without merit.  Because there is a genuine issue of material fact with regard to whether GMW committed an unfair trade practice and violated the Act, the question is one for the jury.

GMW summarily argues that overcharging by one party to a contract does not rise to the level of an unfair trade practice, citing Hudson River Cruises, Inc. v. Bridgeport Drydock Corp., 892 F. Supp. 380 (D. Conn. 1994).  Hudson River, however, concerned a maritime matter involving an oral contract, and the findings were fact-specific.  Id. at 382-383.  The court explicitly stated that the allegations were without merit "in light of the following factual findings. . . ." Id. at 387.  Whether overcharging by one party to a contract rises to the level of an unfair trade practice depends on the particular facts of the case.  Therefore, the question is one for the jury and the underlying motion should be denied.

## CONCLUSION

First, Plaintiff's Motion in Limine seeks to dispose of Defendants' claim pursuant to Alaska's Unfair Trade Practices Act.  As such, the motion is dispositive rather than evidentiary in nature and is thus untimely.  Second, the Act applies to this case because it

Eide & Gingras, P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

Defendants' Opposition to Plaintiff's Motion in Limine                                                              Page 5 of 6
*The United States for the use of GMW Fire Protection v. Kanag'iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

involves transactions between businesses, unrelated to the sale of real property. Finally, there is enough evidence to establish a genuine issue of material fact as to whether GMW violated the Act. For all of these reasons, Plaintiff's Motion in Limine should be denied.

DATED at Anchorage, Alaska this 17th day of December 2007.

EIDE & GINGRAS, P.C.
Attorneys for Defendants
Kanag'iq Construction Co., Inc. and
Western Surety Company

By:   /s/Thomas S. Gingras
        Thomas S. Gingras
        425 G Street, Suite 930
        Anchorage, AK  99501
        Phone:  (907) 279-0930
        Fax:  (907) 279-0933
        E-mail:  thomas.gingras@egpalaska.com
        Alaska Bar No.:  7811098

**CERTIFICATE OF SERVICE**

I am a legal secretary employed by the law firm of Eide & Gingras, P.C. That on this 17th day of December 2007, I served

[x] Electronically

a true and accurate copy of the foregoing document upon the following counsel of record:

Sarah J. Tugman, Esq.
2509 Eide Street, Suite 4
Anchorage, AK  99503

EIDE & GINGRAS, P.C.

By   /s/Donna Charter
        Donna Charter

F:\431\05\pleadings\Opp to Motion in Limine (Unfair Trade Practices).DOC

Defendants' Opposition to Plaintiff's Motion in Limine                                    Page 6 of 6
*The United States for the use of GMW Fire Protection v. Kanag'iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)