Eide & Gingras, P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE UNITED STATES for the use of GMW Fire Protection, Inc., an Alaska Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KANAG'IQ CONSTRUCTION CO., INC., an Alaska Corporation, and WESTERN SURETY COMPANY, a South Dakota Corporation,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Case No. A05-170 CI (TMB) |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants, KANAG'IQ CONSTRUCTION CO., INC. and WESTERN SURETY COMPANY, by and through their counsel, Eide & Gingras, P.C., file their Proposed Jury Instructions. The last six proposed jury instructions are conditional instructions only. To the extent that the issues in those instructions go to the jury, Kanag'iq requests that the Court use those conditional instructions.

DATED at Anchorage, Alaska this 2nd day of January 2008.

EIDE & GINGRAS, P.C.
Attorneys for Defendants
Kanag'iq Construction Co., Inc.
And Western Surety Company

By:    s/Thomas S. Gingras
Thomas S. Gingras
425 G Street, Suite 930

Defendants' Proposed Jury Instructions
*The United States for the use of GMW Fire Protection v. Kanag'iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

Page 1 of 2

Anchorage, AK  99501
Phone:   (907) 279-0930
Fax:      (907) 279-0933
E-mail:  tsgingras@egpalaska.com
Alaska Bar No. 7811098

**CERTIFICATE OF SERVICE**

I am a legal secretary employed by the law firm of Eide & Gingras, P.C.  That on this 2nd day of January 2008, I served

　　　　　[x] Electronically

a true and accurate copy of the foregoing document upon the following counsel of record:

Sarah J. Tugman, Esq.
2509 Eide Street, Suite 4
Anchorage, AK  99503

EIDE & GINGRAS, P.C.

By___/s/Donna Charter_____

F:\431\05\Trial Documents\Jury Instructions Cover.DOC

**Eide & Gingras, P.C.**
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

Defendants' Proposed Jury Instructions
*The United States for the use of GMW Fire Protection v. Kanag'iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

Page 2 of 2

## DEFENDANTS' JURY INSTRUCTION NO. 1

Kanag'iq claims that it was damaged because GMW committed an unfair or deceptive act or practice. Kanag'iq claims that the following acts or practices were unfair or deceptive:

GMW misled or deceived Kanag'iq with respect to the accuracy of its invoices, the value of materials or services as provided, or the rights conferred under the contract. Specifically, GMW overbilled Kanag'iq for materials and services provided and Kanag'iq overpaid GMW.

As to this practice, you must determine that it is more likely true than not true:

1.    that GMW engaged in an unfair or deceptive act or practice;

2.    that the act or practice occurred in the conduct of trade or commerce; and

3.    that Kanag'iq suffered an ascertainable loss of money or property as a result of the deceptive or unfair act or practice.

The instructions that follow will explain how to make this determination.

APCJI 10.01A modified

## DEFENDANTS' JURY INSTRUCTION NO. 2

Trade or commerce means advertising, offering for sale, selling, renting, leasing, or distributing any services, property, or any other thing of value.

**DEFENDANTS' JURY INSTRUCTION NO. 3**

An act or practice is deceptive if it can be interpreted in a misleading way. The plaintiff is not required to show that the defendant intended to deceive anyone.

APCJI 10.03A

## DEFENDANTS' JURY INSTRUCTION NO. 4

Kanag'iq claims that it was damaged because GMW committed an unfair or deceptive act or practice by engaging in conduct creating a likelihood or misunderstanding which misleads, deceives, or damages a buyer in connection with the sale of goods or services. To decide this claim, you must determine that it is more likely true than not true:

1.  that GMW misled or deceived Kanag'iq with respect to the accuracy of its invoices, the amount due under the contract, the value of materials or services provided, or the rights conferred under the contract;

2.  that GMW was engaged in trade or commerce at the time it engaged in the above practices; and

3.  that Kanag'iq suffered an ascertainable loss of money or property as a result of the deceptive or unfair practices.

APCJI 10.01B modified

## DEFENDANTS' JURY INSTRUCTION NO. 5

In deciding whether an act or practice is unfair, you should consider the following factors:

1.   whether the act or practice offends public policy, that is, whether it falls within some existing concept of unfairness that society has established through law or otherwise;

2.   whether the act or practice is immoral, unethical, oppressive, or unscrupulous; and

3.   whether the act or practice causes substantial injury to businesses. "Substantial injury" is injury that is not trivial or speculative, but involves monetary harm or unwarranted health and safety risks. Substantial injury can occur if a relatively small amount of harm is inflicted on a large number of businesses, or if a greater harm is inflicted on a relatively small number of businesses.

Unfairness may be found because of the degree to which the act or practice meets one or more of these factors. An act or practice may be unfair even though it is not deceptive.

APCJI 10.03B modified

## DEFENDANTS' JURY INSTRUCTION NO. 6

If you find that GMW has violated Alaska's Unfair Trade Practices Act, you must then decide how much money will fairly compensate Kanag'iq for the losses cause by that violation.

In deciding that question, you may consider any overpayment which Kanag'iq made to GMW and award that amount as damages.

## DEFENDANTS' JURY INSTRUCTION NO. 7

The evidence should be evaluated not only by its own intrinsic weight but also according to the evidence which is in the power of one party to produce and of the other party to contradict.  If weaker and less satisfactory evidence is offered when it appears that stronger and more satisfactory evidence was within the power of one party to produce, the evidence offered should be viewed with caution.

APCJI 02.23

## DEFENDANTS' JURY INSTRUCTION NO. 8

You are instructed that a bonding company is not an insurance company.  If you award any money damages against the bonding company named as a party in this action, that bonding company will seek reimbursement in full from Kanag'iq and Mr. William Jury personally.

## DEFENDANTS' JURY INSTRUCTION NO. 9

In this case, the Plaintiff GMW Fire Protection, Inc. claims that GMW and the Defendant Kanag'iq Construction Co., Inc. disagree about the terms of a contract

The law does not enforce all promises; it enforces those promises, made by one person to another person, which are part of a contract. You must decide whether there was a contract between GMW and Kanag'iq.

To find that there was a contract, you must decide that it is more likely true than not true:

1.  that both GMW and Kanag'iq gave something of value or promised to give something of value in exchange for what the other gave or promised; and

2.  that both GMW and Kanag'iq agreed to the essential terms and conditions of what each gave or what each promised to give the other. Agreement as to these essential terms may be implied from conduct or words. The law does not require that the conduct or words be in any special form.

If you decide that both things are more likely true than not true, then there was a contract, and you must decide some additional things that I will explain to you.

Otherwise, you must decide that GMW and Kanag'iq did not form a contract.

APCJI 24.01A modified

## DEFENDANTS' JURY INSTRUCTION NO. 10

Kanag'iq claims that GMW did not keep GMW's promise to perform according to the written contract.

For Kanag'iq to win on this claim, you must decide that it is more likely true than not true that GMW failed to keep its promise. Otherwise, you must decide for GMW on the contract claim.

If you decide that it is more likely true than not true that GMW failed to keep its promise, then you must return a verdict for Kanag'iq and decide the amount of Kanag'iq's damages. I will tell you how to do this in a moment.

APCJI 24.03 modified

## DEFENDANTS' JURY INSTRUCTION NO. 11

If you find in favor of Kanag'iq, you must then decide how much money, if any, would fairly compensate Kanag'iq for GMW's failure to keep its promise. In order to fairly compensate Kanag'iq, your award should put Kanag'iq in the same position that Kanag'iq would have been in if GMW had kept its promise.

To make an award for any loss claimed by Kanag'iq, you must find that:

1. Kanag'iq has shown the amount of the loss with reasonable certainty; and

2. when the promise was made, GMW had reason to foresee that the loss would be a probable result if GMW failed to keep the promise. GMW has reason to foresee that a loss would be a probable result if either (a) the loss follows in the ordinary course of events from a failure to keep the promise, or (b) the loss follows from special circumstances which GMW had reason to know about when the promise was made.

Now I will explain to you how to measure damages requested by Kanag'iq so that Kanag'iq will be in the same position that Kanag'iq would have been in if GMW had kept its promise.

APCJI 24.09A modified

**DEFENDANTS' JURY INSTRUCTION NO. 12**

Kanag'iq suffered a loss of money or property if it received something other than what it bargained for.  Kanag'iq's loss is ascertainable if it is measurable even though the precise amount of the loss is not known.

## DEFENDANTS' JURY INSTRUCTION NO. 13

Now I will instruct you on the implied promise of good faith and fair dealing.

In every contract, there is an implied promise of good faith and fair dealing. This means that each party promises not to do anything to destroy or injure the right of the other party to receive the benefits of the contract. The implied promise of good faith and fair dealing does not modify the express terms of the contract by adding terms to the contract or prohibiting what the contract explicitly permits.

GMW violated the implied promise of good faith and fair dealing if you find that it is more likely true than not true that GMW deprived Kanag'iq of a benefit of the contract:

1.    intentionally; or

2.    by acting in a manner that a reasonable person would regard as unfair.

APCJI 24.15 modified

**DEFENDANTS' CONDITIONAL JURY INSTRUCTION NO. 14**

In this case, the parties agree that they entered into a contract. GMW claims that after this contract was made, the parties agreed to change the terms of the original contract.

To find that the terms of the original contract were changed, you must decide that it is more likely true that not true:

1.    that GMW gave or promised to give Kanag'iq something of value in exchange for that party agreeing to the change in the terms of the original contract; and

2.    that both parties agreed to the change in terms. An agreement may be implied from conduct or words. The law does not require that the conduct or words be in any special form.

If you decide that both of these things are more likely true than not true, then the parties changed their original contract.

Otherwise, the parties did not change their original contract.

APCJI 24.02 modified

## DEFENDANTS' CONDITIONAL JURY INSTRUCTION NO. 15

In this case GMW and Kanag'iq agree that they entered into a contract. However, GMW claims that, under the contract, Kanag'iq promised to perform according to unit price schedules. GMW admits that this promise was originally made, but claims that the contract terms were modified after the project began. You must decide whether this promise was made as part of the contract. A promise may be implied from conduct or words. The law does not require that the conduct or words be in any special form.

To find that a promise was made as part of the contract you must decide that it is more likely true than not true that:

1.  GMW promised Kanag'iq that it would perform according to unit price schedules; and

2.  GMW's promise was made in exchange for something of value given or promised by Kanag'iq.

If you decide that both things are more likely true than not true, then the GMW's promise was part of the contract.

Otherwise, it was not part of the contract.

APCJI 24.01C modified

## DEFENDANTS' CONDITIONAL JURY INSTRUCTION NO. 16

If you find that there was not a contract between the parties as to how Kanag'iq was to be billed for work and materials it received and how GMW was to be paid for the work and materials it provided, you may determine that Kanag'iq is liable to GMW for work and materials if you find that:

1.  GMW furnished materials and provided services to Kanag'iq;

2.  Kanag'iq knowingly accepted benefit of the materials and services; and

3.  Kanag'iq would unfairly benefit from the services and materials if no additional compensation is paid to GMW.

If you find that all of these elements are satisfied then you should award damages to GMW in an amount that represents the reasonable value of the materials and services rendered, less any amount already paid by Kanag'iq.

Krossa v. All Alaska Seafoods, 37 P.3d 411, 419 (Alaska 2001)

**DEFENDANTS' CONDITIONAL JURY INSTRUCTION NO. 17**

If you find that GMW has violated Alaska's Unfair Trade Practices Act and have awarded Kanag'iq compensatory damages, you must then award Kanag'iq treble damages.

AS 45.50.531(a)

## DEFENDANTS' CONDITIONAL JURY INSTRUCTION NO. 18

GMW claims that Kanag'iq has lost the right to assert that there was a unit price contract because of Kanag'iq's conduct after learning of the misrepresentation.

Kanag'iq has lost the right to assert that the agreement is a unit price contract if you decide that both of the following things are more likely true than not true:

1. Kanag'iq knew or had reason to know of GMW's misrepresentation; and

2. Kanag'iq did not demonstrate to GMW within a reasonable time thereafter an intention not to go on with the agreement.

APCJI 24.08F modified

## DEFENDANTS' CONDITIONAL JURY INSTRUCTION NO. 19

GMW claims that GMW's failure to keep its promise was excused because Kanag'iq waived GMW's performance.

There are two kinds of waiver. Waiver can be expressed in words or implied by conduct. An implied waiver occurs when Kanag'iq's conduct (a) indicates an intention to waive the right, or (b) is inconsistent with any intention other than to waive the right, or (c) prejudiced GMW because Kanag'iq neglected to insist on the right.

GMW's failure to keep the promise is excused for this reason if it is more likely true than not true:

1.    that Kanag'iq knew that it had a right, under the contract, to require GMW to perform according to the written unit price contract; and

2.    that Kanag'iq freely and intentionally waived that right.

If you decide that both of these things are more likely true than not true, the defendant is excused for its failure to perform according to the written contract and you must return a verdict for GMW.

Otherwise, GMW is not excused for this reason.

APCJI 24.08G modified