Sarah J. Tugman
Attorney at Law
2509 Eide Street, Suite 4
Anchorage, Alaska 99503
Telephone: (907) 677-7889
Fax: (907) 677-9188
e-mail: sjtugman@gci.net
Attorney for GMW Fire Protection, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

|  |  |
|---|---|
| THE UNITED STATES for the use of GMW Fire Protection, Inc., an Alaska Corporation, <br><br> Plaintiff, <br><br> v. <br><br> KANAG'IQ CONSTRUCTION CO., INC., an Alaska Corporation and WESTERN SURETY COMPANY, a South Dakota Corporation, <br><br> Defendant. | Case No. A-05-0170 CV (TMB) |

GMW'S OBJECTIONS TO KANAG'IQ'S PROPOSED JURY INSTRUCTIONS

**Defendant's proposed unfair trade practices instructions.**

GMW objects to Kanag'Iq's proposed unfair trade practices instructions because it believes that no such instruction are appropriate under the circumstances presented in this case. Specifically, as to each instruction:

Instruction No. 1.   This instruction has been modified to include the following language:

> Kanang'Iq claims that the following act or practices were unfair or deceptive:

> GMW misled or deceived Kanag'Iq with respect to the accuracy of its invoices, the value of materials or services provided, or the rights conferred under the contract. Specifically, GMW overbilled Kanag'Iq for materials and service provided and Kanag'Iq overpaid GMW.

This language in unclear and misleading and does not accurately reflect the law or facts. GMW had no duty to provide Kanag'Iq with information as to the value of materials or service or to explain contractual rights. GMW's invoices are accurate and in line with the price schedules it provided Kaag'Iq before commencing work, and it made no statements about the accuracy of its invoices, the value of material or services provided, or as to any rights conferred under any contract.

If the court determines to allow unfair trade practices instructions, GMW asks the court to give its instructions which are unmodified Alaska pattern instructions.

<u>Instruction No. 4.</u>  The same objection applies to Kanag'Iq's proposed instruction no. 4 which includes language similar to that objected to above. If an instruction is to be given, plaintiff's proposed instruction should be given.

<u>Instruction No. 5.</u>  GMW objects to Defendant's proposed instruction no. 5, as it is modified to change "consumers" in the pattern instruction to "businesses." The Alaska Act focuses primarily on consumers, and while it may apply to businesses, it is not an act primarily to protect businesses and such a change in the instruction is improper for that reason. If an instruction is to

OBJECTIONS TO JURY INSTRUCTIONS – PAGE 2

be given, plaintiff's is not modified.

<u>Instruction No. 6.</u>  Kanag'Iq's proposed instruction no. 6 is not an Alaska pattern instruction and improperly allows an award of damages which would simply duplicate any contract damage award.

<u>Instruction No. 12.</u>  This instruction is an unfair trade practices act instruction on the definition of ascertainable loss. If such an instruction is given, GMW's unmodified instruction should be given.

<u>Instruction No. 17.</u>  This instruction should not be given as the facts do not warrant an unfair trade practices violation instruction nor do they warrant a treble damages instruction.  This should be a question for the court, not the jury, and the court should also determine if the unfair trade practices claim is, under AS 50.537, "frivolous" or "brought ... to obtain a competitive business advantage," which GMW believes it is.

Moreover, AS 45.50.531 provides that treble damages may be awarded for a violation of an "act or practice declared unlawful by AS 45.50.471" and the acts about which Kanag'Iq complains are not declared unlawful in that statute.

**Bonding company instruction.**

<u>Instruction No. 8.</u>  GMW does not believe that bonding company instructions are necessary in this case.

**Contract instructions.**

GMW objects to Kanag'iq's proposed contract instructions as

OBJECTIONS TO JURY INSTRUCTIONS – PAGE 3

they do not clearly explain the dispute between the parties.  GMW's instructions inform the jury that there was originally a unit price contract but that GMW claims it was modified and not followed as written.  GMW's instructions allow the jury to find no contract, a contract on the terms asserted by GMW, or a contract on the terms asserted by Kanag'Iq.  GMW's proposed instructions should be given.

Instruction No. 9.  Kanag'Iq's instruction no. 9 state that GMW claims that GMW and Kanag'Iq disagree about the terms of a contract.  GMW believes that this is not just GMW's claim, but that the parties do disagree about the terms of a contract, specifically whether it was a unit price contract or a series of lump sum contracts.  GMW's proposed instruction no. 1 is most appropriate.  Also, if there never was a meeting for the minds, there may not have been a contract and the jury should be permitted to so decide.

Instructions Nos. 10 and 11.  These instructions fail to let the jury know that GMW claims that the written contract was not followed and was modified.  They ask the jury to find that GMW failed to perform according to the written contract, and that if it did a verdict should be entered for Kanag'Iq and that Kanag'Iq should be awarded damages.  These instructions do not mesh with the parties' claims and should not be given.

Instruction No. 13.  GMW does not believe that the facts support a breach of the duty of good faith and fair dealing on GMW's part.  If such an instruction is given, GMW is entitled to

OBJECTIONS TO JURY INSTRUCTIONS – PAGE 4

one too, and its proposed instruction, letting the jury find that either party may have breached the duty of good faith and fair dealing is attached hereto. Such a breach is a breach of contract, and GMW has alleged a contract breach.

Instruction No. 15. This instruction is a variation of GMW's instruction 2. GMW's instruction more clearly explains the claims of the parties and the choice the jury must make. The issue is whether the contract was modified, and unless the instruction contains two parts, the jury is misled. Moreover, Kanag'Iq's jury instruction apparently mixes up the parties in stating that "Kanag'Iq promised to perform according to unit price schedules."

Instruction No. 16. Kanag'Iq's proposed instruction is unclear in that in the third element it inserts "no additional compensation" and then follows that with an instruction to award "the reasonable value of hte materials and services rendered, less any amounts already paid by Kanag'Iq." GMW's instruction no. 9, without the additional language in the third element, should be given.

Instruction No. 18. Kanag'Iqs proposed instruction is a variation on GMW's instruction 4, with the addition of misrepresentation language which makes no sense and which does not comport with the facts. Claims of misrepresentation are not part of this case.

Instruction No. 19. Kanag'Iq's proposed instruction is a

variation on GMW's instruction 5, without the necessary introductory language included.  GMW's instruction 5 should be given.

**GMW's objections to Kanag'Iq's proposed special verdict form.**

1.  GMW objects to Kanag'Iq's unfair trade practices claims being included, and also to its being first on the verdict form.  GMW is the plaintiff.

2.  The jury is not instructed how to navigate the form, making it confusing and misleading.

3.  The form assumes that Kanag'Iq overpaid GMW which is not a foregone conclusion.

4.  The form assumes that there was a unit price contract which is not a foregone conclusion, it is one of the questions the jury should decide.

5.  The form is not in logical order and does not flow in a sensible manner.

6.  Other objections as set out with respect to the specific instructions above.

    Respectfully submitted this 7th day of January, 2008.

s/ Sarah J. Tugman
2509 Eide Street, Suite 4
Anchorage, Alaska 99503
Phone: (907) 677-7889
Fax: (907) 677-9188
E-mail: sjtugman@gci.net
Alaska Bar No.: 8310101

OBJECTIONS TO JURY INSTRUCTIONS – PAGE 6

CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of January, 2008, a copy of the foregoing document was served electronically on Tom Gingras, attorney for Kanag'Iq Construction, Inc.

s/Sarah J. Tugman
2509 Eide Street, Suite 4
Anchorage, Alaska 99503
Phone: (907) 677-7889
Fax: (907) 677-9188
E-mail: sjtugman@gci.net
Alaska Bar No.: 8310101