Sarah J. Tugman
Attorney at Law
2509 Eide Street, Suite 4
Anchorage, Alaska 99503
Telephone: (907) 677-7889
Fax: (907) 677-9188
e-mail: sjtugman@gci.net
Attorney for GMW Fire Protection, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE UNITED STATES for the use of GMW Fire Protection, Inc., an Alaska Corporation,<br><br>        Plaintiff,<br>v.<br><br>KANAG'IQ CONSTRUCTION CO., INC., an Alaska Corporation and WESTERN SURETY COMPANY, a South Dakota Corporation,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. A-05-0170 CV (TMB) |

## GMW'S OPPOSITION TO DEFENDANTS' REQUEST FOR ADDITIONAL PEREMPTORY CHALLENGES

GMW opposes defendants' request for additional peremptory challenges. Any potential conflict between the defendants is more illusory than real. Both wish to avoid liability to GMW. If any adversity between them results, it will be after trial – not before – which provides scant reason to permit additional challenges to jurors.

The defendants are represented by the same lawyer. There are no cross claims. The surety has played no apparent part in this case including making no appearance at the settlement conference,

OPPOSITION TO REQUEST FOR ADDITIONAL CHALLENGES – PAGE 1

despite GMW's objection to that fact, obviously content with its representation by Kanag'Iq.  It will not be included on the special verdict form as a potentially liable party.  Only if Kanag'Iq is liable is the surety liable, with the surety's liability to be determined based solely on the conduct of Kanag'Iq.

Defendants' authorities are not helpful to them.  <u>Los Angeles Memorial Coliseum Commission v. National Football League</u>, 89 F.R.D. 497 (C.D. Cal. 1981) does not address the issues presented here. It does not discuss a similar factual situation and states only, in the context of a motion for a change of venue that, in order to avoid problems with pretrial publicity, a thorough voir dire would be conducted and the maximum number of peremptory challenges would be permitted. Nothing was said about multiple defendants or their alignment or adversity.  <u>LNC Investments, Inc. v. First Fidelity Bank</u>, 2000 U.S. Dist. LEXIS 11131 (S.D.N.Y. 2000) is more helpful to GMW than it is to Kanag'Iq.  Applying the rules set out in that case, the Defendants here would not be allowed additional challenges.  There, the court stated:

> Each case depends on its circumstances. Where, as here, "several defendants" ask for additional challenges, the issue frequently turns upon whether the defendants' interests are adverse to each other, as in the case of cross-claims.  Generally it is thought fair to give defendants at war with each other, as well as with the plaintiff, an additional challenge or challenges so that individual interests may be protected.  But this is not such a case.
>
> Another factor that might militate in favor of additional challenges for several defendants is whether the

> plaintiff's theory of liability against all defendants is the same, so that the jury would have no basis to hold one defendant liable and not the other; or whether, on plaintiff's theory, one defendant might be held liable and the other not. If a case falls into the former category, there is generally no basis for granting several defendants additional challenges....
>
> If Plaintiffs are not going to argue to the jury that there are differences in the conduct of th Defendants which might allow one to be liable but not the others, no fair case can be made for giving the Defendants additional challenges. In that circumstances, Defendants will be held to the statutory limit of three challenges, to be exercised jointly.

GMW contends that the correct considerations are set out in LNC Investments and that, under that analysis, Kanag'Iq's motion should be denied.

Respectfully submitted this 16th day of January, 2008.

s/ Sarah J. Tugman
2509 Eide Street, Suite 4
Anchorage, Alaska 99503
Phone: (907) 677-7889
Fax: (907) 677-9188
E-mail: sjtugman@gci.net
Alaska Bar No.: 8310101

CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of January, 2008, a copy of the foregoing document was served electronically on Tom Gingras, attorney for Kanag'Iq Construction, Inc.

s/Sarah J. Tugman
2509 Eide Street, Suite 4
Anchorage, Alaska 99503
Phone: (907) 677-7889
Fax: (907) 677-9188
E-mail: sjtugman@gci.net
Alaska Bar No.: 8310101