# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

**THE UNITED STATES for the use of
GMW Fire Protection, Inc., an Alaska
Corporation,**

           **Plaintiff,**                             **3:05-cv-00170 TMB**

**vs.**

**KANAG'IQ CONSTRUCTION CO.,
INC., an Alaska Corporation, and
WESTERN SURETY COMPANY,
a South Dakota Corporation,**

           **Defendants.**

## JURY INSTRUCTIONS

INSTRUCTION NO: 1

Members of the Jury, now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

INSTRUCTION NO: 2

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received into evidence; and

(3) any facts to which the lawyers stipulate.

INSTRUCTION NO: 3

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO: 4

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying

evidence.

INSTRUCTION NO: 5

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

INSTRUCTION NO: 6

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the bailiff to give to me.

INSTRUCTION NO: 7

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

INSTRUCTION NO: 8

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I did not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

INSTRUCTION NO: 9

You are instructed that a bonding company is not an insurance company. If you award any money damages against the bonding company named as a party in this action, that bonding company will seek reimbursement in full from Kanag'iq and Mr. William Jury personally.

INSTRUCTION NO: 10

Kanag'iq claims that GMW did not keep its promise to perform according to the written contract.

For Kanag'iq to win on this claim, you must decide that it is more likely true than not true that GMW failed to keep its promise. Otherwise, you must decide for GMW on the contract claim.

If you decide that it is more likely true than not true that GMW failed to keep its promise, then you must return a verdict for Kanag'iq and decide the amount of Kanag'iq's damages. I will tell you how to do this in a moment.

INSTRUCTION NO: 11

In this case, the parties agree that they entered into a contract. GMW claims that after this contract was made, the parties agreed to change the terms of the original contract.

To find that the terms of the original contract were changed, you must decide that it is more likely true than not true:

1.      that GMW gave or promised to give Kanag'iq something of value in exchange for Kanag'iq agreeing to the change in the terms of the original contract; and

2.      that both parties agreed to the change in terms. An agreement may be implied from conduct or words. The law does not require that the conduct or words be in any special form.

If you decide that both of these things are more likely true than not true, then the parties changed their original contract.

Otherwise, the parties did not change their original contract.

INSTRUCTION NO: 12

If you find that GMW was correct and the contract was modified by conduct, GMW claims that the defendant, Kanag'iq did not keep its promise to pay according to the invoices that GMW delivered to Kanag'iq.

For GMW to win on this claim, you must decide that it is more likely true than not true that Kanag'iq failed to keep its promise.

If you decide that it is more likely true than not true that Kanag'iq did not keep its promise, then you must return a verdict for GMW and decide the amount of GMW's damages.  I will tell you how to do this in a moment.

INSTRUCTION NO: 13

GMW claims that its failure to keep its promise was excused because Kanag'iq waived GMW's performance.

There are two kinds of waiver. Waiver can be expressed in words or implied by conduct. An implied waiver occurs when Kanag'iq's conduct (a) indicates an intention to waive the right, or (b) is inconsistent with any intention other than to waive the right, or (c) prejudiced GMW because Kanag'iq neglected to insist on the right.

GMW's failure to keep the promise is excused for this reason if it is more likely true than not true:

1.    that Kanag'iq knew that it had a right, under the contract, to require GMW to perform according to the written unit price contract; and

2.    that Kanag'iq freely and intentionally waived that right.

If you decide that both of these things are more likely true than not true, then GMW is excused for its failure to perform according to the written contract and you must return a verdict for GMW.

Otherwise, GMW is not excused for this reason.

INSTRUCTION NO: 14

If you find in favor of GMW, you must then decide how much money, if any, would fairly compensate GMW for Kanag'iq's failure to keep its promise.

To do this, you must first determine the amount of money that Kanag'iq promised to pay GMW.  From this amount you must subtract the amount, if any, that Kanag'iq has already paid.  The amount that remains is the amount you should award as damages.

INSTRUCTION NO: 15

GMW claims that Kanag'iq has lost the right to assert that there was a unit price contract because of Kanag'iq's conduct during the course of the project.

Kanag'iq has lost the right to assert that the agreement is a unit price contract if you decide that both of the following things are more likely true than not true:

1.    Kanag'iq knew or had reason to know of GMW's expectations; and

2.    Kanag'iq did not demonstrate to GMW within a reasonable time thereafter an intention to enforce the agreement.

INSTRUCTION NO: 16

If you find that there was not a contract between the parties as to how Kanag'iq was to be billed for work and materials it received and how GMW was to be paid for the work and materials it provided, you may determine that Kanag'iq is liable to GMW for work and materials if you find that:

1. GMW furnished materials and provided services to Kanag'iq;

2. Kanag'iq knowingly accepted benefit of the materials and services; and

3. Kanag'iq would unfairly benefit from the services and materials if no additional compensation is paid to GMW.

If you find that all of these elements are satisfied then you should award damages to GMW in an amount that represents the reasonable value of the materials and services rendered, less any amount already paid by Kanag'iq.

INSTRUCTION NO: 17

Now I will instruct you on the implied promise of good faith and fair dealing. In every contract, there is an implied promise of good faith and fair dealing.  This means that each party promises not to do anything to destroy or injure the right of the other party to receive the benefits of the contract. The implied promise of good faith and fair dealing does not modify the express terms of the contract by adding terms to the contract or prohibiting what the contract explicitly permits.

GMW violated the implied promise of good faith and fair dealing if you find that it is more likely true than not true that GMW deprived Kanag'iq of a benefit of the contract:

1.     intentionally; or

2.     by acting in a manner that a reasonable person would regard as unfair.

Kanag'iq violated the implied promise of good faith and fair dealing if you find that it is more likely true than not true that Kanag'iq deprived GMW of a benefit of the contract:

1.     intentionally; or

2.     by acting in a manner that a reasonable person would regard as unfair.

INSTRUCTION NO: 18

If you find in favor of Kanag'iq, you must then decide how much money, if any, would fairly compensate Kanag'iq for GMW's failure to keep its promise.  In order to fairly compensate Kanag'iq, your award should put Kanag'iq in the same position that Kanag'iq would have been in if GMW had kept its promise.

To make an award for any loss claimed by Kanag'iq, you must find that:

1.    Kanag'iq has shown the amount of the loss with reasonable certainty; and

2.    when the promise was made, GMW had reason to foresee that the loss would be a probable result if GMW failed to keep the promise.  GMW has reason to foresee that a loss would be a probable result if either (a) the loss follows in the ordinary course of events from a failure to keep the promise, or (b) the loss follows from special circumstances which GMW had reason to know about when the promise was made.

Now I will explain to you how to measure damages requested by Kanag'iq so that Kanag'iq will be in the same position that Kanag'iq would have been in if GMW had kept its promise.

INSTRUCTION NO: 19


Kanag'iq suffered a loss of money or property if it received something other than what it bargained for. Kanag'iq's loss is ascertainable if it is measurable even though the precise amount of the loss is not known.

INSTRUCTION NO: 20

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO: 21

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

INSTRUCTION NO: 22

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

Dated this 28th day of January, 2008.

REDACTED SIGNATURE

Honorable Timothy M. Burgess
U.S. District Judge