IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE UNITED STATES for the use of GMW Fire Protection, Inc., an Alaska Corporation,<br><br>                    Plaintiff,<br><br>   vs.<br><br>KANAG'IQ CONSTRUCTION CO., INC., an Alaska Corporation, and WESTERN SURETY COMPANY, a South Dakota Corporation,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. A05-170 CI (TMB)<br>) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT OR,
IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL**

**INTRODUCTION**

A judgment notwithstanding the verdict, or judgment as a matter of law, is proper when the evidence permits only one reasonable conclusion as to the verdict. Pierce v. Southern Pacific Transp. Co., 823 F.2d 1366, 1369 (9th Cir. 1987). At trial, Defendants Kanag'Iq Construction Co., Inc. and Western Surety Company made two motions for a directed verdict with respect to Western Surety: at the close of Plaintiff's case and at the close of all the evidence. Defendants also made a motion for a directed verdict with respect to Kanag'Iq Construction Co. ("Kanag'Iq") on waiver and ratification at the close

Eide & Gingras, P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

Memorandum in Support of Motion for Judgment Notwithstanding Verdict or,
in the Alternative, Motion for a New Trial
*The United States for the use of GMW Fire Protection v. Kanag'Iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)                                                                    Page 1 of 13

of Plaintiff's case and at the close of all the evidence. These motions were made pursuant to Federal Civil Rule 50(a).

When the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. Fed. R. Civ. P. 50(b). At trial, in response to the second motion for a directed verdict with respect to Western Surety, the Court stated: "The scope of the subcontract can't really be determined before the jury evaluates it." On the last day of trial the jury left for deliberations at 11:06 a.m. and reached a verdict at 2:09 p.m. the same day, a lapse of approximately three hours. [Exhibit A, p. 1, Exhibit B, p. 2] Assuming the jurors ate lunch during this time period, the jury spent very little time on deliberations and submitted only one question. The question concerned interest and attorneys' fees on an award and appears to have been in direct reference to GMW's Prayer for Relief in its Complaint, seeking Five Hundred Thirty-Three Thousand Eight Hundred Forty-Eight Dollars and Seventy-Seven Cents ($533,848.77) plus interest and attorneys' fees. [Exhibit B, p. 1, Exhibit C, ¶ 21] The amount the jury awarded to GMW, Five Hundred Thirty-Three Thousand Eight Hundred Forty-Eight Dollars and Seventy-Seven Cents ($533,848.77) was similarly taken directly from the Complaint. [Exhibit C, ¶ 21] It does not appear the jury actually deliberated much at all or looked beyond the Prayer for Relief in the Complaint in its award of damages in this fairly complicated case.

Memorandum in Support of Motion for Judgment Notwithstanding Verdict or, in the Alternative, Motion for a New Trial
*The United States for the use of GMW Fire Protection v. Kanag'Iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

Page 2 of 13

The jury found for GMW on a general verdict form.[1]  [Exhibit D]  As a general rule, a general jury verdict will be upheld only if there is substantial evidence to support each and every theory of liability submitted to the jury.  <u>Webb v. Sloan</u>, 330 F.3d 1158, 1166 (9th Cir. 2003).  Therefore, the jury found support for both of GMW's theories of liability: quantum meruit and contract modification.  Pursuant to Federal Civil Rule 50, Defendants move for judgment as a matter of law with regard to the liability of Western Surety and Kanag'Iq, individually.  In the alternative, pursuant to Federal Civil Rules 50 and 59, Defendants move for a new trial.

## DISCUSSION

**A.    Because GMW Failed To Meet Its Burden Of Proof Regarding Western Surety's Liability, Western Surety Is Entitled To Judgment As A Matter Of Law.**

1.    The Scope of Liability of Western Surety

The Miller Act requires a general contractor on a federal construction project to furnish a payment bond "for the protection of all persons supplying labor and material in the prosecution of work provided for in the contract."  <u>United States for the Use and Benefit of Walton Tech. Inc, v. Weststar Engineering, Inc.</u>, 290 F.3d 1199, 1205 (9th Cir. 2002).  The liability of a Miller Act surety is controlled by federal law because

---

[1]    Although the verdict form is entitled "Special Verdict Form" it is, in substance, a General Verdict Form.  There are no interrogatories and no findings specific to individual claims or individual defendants.

Memorandum in Support of Motion for Judgment Notwithstanding Verdict or, in the Alternative, Motion for a New Trial
*The United States for the use of GMW Fire Protection v. Kanag'Iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

Page 3 of 13

Eide & Gingras, P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

determination of the extent of the liability involves the construction of a federal statute, the Miller Act. Id. at 1206.

The Ninth Circuit has consistently used the underlying bonded *subcontract* as the measure of recovery in Miller Act cases between a subcontractor and a prime contractor. Taylor Constr. Inc., v. ABT Service Corp., Inc., 163 F.3d 1119, 1122 (9th Cir. 1998). A provider of labor or materials is entitled to "all sums justly due," meaning that the provider is entitled to be paid in full under the *subcontract*. Id. In response to Defendants' Motion for a Directed Verdict at trial, GMW argued that the underlying measure of recovery against the surety is the main contract between the Government and Kanag'Iq. GMW was and is mistaken as to the measure of recovery against the surety.

It was undisputed at trial that the subcontract, as written, is a unit-price contract. Pursuant to the general jury verdict and the rule that applies to it, GMW prevailed on its quantum meruit theory of liability wherein the subcontract was not extended with the main contract in option year one and option year two. If the subcontract was not extended with the main contract in option year one and option year two, the scope of the written subcontract was limited to the first year. GMW's alleged damages in this case stem from the third year. Absent a subcontract in the third year, there may be some recovery against Kanag'Iq under a theory of quantum meruit, but there can be no recovery against the surety. There can be no recovery against the surety because the measure of recovery against the surety in this case is the underlying bonded subcontract. See Id.

Memorandum in Support of Motion for Judgment Notwithstanding Verdict or, in the Alternative, Motion for a New Trial
*The United States for the use of GMW Fire Protection v. Kanag'Iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

Page 4 of 13

Eide & Gingras, P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

Pursuant to the general jury verdict and the rule that applies to it, GMW also prevailed on its theory of contract modification regarding liability. That is, the subcontract was modified by conduct such that it was no longer a unit-price contract, and the modified subcontract was extended through conduct beyond the base year. As a general rule a surety will be discharged where the bonded contract is materially altered or changed without the surety's knowledge or consent. <u>United States on Behalf and for the Benefit of Army Athletic Ass'n v. Reliance Insurance Co.</u>, 799 F.2d 1382, 1385 (9th Cir. 1986). When a surety has committed itself with respect to one contract, amendments which convert that agreement into a significantly different agreement should be brought to the attention of the surety so it may exercise its own business judgment as to whether it wishes to continue its commitment. <u>Id</u>. at 1386. GMW presented no evidence that it brought the alleged modifications, which materially altered the subcontract as written, to the attention of Western Surety.

2. Plaintiff's Burden of Proof Regarding Liability of Western Surety

Under GMW's theory of quantum meruit, as discussed above, there can be no measure of recovery against Western Surety. Under GMW's theory of quantum meruit, there was no subcontract in the third year. Absent a bonded subcontract in the third year, there can be no measure of recovery against the surety because the measure of recovery against the surety is the underlying bonded subcontract.

Under a theory of contract modification, GMW has the burden of proof with regard to any liability on the part of Western Surety. While GMW did not set forth

Memorandum in Support of Motion for Judgment Notwithstanding Verdict or, in the Alternative, Motion for a New Trial
*The United States for the use of GMW Fire Protection v. Kanag'Iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

Page 5 of 13

Eide & Gingras, P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

waiver and ratification as affirmative pleas in this matter, the Court nonetheless allowed GMW to pursue waiver and ratification as part of its case and GMW submitted jury instructions on each. Having set forth these affirmative pleas within its arguments, GMW was confronted with the burden of proving their applicability by a preponderance of the evidence. United States v. Hal B. Hayes & Assoc., Inc., 221 F. Supp 260, 263 (D.C. Cal. 1963). More specifically, a finding of waiver or ratification on the part of the surety requires a showing of the surety's: (1) actual knowledge of the modifications, and (2) consent to the modifications. Army Athletic Ass'n, 799 F.2d at 1387.

At trial, GMW presented no evidence whatsoever with regard to the issue of any liability of Western Surety. GMW did not present any evidence that Western Surety had actual knowledge of the alleged modifications. Even if Western Surety had knowledge of the alleged modifications, GMW did not present any evidence to establish the surety's consent to any modifications. GMW completely failed to meet its burden of proof with respect to these issues. Absent a showing that Western Surety knew of and consented to the alleged modifications of the contract, Western Surety neither waived nor ratified the modifications. See Id. at 1387. Western Surety is thus discharged from any obligation it otherwise had to GMW under the bonded written subcontract. See Id. at 1388.

Pursuant to the general jury verdict and the applicable law, Western Surety has no liability in this matter. Accordingly, Western Surety respectfully requests judgment in its favor as a matter of law. In the alternative, Western Surety moves for a new trial on the grounds that the judgment is against the clear weight of the evidence – or lack thereof.

Memorandum in Support of Motion for Judgment Notwithstanding Verdict or,  
in the Alternative, Motion for a New Trial  
*The United States for the use of GMW Fire Protection v. Kanag'Iq Construction Co., Inc., et al.*  
Case No. A05-170 Civil (TMB)

Page 6 of 13

GMW presented no evidence with regard to the liability of the surety. In the absence of judgment as a matter of law, Western Surety is entitled to a new trial and an opportunity to be presented with any evidence against it and an opportunity to defend itself accordingly.

While GMW made no claim in its Complaint for Breach of the Covenant of Good Faith and Fair Dealing, the Court allowed GMW a jury instruction on this issue. With regard to Western Surety, however, a subcontractor does not have a cause of action on a Miller Act project against the surety for breach of the covenant of good faith and fair dealing. <u>United States v. Wausau Ins. Co.</u>, 755 F. Supp. 906, 910-912. Even if GMW had such a claim against Western Surety, GMW presented no evidence at trial that Western Surety breached the covenant.

**B.     Pursuant To The Terms Of The Written Subcontract And GMW's Failure To Affirmatively Plead Waiver And Ratification As Defenses, Kanag'Iq Requests Judgment As A Matter Of Law.**

1.     The Written Subcontract and Its Provisions Regarding Modifications

The written subcontract in this matter included the following paragraph regarding modifications:

> No modifications of this agreement and no waiver of any rights under the SUBCONTRACT shall be valid or binding on the parties unless the same be in writing. Failure of the CONTRACTOR to insist upon strict performance of the SUBCONTRACT, or to exercise any option herein conferred in any one or more instances, shall not be construed to be a waiver of any such, or any other covenants or agreement, but the same shall be and remain in full force and effect.

Memorandum in Support of Motion for Judgment Notwithstanding Verdict or, in the Alternative, Motion for a New Trial
*The United States for the use of GMW Fire Protection v. Kanag'Iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

Page 7 of 13

Eide & Gingras, P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

[Exhibit E, p. 5, ¶ T]  Pursuant to the express language of the subcontract, any modifications to the subcontract or waiver of rights under the subcontract must have been in writing.  Furthermore, any failure of Kanag'Iq to insist upon strict performance of the subcontract was not to be construed to be a waiver of any part of the agreement.  Rather, the written subcontract was to remain in full force and effect.

This issue was briefed in Defendants' Motion for Rule of Law and Partial Summary Judgment Regarding Subcontract.  In its opposition, GMW did not cite to any authority that allows a party to disregard such express contract language.  The case law relied upon by GMW did not include express contract language regarding modification and waiver as is present in this case.  The Alaska Supreme Court will generally uphold non-waiver provisions in cases involving property contracts.  See Hendrickson v. Freericks, 620 P.2d 205, 211 (Alaska 1981) ("where a lease contains a non-waiver provision, previous failures to cancel for breach of a covenant do not constitute a waiver, and the landlord may demand strict compliance with a lease provision without giving such prior notice").

In its Order Denying Summary Judgment dated May 1, 2007, the Court similarly did not cite to any authority that allows a party to disregard express contract language regarding modification and waiver.  The Court cited Alaska Statebank v. Fairco for the proposition that, "Under Alaska law, 'modification of a written contract may be effected either through subsequent conduct or oral agreements.'"  [Exhibit F, p. 5, ¶ 1, citing

Memorandum in Support of Motion for Judgment Notwithstanding Verdict or, in the Alternative, Motion for a New Trial
*The United States for the use of GMW Fire Protection v. Kanag'Iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

Page 8 of 13

Eide & Gingras, P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

Alaska Statebank v. Fairco, 674 P.2d 288, 292 (Alaska 1983)] Alaska Statebank, however, is inapposite to this case.

Alaska Statebank involved a dispute between a creditor and a debtor. Id. at 289. First, Alaska Statebank involved continuing negotiations between the parties concerning payment, and it did not involve express contract language regarding modification and waiver, such as the language in the subcontract at issue in this case. Id. at 289-291. More importantly, Alaska Statebank cites to an earlier Alaska case in stating the above proposition regarding modification. Id., citing National Bank of Alaska v. J.B.L. & K. of Alaska, Inc., 546 P.2d 579, 586-87 (Alaska 1976). National Bank involved a dispute about a contract for the purchase of an insurance agency and a covenant not to compete clause therein. Id. at 581-582. With regard to modification of the contract by conduct, the court there stated:

> While the parties' acts might normally be used to show subsequent modification, the evidentiary facts are not present to demonstrate a modification in this case. The contract was a written one. . . . Not only was there no written modification, but no oral agreement to modify appears. Appellant asks this Court to infer a modification solely from the parties' conduct. Furthermore, no facts appear to show the required consideration was given for any modification. In the absence of some consideration for the alleged change, no modification has taken place.

Id. The court thus refused to find a modification by conduct – even in the absence of express contract provisions regarding modification. This case similarly involves a written subcontract. This case similarly has no written modifications and there was no

Memorandum in Support of Motion for Judgment Notwithstanding Verdict or, in the Alternative, Motion for a New Trial
*The United States for the use of GMW Fire Protection v. Kanag'Iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

Page 9 of 13

Eide & Gingras, P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

oral agreement to modify.  Finally, this case similarly has no facts to show the required consideration was given for any modification.  Under Alaska law, contrary to the Court's order, no modification took place under these facts and circumstances.  Id.

    2.    **GMW Failed to Affirmatively Plead Waiver and Ratification as Defenses and Thereby Waived Them**

The section of the subcontract cited above regarding modification includes a provision regarding waiver:

> . . . Failure of the CONTRACTOR to insist upon strict performance of the SUBCONTRACT, or to exercise any option herein conferred in any one or more instances, shall not be construed to be a waiver of any such, or any other covenants or agreement, but the same shall be and remain in full force and effect.

[Exhibit E, p. 5, ¶ T, Subcontract Without Attachment]  The express language of the subcontract unequivocally states that failure to insist upon strict performance shall not be construed to be a waiver of the agreement.  Again, there is no authority for circumventing the express language of the subcontract under the facts and circumstances of this case.

Furthermore, GMW did not affirmatively plead waiver or ratification as defenses in this matter.  The Federal Rules of Civil Procedure require that in pleading to a preceding pleading, a party shall set forth affirmatively waiver and any other matter constituting an avoidance or affirmative defense.  Fed. R. Civ. P. 8(c).  Because GMW failed to affirmatively plead waiver or ratification, GMW waived those affirmative defenses.  See U.S. Postal Service v. American Postal Workers Union, 893 F.2d 1117, 1122 (9th Cir. 1990).  The Court nonetheless allowed GMW to pursue waiver and

Memorandum in Support of Motion for Judgment Notwithstanding Verdict or, in the Alternative, Motion for a New Trial
*The United States for the use of GMW Fire Protection v. Kanag'Iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

Page 10 of 13

Eide & Gingras, P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

ratification as part of its case and GMW submitted jury instructions on each. Because GMW did not affirmatively plead waiver or ratification, it is Defendants' position that GMW waived those defenses and should not have been permitted to argue each and submit instructions on each to the jury. Pursuant to the express language of the written contract and the applicable law, Kanag'Iq respectfully requests judgment in its favor as a matter of law. In the alternative, Kanag'Iq moves for a new trial on the grounds that the judgment is against the weight of the evidence, particularly with regard to the express language of the subcontract regarding modification and waiver.

## CONCLUSION

Western Surety has no liability in this matter. Under a theory of quantum meruit, there was no bonded subcontract in the third year of the project. Therefore, there can be no recovery against the surety for materials and services in the third year because the measure of recovery against the surety is the bonded subcontract. There was no bonded subcontract in the third year under a theory of quantum meruit. Under a theory of modified contract, GMW was confronted with proving by a preponderance of the evidence that the surety had actual knowledge of the alleged modifications and consented to the alleged modifications. GMW, having presented no evidence whatsoever at trial with respect to Western Surety, failed to meet its burden with respect to liability on the part of the surety on a theory of modified contract. Finally, as a matter of law, GMW may not pursue a claim of the breach of good faith and fair dealing against Western Surety. Even if it could pursue such a claim, GMW presented no evidence that Western

Memorandum in Support of Motion for Judgment Notwithstanding Verdict or,  
in the Alternative, Motion for a New Trial  
*The United States for the use of GMW Fire Protection v. Kanag'Iq Construction Co., Inc., et al.*  
Case No. A05-170 Civil (TMB)

Page 11 of 13

Surety breached the covenant.  Western Surety thus requests judgment as a matter of law or, in the alternative, a new trial in order to be presented with and to defend itself with respect to any evidence against it.

Pursuant to the terms of the subcontract, Kanag'Iq has no liability in this matter.  The subcontract was a written one.  The language in the subcontract regarding modification and waiver is unambiguous.  There was no written modification, no oral agreement to modify, and no facts to show the required consideration was given for any alleged modifications.  Under Alaska law, no modification of the subcontract took place.  Furthermore, GMW failed to affirmatively plead waiver and ratification.  Pursuant to the Federal Civil Rules and the case law interpreting those rules, GMW thereby waived those affirmative defenses.  Western Surety and Kanag'Iq thus request judgment as a matter of law or, in the alternative, a new trial to remedy those errors, which would likely affect the outcome in this matter.

DATED at Anchorage, Alaska this 8th day of February 2008.

        EIDE & GINGRAS, P.C.
        Attorneys for Defendants
        Kanag'Iq Construction Co., Inc. and
        Western Surety Company

By:   s/Thomas S. Gingras
        Thomas S. Gingras
        425 G Street, Suite 930
        Anchorage, AK  99501
        Phone:  (907) 279-0930
        Fax:     (907) 279-0933
        E-mail:  tsgingras@egpalaska.com
        Alaska Bar No. 7811098

Memorandum in Support of Motion for Judgment Notwithstanding Verdict or,    Page 12 of 13
in the Alternative, Motion for a New Trial
*The United States for the use of GMW Fire Protection v. Kanag'Iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

**CERTIFICATE OF SERVICE**

I am a legal secretary employed by the law firm of Eide & Gingras, P.C. That on this 8th day of February 2008, I served

      [x] Electronically

a true and accurate copy of the foregoing document upon the following counsel of record:

Sarah J. Tugman, Esq.
2509 Eide Street, Suite 4
Anchorage, AK  99503

EIDE & GINGRAS, P.C.

By__/s/Donna Charter_____

F:\431\05\CERT.DOC

Memorandum in Support of Motion for Judgment Notwithstanding Verdict or, in the Alternative, Motion for a New Trial
*The United States for the use of GMW Fire Protection v. Kanag'Iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

Page 13 of 13