IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE UNITED STATES for the use of GMW Fire Protection, Inc., an Alaska Corporation,<br><br>                Plaintiff,<br><br>vs.<br><br>KANAG'IQ CONSTRUCTION CO., INC., an Alaska Corporation, and WESTERN SURETY COMPANY, a South Dakota Corporation,<br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. A05-170 CI (TMB)<br>) |

## **DEFENDANTS' OPPOSITION TO PLAINTIFF'S COST BILL**

Defendants, KANAG'IQ CONSTRUCTION CO., INC. and WESTERN SURETY COMPANY, by and through their counsel, Eide & Gingras, P.C., oppose Plaintiff GMW's Cost Bill in this matter. Counsel for both parties attended a cost bill hearing on February 7, 2008, at which time Defendants objected to the cost bill for the reasons discussed below. The Clerk of Court instructed Defendants to submit their objection to the Court.

Defendants object to GMW's cost bill because when a subcontractor's claims arise under the Miller Act, "Each party bears its own legal costs absent an enforceable contract provision or evidence that an opponent has acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" United States ex rel. Leno v. Summit Constr. Co., 892 F.2d

Defendants' Opposition to Plaintiff's Cost Bill                                                      Page 1 of 3
*The United States for the use of GMW Fire Protection v. Kanag'Iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

788, 791 (9th Cir. 1989).  A copy of the case is attached for the Court's ease of reference.  GMW's claims in this matter arise under the Miller Act, as stated in the Complaint.  There is no provision in the subcontract allowing for legal costs in this case.  There is no evidence that Defendants have acted "in bad faith, vexatiously, wantonly, or for oppressive reason," and GMW made no claim against Defendants for such conduct.  The Court in Leno explained:

> Because we find that Leno's [subcontractor's] claims arose under the Miller Act, no attorneys' fees are available.  Under federal law the American rule of fees applies.  *Each party bears its own legal costs* absent an enforceable contract provision or evidence that an opponent has acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons.' . . . Therefore, unless there is a separate state claim at the trial level attorneys' fees are not available in a Miller Act suit even when state law provides for such an award.

Id. at 791 (emphasis added, citations omitted).  While 28 U.S.C. § 1920 and Local District Rule 54.1 provide for taxation of costs, federal case law interpreting the Miller Act indicates that the statutory provision and local rule regarding legal costs do not apply in Miller Act cases.  See also North Star Terminal & Stevedore, Co. v. Nugget Constr. Inc., 126 Fed.Appx. 348, 351 (9th Cir. 2005) ("Attorneys' fees are not available under the Miller Act unless expressly provided for by the terms of the direct contracts between the parties or in the Milller Act bond itself.")  Attorneys' fees are not provided for in the subcontract or the bond in this matter.  Further, the applicability of the bond in this matter is the subject of a separate motion currently before the Court.

Eide & Gingras, P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

Defendants' Opposition to Plaintiff's Cost Bill                                                                                  Page 2 of 3
*The United States for the use of GMW Fire Protection v. Kanag'Iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

Pursuant to the federal case law cited above, it is also Defendants' position that GMW is not entitled to attorneys' fees in this matter. Defendants will oppose GMW's Motion for Attorneys' Fees separately in due course.

DATED at Anchorage, Alaska this 8th day of February.

> EIDE & GINGRAS, P.C.
> Attorneys for Defendants
> Kanag'Iq Construction Co., Inc. and
> Western Surety Company
>
> By:   s/Thomas S. Gingras
>       Thomas S. Gingras
>       425 G Street, Suite 930
>       Anchorage, AK  99501
>       Phone:  (907) 279-0930
>       Fax:      (907) 279-0933
>       E-mail:  tsgingras@egpalaska.com
>       Alaska Bar No. 7811098

**CERTIFICATE OF SERVICE**

I am a legal secretary employed by the law firm of Eide & Gingras, P.C. That on this _____ day of February 2008, I served

    [x] Electronically

a true and accurate copy of the foregoing document upon the following counsel of record:

Sarah J. Tugman, Esq.
2509 Eide Street, Suite 4
Anchorage, AK  99503

EIDE & GINGRAS, P.C.

By   /s/Donna Charter

F:\431\05\Post-Trial Documents\Opp to Cost Bill.DOC

Defendants' Opposition to Plaintiff's Cost Bill  
*The United States for the use of GMW Fire Protection v. Kanag'Iq Construction Co., Inc., et al.*  
Case No. A05-170 Civil (TMB)

Page 3 of 3