IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE UNITED STATES for the use of GMW Fire Protection, Inc., an Alaska Corporation, | ) ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) ) |
| KANAG'IQ CONSTRUCTION CO., INC., an Alaska Corporation, and WESTERN SURETY COMPANY, a South Dakota Corporation, | ) ) ) ) ) |
| Defendants. | ) Case No. A05-170 CI (TMB) ) |

## AFFIDAVIT OF COUNSEL

| | |
|---|---|
| STATE OF ALASKA | ) |
| | ) ss. |
| THIRD JUDICIAL DISTRICT | ) |

Laura S. Gould, being first duly sworn, deposes and states:

1.    I am an attorney for Defendants, Kanag'Iq Construction Co., Inc. and Western Surety Company in the above action.

2.    Shortened time is needed for consideration of Defendants' Motion for Stay of Execution of Judgment because of Defendants' Motion for Judgment Notwithstanding the Verdict or, in the Alternative, Motion for New Trial that is currently before the Court.

Eide & Gingras, P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

Affidavit of Counsel
*The United States for the use of GMW Fire Protection v. Kanag'Iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

Page 1 of 3

3.     Because Defendants' pending motion may affect the judgment against Western Surety and/or Kanag'Iq, it is necessary that the Court rule on the motion before Plaintiff proceed to execute against the current judgment.

4.     This office made a request to Ms. Tugman on Thursday, February 7, 2008, [date incorrect on letterhead, please see fax cover sheet for correct date] to stay any execution of the judgment until the Court has ruled on Defendants' pending motion. [Exhibit A]

5.     Ms. Tugman responded on February 8, 2008, and refused to stay any execution of the judgment absent an order from the Court.  [Exhibit B]

6.     To the extent the judgment may change depending on the outcome of the pending motion before the Court, a stay of execution is necessary to protect my clients' interests.

7.     Absent an order from the Court granting a stay of execution of the judgment until the pending motion is ruled upon, Plaintiff may otherwise proceed to execute against the judgment as of today, February 11, 2008.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

DATED at Anchorage, Alaska this 11th day of February 2008.

By: _____
Laura S. Gould
Alaska Bar No. 0310042

Affidavit of Counsel                                                                 Page 2 of 3
*The United States for the use of GMW Fire Protection v. Kanag'Iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

Eide & Gingras, P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

SUBSCRIBED AND SWORN to before me this 11th day of February 2008.



Notary Public in and for the State of Alaska
My Commission Expires: October 15, 2011

**CERTIFICATE OF SERVICE**

I am a legal secretary employed by the law
firm of Eide & Gingras, P.C.  That on this
11th day of February 2008, I served

     [x] Electronically

a true and accurate copy of the foregoing
document upon the following counsel of record:

Sarah J. Tugman, Esq.
2509 Eide Street, Suite 4
Anchorage, AK  99503

EIDE & GINGRAS, P.C.

By   /s/Donna Charter

F:\431\05\Affidavit of Counsel.DOC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**Eide & Gingras, P.C.**
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

Affidavit of Counsel
*The United States for the use of GMW Fire Protection v. Kanag'Iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

# EIDE & GINGRAS, P.C.

### A PROFESSIONAL CORPORATION

#### ATTORNEYS AT LAW
425 G STREET, SUITE 930
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 279-0930
FAX (907) 279-0933

## FAX TRANSMITTAL

DATE:  February 7, 2008                    OUR FILE NO:  431.05

| NAME: | TELEPHONE: | FACSIMILE: |
|---|---|---|
| Sarah J. Tugman, Esq.<br>2509 Eide Street, Suite 4<br>Anchorage, Alaska 99503 | 907.677.7889 | 907.677.9188 |

FROM:      Thomas S. Gingras, Esq.

        SENT BY:     Donna Charter, Legal Secretary

A FAX OF 2 PAGES FOLLOWS.  IF IT IS NOT CLEARLY OR COMPLETELY RECEIVED, PLEASE CALL SENDER AT (907) 279-0930.  A HARD COPY OF THE ATTACHED DOCUMENT WILL NOT FOLLOW VIA FIRST CLASS MAIL.

### WARNING

The information contained in this telefax is intended for the named recipient only, and may be privileged or confidential.  If the reader of this telefax is not the named recipient, they are hereby notified that they are prohibited from distributing, disseminating, or photocopying this telefax without the express consent of the named recipient or the named sender.

### SPECIAL INSTRUCTIONS OR ADDITIONAL MESSAGE:

Please see attached.

EXHIBIT #  A
Page #  1  of  3

# E I D E  &  G I N G R A S, P.C.
### A PROFESSIONAL CORPORATION
### ATTORNEYS AT LAW

PHILLIP J. EIDE
THOMAS S. GINGRAS
JOHN P. MORRISON
LAURA S. GOULD

425 G STREET, SUITE 930
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 279-0930
FAX (907) 279-0933

January 16, 2008

Sarah Tugman, Esq.                                          *Via Facsimile*
2509 Eide Street, Suite 4
Anchorage, AK  99503

> Re:    GMW Fire Protection v. Kanag'Iq Construction Co., et al.
>          Case No.:      A05-00170 Civil
>          Our File No.:  431.05

Dear Sally:

As you may expect, we are filing routine post-trial motions in this matter tomorrow. Those motions are for judgment notwithstanding the verdict or, in the alternative, for a new trial.

Since there is already a payment bond in place in this case, we are requesting an accommodation. The purpose of this request is twofold. First, we would like to limit unnecessary motion practice at this point. Second, I prefer that we do not have to work this weekend unless necessary. If you decline the accommodation, we will come in this weekend and prepare a motion for a stay and a request for expedited consideration of that motion. It makes no sense to me to do that, but I need to have an agreement with you.

What we are asking, since there is already a payment bond in place, is that you not seek to execute on the judgment currently in effect until the judge has ruled on our post-trial motions, including but not limited to motion for judgment notwithstanding the verdict or, in the alternative, motion for a new trial, or if necessary, motion for a stay.

We do not want to mislead you. In connection with our motion for judgment notwithstanding the verdict, we are seeking to have Western Surety discharged based on the arguments in our motion. If we prevail upon those arguments, we understand that in order for the stay to continue, Kanag'Iq would have to post a supersedeas bond.

Please advise us of your position by the close of business tomorrow (Friday, February 8, 2008) so that we know whether or not we, or any of us, need to come in this weekend to prepare the appropriate motions.

EXHIBIT # ___A___

___# __2__ of __3__

Sarah Tugman, Esq.
February 7, 2008
Page 2

Sincerely,

EIDE & GINGRAS, P.C.

Thomas S. Gingras

TSG:dc

EXHIBIT # ___A___
Page # _3_ of _3_

# SARAH J. TUGMAN
**Attorney at Law**
*2509 Eide Street, Suite 4*
*Anchorage, Alaska 99503*
*phone: (907) 677-7889*
*fax:    (907) 677-9188*
*sjtugman@gci.net*

## FACSIMILE TRANSMITTAL SHEET

**TO:** Tom Gingras

**FIRM:** Eide and Gingras

**FAX NUMBER:** 279-0933

**DATE:** February 8, 2008

**RE:** GMW v. Kanaq 'Iq

**THIS IS PAGE 1 OF 2 TOTAL PAGES.**

**ORIGINAL WILL BE MAILED?**     YES ✓   NO _____

*IF ALL PAGES ARE NOT RECEIVED, OR IF THERE IS ANY*
*PROBLEM WITH TRANSMISSION, CALL (907) 677-7889*

*THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE MAY BE ATTORNEY-CLIENT PRIVILEGED AND/OR CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY ME BY TELEPHONE, COLLECT IF NECESSARY, AND RETURN THE ORIGINAL MESSAGE TO ME AT THE ABOVE ADDRESS VIA U.S. MAIL. I WILL REIMBURSE YOU FOR ANY NECESSARY MAILING EXPENSE INCURRED. THANK YOU.*

EXHIBIT # B
Page # 1 of 2

# SARAH J. TUGMAN
ATTORNEY AT LAW

February 8, 2008

Tom Gingras
Eide and Gingras, PC
425 G Street, Suite 930
Anchorage, Alaska 99501

Faxed to 279-0933
and sent by U.S. Mail

RE:    *GMW v. Kanag'Iq*

Dear Tom:

My goodness, are you still representing both Kanag'Iq and the surety now that their interests are in fact so greatly diverse? In answer to your letter of yesterday, we will not agree to forego execution on the bond unless you receive a stay and post a supersedeas bond.

We do not believe that your motions for a new trial or to discharge the surety will be successful. It is telling that the jury was out about an hour an one-half (one hour of which was for lunch) before returning with a verdict resoundingly in our favor, and that each and every one of the nine jurors was so forceful in standing behind their verdict when the jury was polled. Further, the court is unlikely to look favorably on your post-trial motions in light of its earlier ruling on your motion for summary judgment and its ruling on the unfair trade practices claim. Moreover, any appeal of the directed verdict on the unfair trade practices claim is likely a waste of time since the jury awarded zero to your client on your overcharging counterclaim. However, since you completely underestimated our case throughout its pendency, we do not suppose that you will value our opinion any more at this time.

Incidentally, we are contemplating bringing an unfair insurance practices claim against the surety, one which is not preempted by the Miller Act. *K-W Industries v. National Surety Corp.*, 855 F.2d 640 (9th Cir. 1988). Its failure to pay is completely unreasonable.

Sincerely,

Sarah J. Tugman

cc: Client

2509 EIDE STREET, SUITE 4 • ANCHORAGE, ALASKA 99503
TELEPHONE: (907) 677-7889 • FACSIMILE: (907) 677-9188

EXHIBIT # 13
Page # 2 of 2