Sarah J. Tugman
Attorney at Law
2509 Eide Street, Suite 4
Anchorage, Alaska 99503
Telephone: (907) 677-7889
Fax: (907) 677-9188
e-mail: sjtugman@gci.net
Attorney for GMW Fire Protection, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

|  |  |
|---|---|
| THE UNITED STATES for the use of GMW Fire Protection, Inc., an Alaska Corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>KANAG'IQ CONSTRUCTION CO., INC., an Alaska Corporation and WESTERN SURETY COMPANY, a South Dakota Corporation,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. A-05-0170 CV (TMB) |

GMW'S REPLY TO DEFENDANTS' OPPOSITION TO
GMW'S MOTION FOR ATTORNEY FEES

Defendant's opposition to GMW's motion for attorney fees apparently assumes that GMW did nothing more than succeed on its Miller Act claim. GMW, however, also successfully defended state law claims for breach of contract, for breach of the covenant of good faith and fair dealing, and an Unfair Trade Practices claim seeking $862,731.36 in damages ($287,577.12 x 3) plus interest,

GMW'S REPLY RE ATTORNEY FEES – PAGE 1

costs, and attorney fees.[1]

There were no defeated counterclaims in <u>F.D. Rich Co., Inc. v. United States for the Use of Industrial Lumber Co., Inc.</u>, 417 U.S. 116, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974) and the case is not authority for denying attorney fees for the successful defense of such pendant state-law claims.[2]

A party prevailing on a state law counterclaim was held entitled to Alaska Rule 82 attorney fees in <u>City of Angoon v. Hodel</u>, 1988 U.S. Dist. LEXIS 17354 at 24 (D. Alaska 1988), although not on federal claims for which no independent right to attorneys fees existed.

*See also* <u>In re Sparkman</u>, 703 F.2d 1097, 1100 (9th Cir. 1983)(where state law governs substantive issues related to a

---

[1] Moreover, Defendants' (both Kanag'Iq's and the surety's) answer to the complaint alleged overcharging and breach of contract as affirmative defenses, defenses on which Plaintiff prevailed.

[2] Although there was one in <u>U.S. ex. rel. Leno v. Summit Construction Co.</u>, 892 F.2d 788, 790-91 (9th Cir. 1989) it was apparently not a stated basis for the claim for attorney fees and no basis for the attorney fee claim, other than the Miller Act, was discussed in that case. In <u>Tapat v. Sandwich Islands Construction, Ltd.</u>, 1991 U.S.App. LEXIS 21122 at 3-4 (9th Cir. 1991) the court held in a Miller Act case that, although no attorney fees were available to the plaintiff under his Miller Act claim, since the court assumed pendant jurisdiction over a state-law counterclaim against him, he could recover attorney fees on that portion of the case. *Tapat* is an unpublished decision, however, Ninth Circuit Rule 96-3 provides that unpublished decisions may be cited for factual purposes such as to show entitlement to attorney fees. GMW is unsure of the proper construction of that Rule which may or may not apply only with respect to the entitlement to attorney fees in the case in which the unpublished opinion was issued. For what it is worth, however, a copy of the opinion is attached hereto.

counterclaim, it is appropriate to award attorney fees under state law); <u>United States on behalf of Cal's A/C and Electric, v. The Famous Construction Corp,</u>, 220 F.3d 326, 327 (5th Cir. 2000)(<u>F.D. Rich</u> does not preclude the pursuit of state causes of action for fees in addition to Miller Act claims) and <u>U.S. for the use of Varco Pruden Buildings, v. Reid & Gary Strickland Co.</u>, 161 F.3d 915 (5th Cir. 1998)(A Miller Act case – "We do not read <u>F.D. Rich</u> to prohibit an award of attorney fees on [a] state law cause[] of action").

GMW defeated significant state law claims and, if Alaska Rule of Civil Procedure 82(a)(1) providing for attorney fees in cases in which a money judgment is recovered does not apply – although GMW believes that it should, (a)(2) of the Rule provides:

> (2) In cases in which the prevailing party recovers no money judgment, the court shall award the prevailing party in a case which goes to trial 30 percent of the prevailing party's reasonable actual attorney fees which were necessarily incurred....

In addition, (a)(3) of the Rule provides:

> (3) The court may vary an attorney's fee award calculated under subparagraph (b)(1) or (2) of this rule if, upon consideration of the factors listed below, the court determines a variation is warranted:
>
>> (A) the complexity of the litigation;
>>
>> (B) the length of trial;
>>
>> (C) the reasonableness of the attorneys' hourly rates and the number of hours expended;
>>
>> (D) the reasonableness of the number of attorneys used;

GMW'S REPLY RE ATTORNEY FEES – PAGE 3

      (E) the attorneys' efforts to minimize fees;

      (F) the reasonableness of the claims and defenses pursued by each side;

      (G) vexatious or bad faith conduct;

      (H) the relationship between the amount of work performed and the significance of the matters at stake;

      (I) the extent to which a given fee award may be so onerous to the non-prevailing party that it would deter similarly situated litigants from the voluntary use of the courts;

      (J) the extent to which the fees incurred by the prevailing party suggest that they had been influenced by considerations apart from the case at bar, such as a desire to discourage claims by others against the prevailing party or its insurer; and

      (K) other equitable factors deemed relevant.

GMW asks for a fair award of increased fees based upon all of the foregoing factors and circumstances.

RESPECTFULLY SUBMITTED this 14th day of February, 2008.

s/ Sarah J. Tugman
2509 Eide Street, Suite 4
Anchorage, Alaska 99503
Phone: (907) 677-7889
Fax: (907) 677-9188
E-mail: sjtugman@gci.net
Alaska Bar No.: 8310101

CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of February, 2008, a copy of the foregoing document was served electronically on Tom Gingras, attorney for Kanag'Iq Construction, Inc.

s/Sarah J. Tugman
2509 Eide Street, Suite 4
Anchorage, Alaska 99503
Phone: (907) 677-7889
Fax: (907) 677-9188
E-mail: sjtugman@gci.net
Alaska Bar No.: 8310101

GMW'S REPLY RE ATTORNEY FEES – PAGE 5