LexisNexis® Total Research System    Switch Client | Preferences | Sign Off | ? Help
My Lexis™ | Search | Research Tasks | Get a Document | Shepard's® | Alerts | Total Litigator | Counsel Selector | Dossier | History

Service: **Get by LEXSEE®**
Citation: **1991 U.S. App. LEXIS 21122**

*1991 U.S. App. LEXIS 21122, **

STEVEN TAPAT, JR., UNITED STATES OF AMERICA for the use and benefit of STEVEN TAPAT, JR. dba BUILDING TECHNOLOGIES CO., Plaintiff-Appellee, v. SANDWICH ISLANDS CONSTRUCTION, LTD., a Hawaii corporation; FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland corporation, Defendants-Appellants; UNITED STATES OF AMERICA for the use and benefit of STEVEN TAPAT, JR. dba BUILDING TECHNOLOGIES CO., Plaintiff-Appellant, v. SANDWICH ISLANDS CONSTRUCTION, LTD., a Hawaii corporation; FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland corporation, Defendants-Appellees

C.A. Nos. 90-15193, 90-15239

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

1991 U.S. App. LEXIS 21122

August 14, 1991, Submitted **

** The panel unanimously finds this case suitable for submission without oral argument. *See* Fed. R. App. P. 34 (a); 9th Cir. R. 34-4.
August 22, 1991, Filed

**NOTICE: [*1]** THIS DISPOSITION IS NOT APPROPRIATE FOR PUBLICATION AND MAY NOT BE CITED TO OR BY THE COURTS OF THIS CIRCUIT EXCEPT AS PROVIDED BY CIRCUIT RULE 36-3.

**SUBSEQUENT HISTORY:** Reported as Table Case at 942 F.2d 794, 1991 U.S. App. LEXIS 26252.

**PRIOR HISTORY:** Appeal from the United States District Court for the District of Hawaii; Spencer M. Williams, District Judge, Presiding; D.C. No. CV-88-0143-HMF; D.C. No. CV-89-0143-VAC.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Appellant construction company sought review of a judgment from the United States District Court for the District of Hawaii entered in favor of appellee subcontractor after a jury trial in appellee's action under the Miller Act, 40 U.S.C.S. §§ 270a - 270d, to recover losses on two federal projects. Appellee cross-appealed the denial of his motion for attorney's fees.

**OVERVIEW:** Appellee subcontractor initiated an action against appellant construction company under the Miller Act (the Act), 40 U.S.C.S. §§ 270a - 270d, to recover losses on two federal projects. Appellant filed a counterclaim for breach of contract on the two federal jobs and on a third non-federal job for which appellee was also a subcontractor. The district court ruled that evidence regarding an alleged default by appellee on the non-federal contract was inadmissible. The court affirmed the judgment entered in favor of appellee after a jury trial. The court held that the district court did not abuse its discretion in barring evidence concerning the non-federal contract because appellant failed to establish the relevance of the alleged default of the non-federal contract to a breach of the federal contracts. The court reversed and remanded that portion of the district court's judgment denying appellee attorney's fees on appellant's counterclaim. Although attorney's fees were not available to appellee under the Act, appellee was entitled to attorney's fees as the prevailing party in appellant's breach of contract counterclaim that sounded in assumpsit.

**OUTCOME:** The court affirmed a judgment entered in favor of appellee subcontractor after a jury trial in appellee's action under the Miller Act to recover losses on two federal projects from appellant construction company where the district court did not abuse its discretion in barring evidence concerning a non-federal contract. The court reversed and remanded that portion of the judgment that denied appellee attorney's fees on appellant's counterclaim.

**CORE TERMS:** attorney's fees, Miller Act, counterclaim, breach of contract, pendent jurisdiction, assumpsit, non-federal, anticipatory repudiation, subcontractor, assurance, default

**LEXISNEXIS® HEADNOTES**   – Hide

Civil Procedure > Appeals > Standards of Review > Abuse of Discretion
Contracts Law > Breach > Anticipatory Repudiation > General Overview
Evidence > Procedural Considerations > Rulings on Evidence

*HN1* The court reviews evidentiary rulings for an abuse of discretion. More Like This Headnote

Civil Procedure > Remedies > Costs & Attorney Fees > General Overview
Civil Procedure > Appeals > Standards of Review > De Novo Review

*HN2* The court reviews the district court's application of law to an attorney's fee request de novo. More Like This Headnote

Civil Procedure > Pleading & Practice > Pleadings > Counterclaims > General Overview
Contracts Law > Breach > Causes of Action > Assumpsit
Contracts Law > Breach > Nonperformance

*HN3* By statute, Hawaii provides the prevailing party attorney's fees in actions in the nature of assumpsit. Haw. Rev. Stat. § 607-14 (1976). Assumpsit is a common law form of action for the recovery of damages for the non-performance of a contract. More Like This Headnote

**JUDGES:** Browning, Farris, and Leavy, Circuit Judges.

**OPINION**

MEMORANDUM

Sandwich Islands Construction appeals the judgment after a jury trial in favor of Steven Tapat, Jr., its subcontractor on two government contracts, in Tapat's action under the Miller Act, 40 U.S.C. §§ 270a-270d. Sandwich contends that the district court erred in refusing to admit evidence regarding a third subcontract between Tapat and Sandwich. Tapat cross-appeals the district court's denial of his motion for attorney's fees.

Tapat instituted this Miller Act action to recover losses on two federal projects. Sandwich filed a counterclaim for breach of contract on the two federal jobs and on a third, non-federal job for which Tapat was also a subcontractor. The district court declined to exercise pendent jurisdiction over the non-federal job. The district court further ruled that evidence regarding an [*2] alleged default by Tapat on the non-federal contract was inadmissible. The court found the evidence to be both irrelevant to the question of breach of the federal contracts and unduly prejudicial.

*HN1* We review evidentiary rulings for an abuse of discretion. Roberts v. College of the Desert, 870 F.2d 1411, 1418 (9th Cir. 1988). Sandwich argues that excluded evidence concerning the state contract was necessary to its theory that Tapat defaulted on the federal contracts by 1) failing to provide adequate assurance of performance and 2) by anticipatory repudiation of the contracts. We understand but reject the argument. Sandwich relies on the Hawaii Uniform Commercial Code. No Hawaiian authority supports application of the Code's "right to adequate assurances," Haw. Rev. Stat. § 490: 2-609, or "anticipatory repudiation," Haw. Rev. Stat. § 490: 2-610, provisions to a construction contract. Moreover, Sandwich failed to establish the relevance, under such theories, of the alleged default on the state contract to a breach of the federal contracts. The district court did not abuse its discretion in barring reference to the state contract.

Tapat argues that the district [*3] court erred in denying its motion for attorney's fees. *HN2* We review the district court's application of law to the fees request de novo. United States ex rel. Reed v. Callahan, 884 F.2d 1180, 1185 (9th Cir. 1989), cert. denied, 110 S. Ct. 1167 (1990). The Miller Act was the sole jurisdictional basis for Tapat's suit. Tapat did not assert pendent jurisdiction. His breach of contract and quantum meruit claims were raised pursuant to the Miller Act. See United States of America ex rel. Leno v. Summit Constr. Co., 892 F.2d 788 (9th. Cir. 1989). Because Tapat's claims arose under the Miller Act, no attorney's fees are available. Id.

The Miller Act does not, however, provide the basis for jurisdiction as to Sandwich's counterclaim. See 40 U.S.C. § 270b. Because the district court assumed pendent jurisdiction over the counterclaim, state law governs the availability of attorney's fees. See Summit Constr. Co., 892 F.2d at 791. *HN3* By statute, Hawaii provides the prevailing party attorney's fees in actions "in the nature of assumpsit." Haw. Rev. Stat. § 607-14 (1976). "Assumpsit is a common law [*4] form of action for the recovery of damages for the non-performance of a contract." Smothers v. Renander, 2 H. App. 400, 633 P.2d 556, 561 (1981). Because Sandwich's breach of contract counterclaim sounded in assumpsit, Tapat is entitled to attorney's fees for that portion of the case.

*Id.*

We affirm the district court except we reverse that portion of the court's order denying Tapat attorney's fees on Sandwich's counterclaim. We remand to the district court to calculate the proper amount of attorney's fees to be paid Tapat pursuant to Haw. Rev. Stat. § 607-14 for his successful defense of Sandwich's counterclaim.

AFFIRMED in part, REVERSED in part, and REMANDED.

Service: **Get by LEXSEE®**
Citation: **1991 U.S. App. LEXIS 21122** 
View: Full
Date/Time: Wednesday, February 13, 2008 - 11:31 PM EST

\* Signal Legend:
● - Warning: Negative treatment is indicated
◐ - Questioned: Validity questioned by citing refs
⚠ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
ⓐ - Citing Refs. With Analysis Available
ⓘ - Citation information available

\* Click on any *Shepard's* signal to *Shepardize®* that case.

*My Lexis*™ | Search | Research Tasks | Get a Document | *Shepard's®* | Alerts | Total Litigator | Counsel Selector
History | Delivery Manager | Dossier | Switch Client | Preferences | Sign Off | Help

**LexisNexis**   About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2008 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.