IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE UNITED STATES for the use of GMW Fire Protection, Inc., an Alaska Corporation,<br><br>                 Plaintiff,<br><br>    vs.<br><br>KANAG'IQ CONSTRUCTION CO., INC., an Alaska Corporation, and WESTERN SURETY COMPANY, a South Dakota Corporation,<br><br>                 Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) )<br><br>Case No. A05-170 CI (TMB) |

## REPLY TO GMW'S OPPOSITION TO DEFENDANTS' MOTION FOR JNOV OR, IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL

Defendants KANAG'IQ CONSTRUCTION CO., INC. and WESTERN SURETY COMPANY, by and through their counsel, Eide & Gingras, P.C., reply to GMW's Opposition to their Motion for Judgment Notwithstanding the Verdict or, in the Alternative, Motion for a New Trial.

GMW begins its opposition by confusing the meaning of a general jury verdict. As a rule, a general jury verdict will be upheld only if there is substantial evidence to support each and every theory of liability submitted to the jury. Webb v. Sloan, 330 F.3d 1158, 1166 (9th Cir. 2003). GMW submitted two theories of liability to the jury: quantum meruit and contract modification. Following the rule above, the jury necessarily found support for both of GMW's theories of liability submitted to it. GMW, however,

Eide & Gingras, P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

Reply to GMW's Opposition to Defendants' Motion for JNOV or Motion for New Trial    Page 1 of 11
*The United States for the use of GMW Fire Protection v. Kanag'Iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

1  summarily and incorrectly concludes that the jury found for GMW solely on the theory of

2  contract modification.  That is not what the general verdict form indicates.  [Exhibit D][1]

3  That is not what the rule regarding a general jury verdict states.  <u>Webb</u>, 330 F.3d at 1166.

4  Furthermore, contrary to GMW's assertion that it never claimed there was no contract

5  after the first year, Glen Johnson testified at trial that there was only a contract in year

6  one.  <u>See</u> trial testimony of Glen Johnson on January 23, 2008.[2]  The significance of the

7  jury necessarily finding evidence to support each and every theory of liability that GMW

8  submitted to it is discussed below.

9

10  **A.    GMW Failed To Meet Its Burden Of Proof Regarding Liability On The Part**

11  **Of Western Surety, Therefore Western Surety Is Entitled To Judgment As A**

     **Matter Of Law.**

12        In its Opposition, GMW fails to address the issue of its burden of proof with

13  respect to any liability regarding Western Surety, which Defendants briefed in their

14  underlying motion.  [Motion pp. 3-7]  To the contrary, GMW appears to believe it has no

15

16  burden of proof with regard to the surety under the facts of this case.  GMW is mistaken.

17        The payment bond, by its express terms, states that its obligation extends only to

18  *authorized* modifications of the contract – and notice of *those* modifications to the surety

19  are waived:

20

21        The above obligation is void if the Principal promptly makes

22        payment to all persons having a direct relationship with the
        Principal or a subcontractor of the Principal for furnishing

23

24  [1]    Exhibit designations refer to exhibits attached to the underlying motion.

25  [2]    The date of this particular testimony is believed to be correct, but Defendants
       were unable to obtain a copy of the log notes from trial to confirm the date.

Eide & Gingras, P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

Reply to GMW's Opposition to Defendants' Motion for JNOV or Motion for New Trial                Page 2 of 11
*The United States for the use of GMW Fire Protection v. Kanag'Iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

Eide & Gingras, P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

1
2
3

labor, material, or both in the prosecution of the work provided for in the contract identified above, and any *authorized* modifications of the contract that subsequently are made. Notice of *those* modifications to the Surety(ies) are waived.

4

[Exhibit A, p. 1 (emphasis added)]    Assuming that this language references the prime

5
6

contract, there is no evidence that modifications to the prime contract in the third year of

7

the project (discussed below) were noticed to or authorized by the surety.[3]    The surety did

8

not bind itself with respect to unauthorized modifications of the prime contract.    Id.    The

9

surety did not waive its rights with respect to unauthorized modifications of the prime

10

contract.    Id.

11

    As a general rule, a surety will be discharged where the bonded contract is

12
13

materially altered or changed without the surety's knowledge or consent.    United States

14

on Behalf and for the Benefit of Army Athletic Ass'n v. Reliance Insurance Co., 799

15

F.2d 1382, 1385 (9th Cir. 1986).    Western Surety acknowledges that the rule

16

*automatically* absolving a surety from liability because of an alteration in the contract

17

between the principal and the obligee without the surety's consent is not applicable to

18
19

bonds under the Miller Act, where the surety has deliberately contracted for an uncertain

20

obligation.    American Auto Ins. Co., v. U.S., 269 F.2d 406, 409 (1st Cir. 1959) (citing

21

United States Fidelity & Guaranty Co. v. U.S., 191 U.S. 416 (1903).    The uncertain

22

obligation, however, is only with regard to subcontracts.    Id.    While the surety here

23

24
25

[3]    The "prime contract" refers to the contract between the government and Kanag'Iq.    The "subcontract" refers to the contract between Kanag'Iq and GMW.

Reply to GMW's Opposition to Defendants' Motion for JNOV or Motion for New Trial                Page 3 of 11
*The United States for the use of GMW Fire Protection v. Kanag'Iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

1   contracted for an uncertain obligation with regard to any subcontracts, the surety did not

2   contract for an uncertain obligation with regard to the prime contract.    Western Surety

3   does not claim it entered into its obligation relying on the terms of the subcontract. See

4   Id.  Rather, Western Surety entered into its obligation relying on the terms of the prime

5   contract.  And the surety limited the uncertainty of its obligation by expressly reserving

6   its rights, in writing, with regard to unauthorized modifications of the contract.

7   Moreover, a surety's obligation under a Miller Act bond may be discharged by a

8

9   modification of the contract not within the scope of the original undertaking.  United

10  States Fidelity, 191 U.S. at 426.

11      GMW argues that the general rule regarding discharge of the surety only applies to

12

13  alterations of the prime contract, citing a case from the second circuit for this proposition.

14  [See Cam-Ful Industries, Inc. v. Fidelity and Deposit Co. of Maryland, 922 F.2d 156 (2nd

15  Cir. 1991)]  A subsequent case, however, explained that the dispute in Cam-Ful arose

16  because a subcontractor completed additional work (wood sheeting) that was not detailed

17  in its subcontract but was required under the prime contract – the reference to the prime

18  contract in Cam-Ful was fact-specific.  See Steward Mach. Co., Inc. v. White Oak Corp.,

19  462 F. Supp. 2d 251, 274 (D.Conn. 2006).  The dispute here did not arise because of

20

21  work required under the prime contract but not detailed in the subcontract.

22      Assuming, however, that the Court adopts the position that the rule that discharges

23  a surety from its bond obligation (where the bonded contract is materially altered or

24  changed without the surety's knowledge or consent) only applies to alterations of the

25

Eide & Gingras, P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

Reply to GMW's Opposition to Defendants' Motion for JNOV or Motion for New Trial        Page 4 of 11
The United States for the use of GMW Fire Protection v. Kanag'Iq Construction Co., Inc., et al.
Case No. A05-170 Civil (TMB)

prime contract, the prime contract in this case was altered in the third year. Phil Young and Steve Frere both testified at trial that in the third year of the prime contract when they were not actually on the project, the prime contract did *not* operate as a unit-price contract. See trial testimony of Steve Frere on January 23, 2008, and testimony of Phil Young on January 24, 2008. To the extent the subcontract was modified by conduct because it did not operate as a unit-price contract in the third year, the prime contract was similarly modified by conduct because it also did not operate as a unit-price contract in the third year. The conduct is the same with respect to both contracts in the third year. Thus, contrary to GMW's assertion that the surety has shown no alteration to the prime contract that would permit it to avoid liability, at trial the surety did show alteration to the prime contract during the third year that would permit it to avoid liability.

The surety does not argue here that it is *automatically* discharged from liability. Rather, given the express language of the bond regarding unauthorized modifications and reservation of rights, and GMW's arguments regarding waiver and modification, GMW had the burden of proof with respect to liability on the part of the surety. See United States v. Hal B. Hayes & Assoc., Inc., 221 F.Supp. 260, 263 (D.C.Cal. 1963). Having set forth the affirmative pleas of waiver and ratification in its arguments and its jury instructions, GMW had the burden of proving their applicability by a preponderance of the evidence. Id.

A finding of waiver or ratification on the part of the surety requires a showing of the surety's: (1) actual knowledge of the modifications, and (2) consent to the

Eide & Gingras, P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

Reply to GMW's Opposition to Defendants' Motion for JNOV or Motion for New Trial            Page 5 of 11
*The United States for the use of GMW Fire Protection v. Kanag'Iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

Eide & Gingras, P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

1   modifications.  United States on Behalf and for the Benefit of Army Athletic Ass'n v.

2   Reliance Insurance Co., 799 F.2d 1382, 1387 (9th Cir. 1986).  At trial, GMW failed to

3   meet its burden of proof with regard to the surety: GMW did not show that the surety had

4   knowledge of or consented to material modifications to the contract.  Furthermore, such

5   modifications to the prime contract were outside its scope, as the prime contract was

6   written and extended by option as a unit-price contract.  Absent a showing of the surety's

7   knowledge of and consent to material modifications to the prime contract that were

8   outside the scope of the prime contract, the surety neither waived nor ratified the

9   modifications. Id.  Moreover, Western Surety expressly reserved its rights with regard to

10  unauthorized modifications of the prime contract. [Exhibit A]

11       To the extent a showing of prejudice or damage to the surety is required to

12  discharge it, unauthorized modifications to the contracts through conduct in the third year

13  were prejudicial to the rights that the surety expressly reserved in the payment bond

14  regarding unauthorized modifications, and the damage is the judgment against it.  See

15  Reliance Insurance, 799 F.2d at 1385 (regarding a showing of prejudice or damage).

16  As a matter of law, Western Surety should be discharged of any liability in this matter.

17       Even if Western Surety is not discharged of liability in this matter for the above

18  reasons, the Ninth Circuit has consistently held that the measure of recovery against the

19  surety is the bonded subcontract in a Miller Act case brought by a subcontractor.  See

20  Taylor Construction, Inc. v. ABT Service Corp., Inc., 163 F.3d 1119, 1122 (9th Cir.

21  1998); United States for the Use and Benefit of Walton Techn., Inc. v. Weststar Eng'g,

Reply to GMW's Opposition to Defendants' Motion for JNOV or Motion for New Trial     Page 6 of 11
The United States for the use of GMW Fire Protection v. Kanag'Iq Construction Co., Inc., et al.
Case No. A05-170 Civil (TMB)

Eide & Gingras, P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

1   Inc., 290 F.3d 1199, 1207 (9th Cir. 2002). There was no bonded subcontract in the third

2   year of the project, the time period for which GMW seeks damages. With regard to

3   GMW's theory of quantum meruit, Defendants agree that a quantum meruit claim may be

4   brought under the Miller Act. See Central Steel Erection Co. v. Will, 304 F.2d 548 (9th

5   Cir. 1962) (case involved a claim for additional work). The case law, however, does not

6   involve a completely different type of implied modified contract (lump sum) or no

7   contract at all after year one, either of which results in no bonded subcontract in year

8   three. Id. Absent a bonded subcontract in year three, there can be no measure of

9   recovery against the surety for damages allegedly incurred in year three. With regard to

10  GMW's theory of modified contract, Defendants maintain that under Alaska law the

11  subcontract was not modified by conduct and no damages are owed to GMW. See

12  National Bank of Alaska v. J.B.L. & K. of Alaska, Inc., 546 P.2d 579, 581-582 (Alaska

13  1976). If the contracts were modified through conduct in the third year, however, there

14  was no bonded subcontract at that time against which to measure recovery. Instead, there

15  was a modified, unwritten, and unbonded subcontract in the third year that provides no

16  measure of recovery for the damages alleged by GMW during that time period.

17       GMW introduced no evidence whatsoever at trial with regard to the issue of

18  liability on the part of the surety in the third year of the project. This is particularly

19  problematic in a situation involving alleged modifications through conduct to both

20  contracts in the third year that were not within the scope of the original contract and not

21  authorized by the surety, as required by the bond. Further, those modifications resulted

Reply to GMW's Opposition to Defendants' Motion for JNOV or Motion for New Trial        Page 7 of 11
The United States for the use of GMW Fire Protection v. Kanag'Iq Construction Co., Inc., et al.
Case No. A05-170 Civil (TMB)

1  in no bonded subcontract in the third year against which to measure recovery for damages

2  alleged by GMW during that time.  GMW failed to meets its burden of proof regarding

3  liability on the part of the surety under these facts.  Therefore, Western Surety is entitled

4  to judgment as a matter of law.  In the alternative, Western Surety requests a new trial so

5  it may be presented with any evidence against it and defend itself accordingly.

6

**B.    Under Alaska Law No Contract Modification Occurred, Therefore Kanag'Iq
7          Requests Judgment As A Matter Of Law.**

8      The substantive issue of contract modification is governed by state law.  <u>Walton</u>

9  <u>Techn.</u>, 290 F.3d at 1204.  Alaska law does not support GMW's argument that express

10 contract language regarding modification and waiver may simply be disregarded in this

11 case.  To the contrary, while Alaska law provides that modification of a written contract

12 *may* be effected through subsequent conduct or oral agreements, Alaska law does not

13 provide that modification of a written contract may be effected through subsequent

14 conduct when there is express contract language regarding modification and waiver.  <u>See</u>

15 <u>Alaska Statebank v. Fairco</u>, 674 P.2d 288, 292 (Alaska 1983) (did not involve express

16 contract language regarding modification and waiver); <u>Hendrickson v. Freericks</u>, 620

17 P.2d 205, 211 (Alaska 1981) (upholding non-waiver provisions in property contracts).

18 Furthermore, Alaska law provides that when there is no written modification, no oral

19 agreement to modify, and no showing of the required consideration given for the alleged

20 change, the court will not infer a modification solely from the parties' conduct.  <u>National</u>

21 <u>Bank of Alaska</u>, 546 P.2d at 581-582.  <u>See also</u>, <u>Kincaid v. Kingham</u>, 559 P.2d 1044,

25 1046 n.6 (Alaska 1977) (adopting the above rule in <u>National Bank of Alaska</u>).  There was

Eide & Gingras, P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

Reply to GMW's Opposition to Defendants' Motion for JNOV or Motion for New Trial          Page 8 of 11
*The United States for the use of GMW Fire Protection v. Kanag'Iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

no written modification in this case, there was no oral agreement to modify, and GMW has not shown the required consideration given for the alleged change. Following these Alaska cases, no modification took place.

GMW misconstrues the applicable state law on these facts and instead relies on a treatise, case law from other states, and federal case law to support its position. Those sources do not trump Alaska case law on a substantive question of law in this matter. GMW does refer to an Alaska case involving a rental agreement and a non-waiver clause, but the landlord in that case acquiesced for years with regard to late payment of rent, which constituted a waiver of certain rights. Dillingham Commercial Co., Inc. v. Spears, 641 P.2d 1, 7-8 (Alaska 1982). In this case there was no long acquiescence on the part of Kanag'Iq, which stopped payment to GMW as soon as it realized there was a problem. Pursuant to the express language of the written subcontract and the law applicable to these facts, Kanag'Iq respectfully requests judgment as a matter of law or, in the alternative, a new trial on the grounds that the judgment is against the weight of the evidence as discussed above.

## CONCLUSION

GMW failed to meet its burden of proof with regard to any liability on the part of Western Surety in this matter. GMW presented no evidence whatsoever at trial with respect to Western Surety. GMW failed to establish that the surety was notified of any modifications to the prime contract or that it consented to those modifications. Furthermore, Western Surety expressly reserved its rights with regard to unauthorized

Eide & Gingras, P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

Reply to GMW's Opposition to Defendants' Motion for JNOV or Motion for New Trial
*The United States for the use of GMW Fire Protection v. Kanag'Iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

Page 9 of 11

Eide & Gingras, P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

modifications of the contract. The alleged modifications of the prime contract and the subcontract in the third year of the project prejudiced the surety's express rights under the bond and resulted in damage to the surety in the form of the judgment against it. In addition, there was no bonded subcontract in the third year of the project under a theory of quantum meruit or under a theory of modified contract. As a result, there was no bonded subcontract against which to measure recovery in the third year of the project when GMW alleges damages.

GMW also misconstrues Alaska case law on contract modification. While Kanag'Iq maintains there was no modification through conduct in this case, if there was such modification it took place with regard to both the prime contract and the subcontract in the third year of the project. Phil Young and Steve Frere both testified that the prime contract did *not* operate as a unit-price contract in the third year. To the extent such conduct constitutes modification of the subcontract, it similarly constitutes modification of the prime contract. GMW cannot have it both ways: either the prime contract and the subcontract were not modified through conduct in the third year and GMW is owed no damages, or the prime contract and the subcontract were modified through conduct in the third year and GMW failed to meet its burden of proof with regard to any liability on the part of the surety given the modifications. Following Alaska case law regarding contract modification, Kanag'Iq and Western Surety have no liability in this matter. Even if the prime contract and the subcontract were modified through conduct in the third year of the project, Western Surety has no liability as a matter of law. Kanag'Iq and Western Surety

Reply to GMW's Opposition to Defendants' Motion for JNOV or Motion for New Trial    Page 10 of 11
*The United States for the use of GMW Fire Protection v. Kanag'Iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

1  respectfully and separately request judgment accordingly or, in the alternative, a new

2  trial.

3       DATED at Anchorage, Alaska this 27th day of February 2008.

4
                              EIDE & GINGRAS, P.C.
5                             Attorneys for Defendants
                              Kanag'Iq Construction Co., Inc. and
6                             Western Surety Company

7                             By:___s/Thomas S. Gingras_____
8                                  Thomas S. Gingras
                                   425 G Street, Suite 930
9                                  Anchorage, AK  99501
                                   Phone:   (907) 279-0930
10                                 Fax:     (907) 279-0933
                                   E-mail:  tsgingras@egpalaska.com
11                                 Alaska Bar No. 7811098

12

13

14

15  **CERTIFICATE OF SERVICE**

16  I am a legal secretary employed by the law
    firm of Eide & Gingras, P.C.  That on this
    28th day of February 2008, I served

17       [x] Electronically

18  a true and accurate copy of the foregoing
    document upon the following counsel of record:

19  Sarah J. Tugman, Esq.
    2509 Eide Street, Suite 4
    Anchorage, AK  99503

20  EIDE & GINGRAS, P.C.

21  By___/s/Donna Charter_____

22  F:\431\05\Post-Trial Documents\Motion for JNOV Reply.DOC

23

24

25

Reply to GMW's Opposition to Defendants' Motion for JNOV or Motion for New Trial          Page 11 of 11
*The United States for the use of GMW Fire Protection v. Kanag'Iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)