Westlaw.

Not Reported in F.Supp.2d                                                                                                       Page 1
Not Reported in F.Supp.2d, 2005 WL 846211 (D.Alaska)
**(Cite as: Not Reported in F.Supp.2d)**

H
U.S. ex rel. Rebar Placement Co. v. GBC, L.L.C. Contractors
D.Alaska,2005.
Only the Westlaw citation is currently available.
United States District Court,D. Alaska.
THE UNITED STATES OF AMERICA for the Use and Benefit of Rebar Placement Co., Plaintiff,
v.
GBC, L.L.C. CONTRACTORS d/b/a Grose Brothers, et al. Defendants.
WASHINGTON INTERNATIONAL INSURANCE CO., Cross-claimant,
v.
GBC, L.L.C. CONTRACTORS d/b/a Grose Brothers, Cross-defendant.
Dick PACIFIC/GHEMM J.V., Intervening Plaintiff,
v.
GBC, L.L.C., CONTRACTORS d/b/a Grose Brothers, Defendant.
No. A03-73 CV JWS.

Jan. 18, 2005.

ORDER FROM CHAMBERS

SEDWICK, J.

[Re: Motion at Docket 131]

## I. MOTION PRESENTED

*1 At docket 131, Grose Brothers moves for an award of attorney's fees against Rebar Placement Company ("RPC"). At docket 135, RPC opposes the motion. Oral argument has not been requested and would not assist the court.

## II. BACKGROUND

On April 1, 2003, RPC filed suit against four sureties and Grose Brothers.[FN1] RPC claimed that the sureties violated their duties to RPC under the federal Miller Act.[FN2] Against Grose Brothers, RPC asserted state-law breach of contract and equity claims.[FN3] After RPC filed its complaint, Grose Brothers filed a counterclaim against RPC alleging that RPC breached its contract with Grose Brothers.[FN4]

FN1. Doc. 1.

FN2. Doc. 35 at 13-14.

FN3. *Id.* at 8-12.

FN4. Doc. 41 at 5.

RPC reached a settlement with the sureties, and the court dismissed its Miller Act claims against them.[FN5] Subsequently, Grose Brothers moved the court to decline to exercise supplemental jurisdiction over RPC and Grose Brothers' state-law claims against each other.[FN6] The court granted the motion and dismissed RPC's claims against Grose Brothers, and Grose Brothers' counterclaim against RPC.[FN7] Now, Grose Brothers moves for an award of attorney's fees against RPC pursuant to Alaska Rule of Civil Procedure 82 ("Rule 82").[FN8]

FN5. Doc. 105.

FN6. Doc. 120.

FN7. Doc. 127.

FN8. Doc. 131.

## III. DISCUSSION

District courts follow state rules for awarding attorney's fees when exercising their subject matter jurisdiction over state-law claims.[FN9] In Alaska, Rule 82 provides for an award of attorney's fees to the "prevailing party" in a civil case.[FN10] A party prevails if it succeeds on "the main issues in the action,"[FN11] or if the case against it is dismissed, even when there is no final determination on the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

merits.[FN12] When a case is resolved without trial and the prevailing party does not recover a money judgment, the prevailing party is entitled to twenty percent of the "actual attorney's fees [it] necessarily incurred."[FN13]

> FN9. *MRO Communications v. American Tel. & Tel. Co.,* 197 F.3d 1276, 1281 (9th Cir.1999) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 259 n. 31 (1975)).
>
> FN10. AK. R. CIV. P. 82(a).
>
> FN11. *Bowman v. Blair,* 889 P.2d 1069, 1075 (Alaska 1995) (citing *Alaska Placer Co. v. Lee,* 553 P.2d 54, 63 (Alaska 1976); *Cooper v. Carlson,* 511 P.2d 1305, 1308 (Alaska 1973)).
>
> FN12. *Hart v. Wolff,* 489 P.2d 114, 119 (Alaska 1971).
>
> FN13. AK. R. CIV. P. 82(b)(2).

*A. Grose Brothers Is Entitled to Recover $1,088.70*

Grose Brothers is entitled to recover the attorney's fees it incurred in defending against RPC's state-law claims because it is the prevailing party under Rule 82. Rule 82 applies because Alaska law governs RPC's claims.[FN14] Grose Brothers is the prevailing party because the court dismissed RPC's claims against it.[FN15]

> FN14. RPC argues that District of Alaska Local Rule 54.3(b) allows the court to apply Rule 82 in diversity cases only. If that were true, Rule 82 would not apply here because RPC and Grose Brothers are not diverse. But while Local Rule 54.3(b) requires that the court apply Rule 82 in diversity cases, Local Rule 54.3(a)(2) accepts Rule 82 as potential authority for recovering attorney's fees in other cases.
>
> FN15. *Hart,* 489 P.2d at 119 (court need not reach merits for party to prevail when action against it is dismissed without prejudice).

Although Grose Brothers is entitled to recover its attorney's fees, the court will not award all the fees that it claims it incurred because there are two problems with its fee documentation. The documentation's first problem is it includes time that Grose Brothers' counsel spent working on matters related to RPC's case against the sureties and Dick Pacific/Ghemm J.V.[FN16] Under Rule 82, Grose Brothers may recover only the fees that it incurred in defending against RPC's case against it. Grose Brothers may not recover the fees it incurred while involved in RPC's actions against other defendants because it was not the prevailing party in those cases.

> FN16. Doc. 136 at 6-7.

The documentation's second problem is it contains many redacted entries. Grose Brothers explains that the redacted entries reflect discussions between it and its counsel that are protected by the attorney-client privilege.[FN17] While that may be true, the redactions prevent the court from determining whether the entries are for time spent defending against RPC's state-law claims. Because the court cannot make that determination, it cannot award the fees claimed in the redacted entries.

> FN17. *Id.,* Affidavit of Counsel in Support of Motion for Attorney's Fees, at 3.

*2 After eliminating fees for work unrelated to RPC's state-law claims and fees claimed in redacted entries, the court finds that Grose Brothers is entitled to recover $1,088.70, which is twenty percent of $5,443.50.

*B. RPC Is Not Entitled to an Offset*

RPC argues that Grose Brothers' attorney's fees award should be offset by the attorney's fees that RPC incurred in defending against Grose Brothers'

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                          Page 3
Not Reported in F.Supp.2d, 2005 WL 846211 (D.Alaska)
**(Cite as: Not Reported in F.Supp.2d)**

counterclaim.[FN18] That claim was dismissed at the same time RPC's state-law claims against Grose Brothers were dismissed.[FN19] RPC argues that it was the prevailing party on the counterclaim and that Grose Brothers' award should be reduced by twenty percent of the attorney's fees RPC incurred in defending against the counterclaim.

> FN18. Doc. 135 at 4-5.

> FN19. Doc. 127.

Even if RPC were the prevailing party on Grose Brothers' counterclaim, it is not entitled to a reduction in Grose Brothers' award. RPC's argument is essentially a motion for attorney's fees. But because RPC made the motion more than ten days after the court dismissed Grose Brothers' counterclaim, it is not timely under Rule 82.[FN20]

> FN20. AK. R. CIV. P. 82(c).

### IV. CONCLUSION

For the reasons set out above, Grose Brothers' motion at docket 131 is GRANTED. Within fifteen (15) days of issuance of this order, RPC shall pay to Grose Brothers $1,088.70.

D.Alaska,2005.
U.S. ex rel. Rebar Placement Co. v. GBC, L.L.C. Contractors
Not Reported in F.Supp.2d, 2005 WL 846211 (D.Alaska)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.