Sarah J. Tugman
Attorney at Law
2509 Eide Street, Suite 4
Anchorage, Alaska 99503
Telephone: (907) 677-7889
Fax: (907) 677-9188
e-mail: sjtugman@gci.net
Attorney for GMW Fire Protection, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

|  |  |
|---|---|
| THE UNITED STATES for the use of GMW Fire Protection, Inc., an Alaska Corporation, <br><br> Plaintiff, <br><br> v. <br><br> KANAG'IQ CONSTRUCTION CO., INC., an Alaska Corporation and WESTERN SURETY COMPANY, a South Dakota Corporation, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. A-05-0170 CV (TMB) |

SUPPLEMENTAL BRIEFING RE ATTORNEY FEES

GMW asks the Court to award it actual attorney fees under AS 45.50.537, or at the very least enhanced attorney fees under Alaska Rule of Civil Procedure 82(b)(3).

ATTORNEY FEES UNDER AS 45.50.537

AS 45.50.537, part of Alaska's Unfair Trade Practices and Consumer Protection Act, entitled" Attorney fees, costs and damages," provides:

> * * *
> (b) Unless the action is found to be frivolous, in an action by a private person under AS 45.50.471 –

45.50.561, a prevailing defendant shall be awarded attorney fees and costs provided by court rule. If the action is found to be frivolous, the attorney fees to be awarded to the defendant shall be full reasonable attorney fees at the prevailing reasonable rate.

(c) Notwithstanding the other provisions of this section, in an action brought by a private person under 45.50.471 – 45.50.561, if the plaintiff is not the prevailing party and if the court finds that the action was brought by the plaintiff to obtain a competitive business advantage, the court shall award a prevailing defendant costs as provided by court rule, full reasonable attorney fees at the prevailing reasonable rate, and any damages suffered by the prevailing defendant as a result of the plaintiff's allegations.

* * *

(e) In this section, "frivolous" means

   (1) not reasonably based on evidence or on existing law or a reasonable extension, modification or reversal of existing law; or

   (2) brought to harass the defendant or to cause unnecessary delay or needless expense.

There is no question that Kanag'Iq used its Unfair Trade Practices Claims, because of the treble damages provision, to attempt to get GMW to walk away from its legitimate Miller Act claims, and thereby gain a competitive business advantage. Moreover, the claims made, if not in bad faith were at best "frivolous." In pre-trial briefing, Kanag'Iq offered no case law to support its position, and the Court was able to rule on the matter without sending the issue to the jury. GMW should be entitled to full actual attorney fees under this statute.

ATTORNEY FEES UNDER CIVIL RULE 82

In the event that the Court declines to award full attorney fees under AS 45.50.537, the statue provides for fees to be awarded under court rule. Alaska Rule of Civil Procedure 82 provides, under Subsection (b)(1), a schedule for attorney fee awards when a prevailing party recovers a money judgment. It is an open question whether this section applies in a case where a money judgment was recovered, but was for Miller Act claims, and it is defense of the defendant's counterclaims that entitles the prevailing party to attorney fees.

Subsection (b)(2) provides a presumptive amount for attorney fee awards where a prevailing party recovers no money judgment. Whether it is applicable where a money judgment is recovered, but it is for Miller Act claims, is also an open question. Logically, either subsection could apply in this case where the defense of Kanag'Iq's counterclaims was inextricably intertwined with prosecution of the Miller Act claims and defeat of Kanag'Iq's affirmative defenses.

Subsection (b)(3) of Rule 82 of the Alaska Rules of Civil Procedure grants the trial court discretion to award attorney fees in an amount exceeding the Rule's schedules. It provides, in relevant part:

> (3) The court may vary an attorney's fee award calculated under subparagraph (b)(1) or (2) of this rule if, upon consideration of the factors listed below, the court determines a variation is warranted:

* * *

(C) the reasonableness of the attorneys' hourly rates and the number of hours expended;

(D) the reasonableness of the number of attorneys used;

(E) the attorneys' efforts to minimize fees;

(F) the reasonableness of the claims and defenses pursued by each side;

* * *

(H) the relationship between the amount of work performed and the significance of the matters at stake;

* * *

(K) other equitable factors deemed relevant.

Alaska Rule of Civil Procedure(b)(3).[1]

GMW relies upon the quoted parts of the Rule to request enhanced fees in this case.  GMW used one attorney both pre-trial and during trial.  Most of the work was performed for $200.00 an hour, a very reasonable rate.  Billing judgment was used, and a substantial number of hours of work were not billed.[2]  GMW faced great potential liability, perhaps exceeding one million dollars (since treble damages of $862,731.36 were claimed and prevailing plaintiffs under the Act are also entitled to reasonable actual

---

[1] A trial court has broad discretion to award Rule 82 fees in an amount exceeding that prescribed by the schedule in the rule, so long as the court specifies its reasons for departing from the schedule.  *Tenala, Ltd. v. Fowler,* 993 P.2d 447, 451 (Alaska 1999).

[2] *See* the affidavit of counsel, Exhibit 1.

SUPPLEMENTAL BRIEFING RE ATTORNEY FEES - PAGE 4

attorney fees), which made defense of the counterclaims critical – more critical, in fact, than prosecution of the Miller Act claim.[3]

GMW's counsel did everything possible to minimize fees, including avoiding unnecessary pretrial motion practice and limiting the number of depositions taken for GMW. Although various motions to compel might have been filed, GMW refrained from filing them after considering the costs that would likely be associated with doing so.[4]

Kanag'Iq's claims were weak and not well supported by the exhibits or the witnesses. Julie Jury's testimony was telling and was far more helpful to GMW than it was to Kanag'Iq, although she worked for Kanag'Iq. Bill Jury's testimony was far from credible. GMW was forced to review and to organize a huge number of documents and to tediously introduce a large number of exhibits to show that the project documentation supported its claims and not Kanag'Iq's.

If this subsection of Rule 82 is deemed by the Court to be the most appropriate, GMW requests an award of no less than 65% of its actual fees.[5]

---

[3] *Id.*

[4] *Id.*

[5] The Alaska Supreme Court has affirmed a multitude of awards of enhanced fees in similar cases. See for example, *Ware v. Ware*, 161 P.3d 1188, 1199-1200 (Alaska 2007)(an award of 80% or $8,000 of billed fees of $9,931.50 was not an abuse of discretion); *Cole v. Bartels*, 4 P.3d 956, 960-61 (Alaska 2000)(enhanced attorney fees – 75% of actual fees – permissible where claims and defenses were unreasonable); *Nielson v. Benton*, 957 P.2d 971, 973 (Alaska

SUPPLEMENTAL BRIEFING RE ATTORNEY FEES - PAGE 5

SEGREGATION OF FEES SHOULD NOT BE REQUIRED

As the affidavit of counsel (Exhibit 1) explains, the only hours specifically unrelated to defense of the counterclaims were those hours spent prior to receipt of the counterclaims. After that, all of the issues litigated arose from the same set of facts and circumstances. Kanag'Iq's counterclaims and affirmative

---

1998)(50% of actual attorney fees, exceeding the 20% benchmark in the Rule, allowed based on the attorney's efforts to minimize fees, the reasonableness of the claims and defenses pursued by each side, and the relationship between the amount of work performed and the significance of the matters at stake); *LeDoux v. Kodiak Isl. Borough*, 827 P.2d 1121, 1124 (Alaska 1992)(award of 74% of actual fees not an abuse of discretion where in other cases awards of 60 to 80% have been affirmed); *Murphy v. City of Wrangell*, 763 P.2d 229, 233 (Alaska 1988)(award of 70%, or $3,500 of more than $5,000 in actual fees, was not an abuse of discretion where the City defeated a significant punitive damages claim and important policies were at stake); *Stevens v. Richardson*, 755 P.2d 389, 396 (Alaska 1988)(award to defendant of more than 50% of actual fees was not an abuse of discretion); *Dahl v. Atlantic Richfield Co.*, 725 P.2d 1069, 1074-75 (Alaska 1986)(award of 45% of actual fees and 60% of requested fees, affirmed – much of the trial preparation time was spent refuting a contrived damages claim); *Crook v. Mortenson-Neal,* 727 P.2d 297, 306 (Alaska 1986)(in a construction dispute an award of 80% of actual attorney fees was permitted where the trial court found that  the "Defendants insisted on litigating a  weak  and  incredible  defense  to  its  highly  predictable conclusion"); *Brunet v. Dresser Olympic Division of Dresser Industries, Inc.*, 660 P.2d 846, 847-48 (Alaska 1983)(where no recovery was had, an award of 61%, or $6,000 out of $9,818.50 in actual fees, was not an abuse of discretion); *State v. Fairbanks North Star Borough School Dist.*, 621 P.2d 1329, 1334-35 (Alaska 1981)(an award of 65% of incurred fees, or $37,000 – $22,000 had been requested and $57,000 had been incurred – was permitted); *Hausam v. Woodrich*, 574 P.2d 805, 811 (Alaska 1978)(an award of 86% of actual fees was affirmed although there was no misconduct by the losing party); *Chugach Electric Assn. v. Northern Corporation*, 562 P.2d 1053, (Alaska 1977)(an award of fees exceeding the Rule 82 schedule – 69%, or $14,000 of actual fees of $20,378.40, was affirmed in a six day trial involving complex legal issues).

SUPPLEMENTAL BRIEFING RE ATTORNEY FEES - PAGE 6

defenses were nearly identical.[6] The claim and counterclaims were interrelated and intertwined, but GMW's primary goal, after the counterclaims were filed, was to defeat them due to the large potential adverse exposure. All work done thereafter advanced defeat of those claims. The best defense of the counterclaims was success on GMW's claims.[7]

GMW asks that, after reduction of the pre-counterclaim hours, further segregation of time not be required as any other division would be artificial and should not be necessary under the circumstances. This Court should rule, as did the court in <u>United States for the use of Varco Pruden Buildings v. Reid & Gary Strickland Co.</u>, 161 F.3d 915, 919 (5th Cir. 1998), a Miller Act case, that although attorney fees were not permitted for Miller Act claims, one party prevailing on other claims was not required to segregate its fees because the claims arose out of the same transaction and were so interrelated that their prosecution or defense entailed proof or denial of essentially the same facts.

Where it is not possible to segregate due to the

---

[6] *VT, Inc. v. Geico General Ins. Co.*, 2005 U.S. Dist. LEXIS 854 at 3-4 (N.D. Tex. 2005)(where defendant interjected its counterclaim into its affirmative defenses, segregation of fees was not necessary and fees for all claims were recoverable); *First Union Brokerage Services, Inc. v. Milos*, 1991 U.S. Dist. LEXIS 8541 at 5-6 (S. Dist. Fla. 1991)(where affirmative defenses and counterclaims were virtually identical, the issues were intertwined and not capable of separation)

[7] *See* Exhibit 1.

SUPPLEMENTAL BRIEFING RE ATTORNEY FEES - PAGE 7

interrelatedness of claims, segregation and reduction of fees is not necessary. <u>Diamond v. John Martin Co.</u>, 753 F.2d 1465, 1467 (9th Cir. 1985)(joinder of issues common to causes of action for which fees are proper and those in which they are not allowed should not dilute the right to attorney fees – apportionment not required when incurred for such common issues); <u>Energynorth Natural Gas, Inc. v. Century Indemnity Co.</u>, 452 F.3d 44, 58-59 (1st Cir. 2006); <u>Abell v. Potomac Ins. Co. of Ill</u>., 946 F.2d 1160, 1168-69 (5th Cir. 1991); <u>Robert M. v. Benton</u>, 671 F.2d 1104, (8th Cir. 1982); <u>U.S. for the use of Belt Con Construction, Inc. v. Metric Construction Co., Inc.</u>, 505 F. Supp. 2d 1035, 1041 (Dist. New Mexico 2007); <u>Bristol Technology, Inc. v. Microsoft Corp.</u>, 127 F. Supp. 2d 64, 70 (Dist. Conn. 2000).[8]

SUMMARY

Considering the judgment of $533,848.77 with interest of

---

[8]  In civil rights cases, the Supreme Court has stated:

> Many civil rights cases will present only a single claim. In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

*Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983).

$127,292.05, and using a reduction for unrelated work of $1,097.50 (work done before the counterclaim was filed) from total billed fees of $81,620.00,[9] or a total of $80,522.50, actual fees (which does not include the extensive time spent on post trial motions), attorney fees would be as follows:

- under AS 45.50.537 (a frivolous claim or one to gain a competitive business advantage) would be $80,522.50, or otherwise to be determined by "court rule";
- under Rule 82(b)(1) would be $68,677.09;
- under Rule 82(b)(2) would be $24,156.75; and
- under Rule 82(b)(3) would be in an enhanced amount determined by the court. 65% of actual fees would be $52,339.63.

GMW asks that the court award actual fees under AS 45.50.537, or at the very least enhanced fees under Rule 82(b)(3). The work at Elmendorf was essentially complete by the end of 2004. GMW's attempt to obtain payment from then until now have been wholly rejected. GMW had to proceed through a hotly contested trial to obtain a judgment and even that judgment remains unpaid. In light of Kanag'Iq's weak defenses to payment and its counterclaim brought to forestall payment and intimidate GMW, GMW should be awarded its actual attorney fees.

Respectfully submitted this 28th day of April, 2008.

---

[9] *See* the affidavit of counsel, Exhibit 1.

SUPPLEMENTAL BRIEFING RE ATTORNEY FEES – PAGE 9

s/ Sarah J. Tugman
2509 Eide Street, Suite 4
Anchorage, Alaska 99503
Phone: (907) 677-7889
Fax: (907) 677-9188
E-mail: sjtugman@gci.net
Alaska Bar No.: 8310101

CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of April, 2008, a copy of the foregoing document was served electronically on Tom Gingras, attorney for Kanag'Iq Construction, Inc.

s/Sarah J. Tugman
2509 Eide Street, Suite 4
Anchorage, Alaska 99503
Phone: (907) 677-7889
Fax: (907) 677-9188
E-mail: sjtugman@gci.net
Alaska Bar No.: 8310101