Sarah J. Tugman
Attorney at Law
2509 Eide Street, Suite 4
Anchorage, Alaska 99503
Telephone: (907) 677-7889
Fax: (907) 677-9188
e-mail: sjtugman@gci.net
Attorney for GMW Fire Protection, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

|  |  |
|---|---|
| THE UNITED STATES for the use of GMW Fire Protection, Inc., an Alaska Corporation,<br><br>          Plaintiff,<br><br>v.<br><br>KANAG'IQ CONSTRUCTION CO., INC., an Alaska Corporation and WESTERN SURETY COMPANY, a South Dakota Corporation,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. A-05-0170 CV (TMB) |

## AFFIDAVIT OF COUNSEL

I, Sarah Tugman, under oath states as follows:

1. I am the attorney for GMW Fire Protection, Inc., in the above entitled proceedings.

2. I attached copies of the billings to my client in this case as Exhibit 2 to the motion for attorney fees. Those billings include only time spent prior to receipt of the judgment, and therefore do not include the extensive work done with respect to post trial motions.

3. As I earlier explained, the redacted areas on the bills

AFFIDAVIT OF COUNSEL – PAGE 1                                      EXHIBIT 1

relate to time spent for GMW on other matters which were unrelated to the litigation with Kanag'Iq and the hours spent on those unrelated matters were not included in the totals set out in my earlier affidavit which reflected only time worked on this matter.

4. Some of the time I worked was not charged to the client. Some of that time is indicated at no charge on the bills, and other time was simply not included and was not billed for. Substantially more time was worked than is indicated on the billings, as I applied significant business judgment when preparing the bills.

5. I have looked again at the billings to attempt to segregate the time spent solely on the state law affirmative defenses and counterclaims. Segregation is not simple in that GMW's claims and the counterclaims were interrelated and intertwined and all the causes of action litigated arose from the same set of facts and circumstances. Defense of the counterclaims was essentially proof of GMW's claims.

6. Because of the very significant potential liability presented by the counterclaims, particularly the unfair trade practices claim with its treble damages provision, defeating that claim became more critical to my client than the original Miller Act claim. He had already weathered the financial effects of not being paid for the work he performed, but he could not survive a million dollar loss.

7. As a result, that became the primary focus of the

litigation after that claim was filed, although essentially the same work had to be done to prosecute GMW's claim that needed to be done to defend Kanag'Iq's claims.

    8. I did everything I could to minimize fees and costs in this case. While I could, legitimately, have filed motions to compel, I did not do so after considering the costs that would likely be associated with doing so. I also took only a limited number of depositions, although taking more would have been better.

    9. It would be fair to note, as time-unrelated-to-the counterclaims, the billed work done prior to receipt of the answer, which was 6.1 hours of attorney time billed at $175.00 an hour, and .4 hours of paralegal time billed at $75.00 an hour.

    10. All time spent on disclosures and in response to written discovery requests was necessary for both the claim and for defense of the counterclaims. All documents were reviewed with all issues in mind and would have been necessary if the counterclaims stood alone.

    11. All of the depositions, that of William Jury, Julie Jury, Phil Young, Steve Frere, Glenn Johnson and Thomas Johnson were necessary for both the claim and defense of the counterclaims.

    12. All of GMW's exhibits supported its claim but also showed that GMW was not liable on the counterclaims and would have been necessary solely in defense of the counterclaims. The same is true with respect to the pre-trial motion practice on Kanag'Iq's motion

for partial summary judgment.

13. All of the time spent with respect to GMW's motion in limine on the unfair trade practices claim related to that counterclaim.

14. Other than the time indicated in paragraph 8 above, I do not honestly know how to segregate the time other than to use some percentage which would be hard to support as truly accurate in any sense. Perhaps a 25% reduction could apply, but it is very artificial, and any percentage greater than that would seriously underestimate the counterclaims and their importance, and the work that was done to defeat them.

Dated this ___ day of April, 2008.

_____
Sarah J. Tugman

STATE OF ALASKA            )
                           ) ss.
THIRD JUDICIAL DISTRICT    )

THIS IS TO CERTIFY that on this __ day of April, 2008, before me, the undersigned, a Notary Public in and for the State of Alaska, duly commissioned and sworn as such, personally appeared Sarah J. Tugman, to me known and known to me to be the identical individual named in and who signed the foregoing instrument, and acknowledged to me that the same was signed freely and voluntarily for the uses and purposes therein mentioned.

WITNESS my hand and seal the day and year last above written.

_____
Notary Public in and for Alaska
My commission expires: 10/17/09

CERTIFICATE OF SERVICE

I hereby certify that on the ___ day of February, 2008, a copy of the foregoing document was served electronically on Tom Gingras, attorney for Kanag'Iq Construction, Inc.

s/Sarah J. Tugman
2509 Eide Street, Suite 4
Anchorage, Alaska 99503
Phone: (907) 677-7889
Fax: (907) 677-9188
E-mail: sjtugman@gci.net
Alaska Bar No.: 8310101