IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE UNITED STATES for the use of GMW Fire Protection, Inc., an Alaska Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KANAG'IQ CONSTRUCTION CO., INC., an Alaska Corporation, and WESTERN SURETY COMPANY, a South Dakota Corporation,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. A05-170 CI (TMB) |

**RESPONSE TO SUPPLEMENTAL BRIEFING RE ATTORNEY'S FEES**

Defendants, KANAG'IQ CONSTRUCTION CO., INC. and WESTERN SURETY COMPANY, through their counsel Eide & Gingras, P.C., submit their response to GMW's supplemental briefing regarding attorney's fees. Because GMW has not met its burden of proof with respect to actual fees, segregated fees, or enhanced fees, the motion for attorney's fees should be denied in its entirety.

A.   **Because The Miller Act Does Not Allow For Attorney's Fees, GMW May Only Recover Fees Incurred In Its Successful Defense Of Counterclaims.**

On May 14, 2008, the Court held oral argument on the underlying motion. The Court concluded, and GMW conceded, that the Miller Act does not allow for an award of attorney's fees. All of GMW's claims were brought pursuant to the Miller Act, and there

Response to Supplemental Briefing Re Attorney's Fees                                    Page 1 of 9
*The United States for the use of GMW Fire Protection v. Kanag'Iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

Eide & Gingras, P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

was no enforceable contract provision or evidence of bad faith in this case. [Complaint] Therefore, GMW may not recover attorney's fees for prevailing on its Miller Act claims.

With regard to its defense of state-law counterclaims, GMW may not recover fees against the surety because those claims do not arise under the Miller Act. <u>United States for the use of Varco Pruden Bldgs. v. Reid & Gary Strickland Co.</u>, 161 F.3d 915, 919 (recovery on the bond must be under the Miller Act). GMW may recover attorney's fees, if segregated, against Kanag'Iq for its successful defense of state-law counterclaims. <u>See United States ex re. Leno v. Summit Constr. Co.</u> 892 F.2d 788, 791 (9th Cir. 1989). <u>See also</u> subsection C below for a discussion of the legal duty to segregate recoverable from non-recoverable fees. The Court gave GMW an additional two weeks to segregate fees, to the best recollection of the undersigned. GMW did not segregate its fees. Instead, GMW argues it is entitled to actual attorney's fees pursuant to the Alaska Unfair Trade Practices Act or, in the alternative, enhanced attorney's fees based on its total fees pursuant to Civil Rule 82(b)(3). GMW is mistaken. Under the Miller Act and Alaska law, GMW may only recover a percentage of segregated fees incurred in its defense of state-law claims.

**B.    Because Kanag'Iq's Claims Were Not Frivolous, GMW Is Not Entitled To Full Attorney's Fees Pursuant To The Alaska Unfair Trade Practices Act.**

As a preliminary matter, GMW first requested actual attorney's fees pursuant to the Alaska Unfair Trade Practices Act at oral argument -- not in its underlying motion. At oral argument, the Court stated that Kanag'Iq's counterclaims were not frivolous. The Alaska Unfair Trade Practices Act allows a prevailing defendant to recover actual attorney's fees

Eide & Gingras, P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

Response to Supplemental Briefing Re Attorney's Fees                                                Page 2 of 9
*The United States for the use of GMW Fire Protection v. Kanag'Iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

only if the claims against which it defended were frivolous. Alaska Statute 45.50.537 provides in relevant part:

> \*\*\*
>
> (b) Unless the action is found to be frivolous, in an action brought by a private person under AS 45.50.471 – 45.40.562, <u>a prevailing defendant shall be awarded attorney fees and costs as provided by court rule</u>. If the action is found to be frivolous, the attorney fees to be awarded to the defendant shall be full reasonable attorney fees at the prevailing reasonable rate.

AS 45.50.537(b) (emphasis added). Given that the Court has stated that the counterclaims were not frivolous, it is disingenuous for GMW to reiterate its argument of frivolous claims and seek actual attorney's fees under the Alaska Unfair Trade Practices Act. To the extent GMW argues that Kanag'Iq offered no case law to support its position with regard to its unfair trade practices claim, GMW is mistaken. <u>See</u> Defendant's Opposition to Plaintiff's Motion in Limine, dated December 17, 2007.

GMW also argues that the unfair trade practices claim was brought to gain a "competitive business advantage" but provides no explanation or evidence to substantiate that argument. GMW has not established that the unfair trade practices claim was brought to gain any sort of "competitive business advantage," and the Court concluded that the claim was not frivolous. As a matter of law, GMW is not entitled to actual attorney's fees pursuant to AS 45.50.537.

C. **Because GMW Has Failed To Meet Its Burden Of Proof, GMW Is Not Entitled To Attorney's Fees Under Civil Rule 82.**

GMW argues, in the alternative, that it is entitled to enhanced fees based on its total fees under Civil Rule 82(b)(3). That is incorrect. The Court stated in oral argument that

Eide & Gingras, P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

Response to Supplemental Briefing Re Attorney's Fees                                   Page 3 of 9
*The United States for the use of GMW Fire Protection v. Kanag'Iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

Defendant's counterclaims were not frivolous and stated that the trial was not extended because of counterclaims. There was essentially a five day trial. GMW continues to argue that it should not be required to segregate fees. That, however, is not the law. As a general rule, the party seeking to recover attorney's fees carries the burden of proof, which includes the duty to segregate recoverable from non-recoverable fees. United States v. Reid & Gary Strickland Co., 161 F.3d 915, 919 (5th Cir. 1998) (a party requesting attorneys' fees carries the burden of proof and the duty to segregate fees). GMW relies upon Strickland to argue that segregation of fees should not be required. [Supplemental Briefing, p. 7] Strickland, however, supports the segregation of fees in this case. In Strickland, the segregation of fees was required where it was possible, even though segregation might be difficult. Id. at 921-922. GMW argues that segregation wasn't necessary because all the claims were intertwined. See Diamond v. John Martin Company, 753 F.2d 1465, 1467 (9th Cir. 1985). Diamond, however, did not involve Miller Act claims that expressly preclude an award of attorney's fees. The court expressly stated that a litigant may not increase the fee recovery by joining a cause of action in which fees are not recoverable with one in which they are. Id. While this case does not involve joinder, GMW is essentially trying to increase the fee recovery by combining its Miller Act claims with the state-law counterclaims.

     Moreover, under Alaska law, a party in a Miller Act case may not recover attorney's fees incurred in the prevailing party's defense of state-law counterclaims if there are problems with fee documentation. 2005 WL 846211 at *1 (D. Alaska 2005). GMW's fee

Response to Supplemental Briefing Re Attorney's Fees     Page 4 of 9
*The United States for the use of GMW Fire Protection v. Kanag'Iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

documentation is for its total fees in this case. GMW may only recover attorney's fees incurred in its defense of state-law counterclaims, but GMW has never made any effort whatsoever to segregate those fees. GMW had a duty to segregate fees as it worked on the case, and it failed to do so. To the extent GMW now claims it cannot segregate fees because the facts and issues are so intertwined that their prosecution or defense entailed proof or denial of essentially the same facts, GMW did nothing more in defending against state-law claims than it did in prosecuting its Miller Act claims. In its supplemental briefing on the issue, GMW twice stated, "The best defense of the counterclaims was success on GMW's claims." [Supplement Briefing, p. 7; Affidavit of Counsel, p. 2, ¶ 5] Success on GMW's claims, however, does not entitle it to recover attorney's fees. It is disingenuous of GMW to now seek attorney's fees based on its total fees, when those fees were incidental to prosecuting its principal claims for which it is not entitled to attorney's fees. See also Alaska Constr. & Eng'g v. Balzer, 130 P.3d 932, 939 (Alaska 2006). The court in Balzer rejected plaintiff's argument that it could collect full attorney's fees, and noted that to do so would allow it attorney's fees for claims not covered by the attorney's fees provision. Similarly, if GMW could collect attorney's fees based on its total fees, to do so would allow it to collect attorney's fees for claims not covered under the Miller Act.

D.  **Even If GMW Is Entitled To Partial Attorney's Fees For Its Defense of State-Law Counterclaims, GMW Is Not Entitled To Enhanced Attorney's Fees.**

GMW argues not only for attorney's fees based on total rather than segregated fees, it argues for enhanced fees of not less than sixty-five percent (65%) of its total fees under Rule 82. That argument is without merit. First, GMW argues for enhanced fees based on

Response to Supplemental Briefing Re Attorney's Fees                                                Page 5 of 9
*The United States for the use of GMW Fire Protection v. Kanag'Iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

Eide & Gingras, P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

total fees, to which it is not entitled because of its Miller Act claims. Even if GMW is allowed partial fees for its successful defense of state-law counterclaims, there is no basis whatsoever for enhancing those fees in this case. Alaska Civil Rule 82(b)(3) lists the following factors to be considered by a court regarding a variation of attorney's fees:

(A)   the complexity of the litigation;

(B)   the length of trial;

(C)   the reasonableness of the attorneys' hourly rates and the number of hours expended;

(D)   the reasonableness of the number of attorneys used;

(E)   the attorneys' efforts to minimize fees;

(F)   the reasonableness of the claims and defenses pursued by each side;

(G)   vexatious or bad faith conduct;

(H)   the relationship between the amount of work performed and the significance of the matters at stake;

(I)   the extent to which a given fee award may be so onerous to the non-prevailing party that it would deter similarly situated litigants from the voluntary use of the courts;

(J)   the extent to which the fees incurred by the prevailing party suggest that they had been influenced by considerations apart from the case at bar, such as a desire to discourage claims by others against the prevailing party or its insurer; and

(K)   other equitable factors deemed relevant.

Alaska R. Civ. P.82(b)(3). GMW relies upon sections C, D, E, F, and H to justify an award of enhanced fees. Those sections do not justify an award of enhanced fees. See Marathon Oil Co. v. ARCO Alaska Inc., 972 P.2d 595, 605 (Alaska 1999) (an award of

Response to Supplemental Briefing Re Attorney's Fees                                Page 6 of 9
*The United States for the use of GMW Fire Protection v. Kanag'Iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

substantially full attorney's fees is manifestly unreasonable in the absence of bad faith or vexatious conduct by the non-prevailing party). An award as requested by GMW, of no less than sixty-five percent (65%) of total fees in this case, would constitute an award of substantially full or excessive attorney's fees incurred in the defense of the state-law counterclaims.

While GMW does not expressly rely on factor A above regarding the complexity of litigation, GMW nonetheless argues that it was forced to review and to organize a "huge" number of documents and introduce a large number of exhibits to prove its claims. GMW chose to bring this action. The documents were the same for all claims. Miller Act suits are plain and simple commercial litigation. F.D. Rich Co., Inc. v. United States, 417 U.S. 116, 130 (1974). Nothing GMW did in this case supports an award of enhanced fees.

Finally, GMW cites several cases in which the Supreme Court has affirmed awards of enhanced fees. GMW summarily argues those cases are "similar" but fails to explain how they are similar. Those cases do not involve combined claims requiring segregation, and those cases involve factors other than or in addition to those upon which GMW relies for enhanced fees. See, e.g.: Ware v. Ware, 161 P.3d 1188, 1199-1200 (Alaska 2007) (intra-family dispute, plaintiff's conduct during litigation unnecessarily increased the difficulty of the litigation); Cole v. Bartels, 4 P.3d 956, 961 (Alaska 2000) (real estate dispute, defendant's claims were inconsistent and increased the complexity of the litigation); Nielson v. Benton, 957 P.2d 971, 973 (Alaska) (one party unfairly sought to pressure the other and maintained a high level of litigation relative to the money at stake).

Response to Supplemental Briefing Re Attorney's Fees    Page 7 of 9
*The United States for the use of GMW Fire Protection v. Kanag'Iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

None of those factors are present in this case.  GMW has failed to establish a basis for an award of enhanced fees in this case.

## CONCLUSION

GMW has the burden of proof with regard to its request for attorney's fees.  GMW has failed to prove it is entitled to full attorney's fees under the Unfair Trade Practices Act.  GMW also failed to prove that it is entitled to enhanced or any attorney's fees under Rule 82.  GMW's burden of proof includes a duty to segregate recoverable fees from those that are not recoverable.  GMW, however, made no effort to segregate fees during the course of litigation.  GMW argues that the best defense of the counterclaims was success on its principal claims, in which case GMW has failed to establish that it did anything more to defend the counterclaims than it otherwise did to pursue its principal claims.  Finally, GMW failed to prove it is entitled to enhanced attorney's fees under Rule 82(b)(3).  As a matter of law, GMW failed to meet its burden of proof and the motion for attorney's fees should be denied in its entirety.

DATED at Anchorage, Alaska this 12th day of May, 2008.

EIDE & GINGRAS, P.C.
Attorneys for Defendants
Kanag'Iq Construction Co., Inc. and
Western Surety Company

By:   s/Thomas S. Gingras
      425 G Street, Suite 930
      Anchorage, AK  99501
      Phone:  (907) 279-0930
      Fax:    (907) 279-0933
      E-mail: tsgingras@egpalaska.com
      Alaska Bar No. 7811098

Response to Supplemental Briefing Re Attorney's Fees                                                      Page 8 of 9
*The United States for the use of GMW Fire Protection v. Kanag'Iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

**CERTIFICATE OF SERVICE**

I am a legal secretary employed by the law firm of Eide & Gingras, P.C. That on this 12th day of May, 2008, I served

    [x] Electronically

a true and accurate copy of the foregoing document upon the following counsel of record:

    Sarah J. Tugman, Esq.
    2509 Eide Street, Suite 4
    Anchorage, AK  99503

EIDE & GINGRAS, P.C.

By  /s/Donna Charter

F:\431\05\Reply to Supp Brief re Atty Fees.DOC

Response to Supplemental Briefing Re Attorney's Fees                         Page 9 of 9
*The United States for the use of GMW Fire Protection v. Kanag'Iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

Eide & Gingras, P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax