Sarah J. Tugman
Attorney at Law
2509 Eide Street, Suite 4
Anchorage, Alaska 99503
Telephone: (907) 677-7889
Fax: (907) 677-9188
e-mail: sjtugman@gci.net
Attorney for GMW Fire Protection, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

|   |   |
|---|---|
| THE UNITED STATES for the use of GMW Fire Protection, Inc., an Alaska Corporation, <br><br> Plaintiff, <br><br> v. <br><br> KANAG'IQ CONSTRUCTION CO., INC., an Alaska Corporation and WESTERN SURETY COMPANY, a South Dakota Corporation, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. A-05-0170 CV (TMB) |

REPLY TO RESPONSE TO SUPPLEMENTAL BRIEFING RE ATTORNEY FEES

Kanag'Iq's response to GMW's motion contains numerous statements unsupported by authorities or reason, and largely ignores the authorities cited by GMW. GMW is entitled to attorney fees and an enhanced award is appropriate.

I.   GMW SHOULD BE AWARDED ENHANCED FEES UNDER THE UNFAIR TRADE PRACTICES ACT

While Kanag'Iq claims that it offered authority in support of its unfair trade practices claim, GMW continues to believe that none of the authority cited by Kanag'Iq supported the claim that it

made in this case. Moreover the facts did not support the overcharging claim on which it was based.

AS 45.50.537 defines frivolous for purposes of its attorney fee provisions as follows:

> (e) In this section, "frivolous" means
>
>> (1) not reasonably based on evidence or on existing law or a reasonable extension, modification or reversal of existing law; or
>>
>> (2) brought to harass the defendant or to cause unnecessary delay or needless expense.

Kanag'Iq's failure to provide any valid support for its unfair trade practices theories, and the Court's directed verdict on the unfair trade practices claim, illustrate the claim's lack of support in the law. The depositions taken in the case, and the promptness and content of the jury's verdict, illustrate the lack of support in fact.

Moreover, the obvious intent and purpose of its unfair trade practices claim was to threaten GMW with the treble damages provisions in order to encourage GMW to drop its legitimate claims, as was evidenced by the fact that Kanag'Iq's only settlement offers, throughout, were that GMW pay Kanag'Iq[1] or that the parties "walk away."

II.   GMW SHOULD BE AWARDED ENHANCED FEES UNDER 82(B)(3)

Kanag'Iq cites <u>Marathon Oil Co. v. ARCO Alaska, Inc.</u>, 972 P.2d

---

[1] *See* Exhibit A.

REPLY TO OPPOSITION TO SUPPLEMENTAL BRIEFING RE ATTORNEY FEES – PAGE 2

595 (Alaska 1999) for the proposition that an award of 65% of actual attorney fees is manifestly unreasonable in the absence of bad faith or vexatious conduct by the non-prevailing party.[2]

The court in <u>Marathon</u>, however, reversed an award of 80% of actual attorney fees finding that a litigant's position had not been unreasonable but that it had raised a legitimate issue about the power of arbitrators under an agreement and the standard under which their interpretation of the agreement should be reviewed. <u>Id</u>. at 605.[3]  The fee award was reversed and remanded for a reconsideration of the award in light of the trial court's other findings under Rule 82(b)(3).

In any event, in <u>Cole v. Bartels</u>, 4 P.3d 956 (Alaska 2000) the court rejected the argument that Marathon Oil prohibited an award of 75% of actual fees, stating:

> a seventy-five percent fee award does not constitute a "substantially full award" and thus does not require vexatious or bad faith conduct.

<u>Cole</u>, 4 P.3d at 961.  Obviously, neither would a 65% award.

Kanag'Iq's explanations of the reasons for enhanced fees in three Alaska cases oversimplify matters and intentionally fail to recognize certain relevant factors that resulted in enhanced fees. For example the trial court in <u>Ware v. Ware</u>, 161 P.3d 1188 (Alaska

---

[2] Defendant's opposition at 6-7.

[3] Kanag'Iq did not raise a legitimate legal issue, it brought factually weak claims which lacked merit.

REPLY TO OPPOSITION TO SUPPLEMENTAL BRIEFING RE ATTORNEY FEES - PAGE 3

2007) relied upon a variety of factors in enhancing the fee award, which was affirmed on appeal, which included the following:

> a) although the issues involved were not inherently complex, plaintiff's conduct of the litigation added additional and unnecessary levels of complexity to the action;
>
> b) defendant's counsel's hourly rates anD number of hours expended were reasonable and defendant's counsel made substantive efforts to minimize fees actually charged to defendant;
>
> c) the defenses of defendant were reasonable, and in fact, prevailed, while the claims of plaintiff were unreasonable and bordered on bad faith;
>
> d) the issues at stake were significant compared to the amount of work done, both in economic and personal terms;
>
> e) a substantial fee award will not be unduly onerous to plaintiff nor will it improperly discourage similar claims of good-faith litigants.

Ware, 161 P.3d at 1199.  Defendant's description of the award as being based on the fact that "plaintiff's conduct during litigation unnecessarily increased the difficulty of litigation"[4] is not a fair characterization of the factors relied upon by the trial court in its fee award.

Defendant's description of the reason for the attorney fee award in Cole v. Bartels, 4 P.3d 956 (Alaska 2000), that "defendant's claims were inconsistent and increased the complexity of the litigation,"[5] fails to acknowledge the fact that one reason

---

[4] Defendant's opposition at 7.

[5] Defendant's opposition at 7.

for the award of enhanced fees was because the party against whom fees were awarded insisted on bringing claims that lacked factual support and on asserting theories that were not adequately investigated or believable.

Kanag'Iq's claim that the attorney fee award in <u>Nielson v. Benton</u>, 957 P.2d 971 (Alaska 1998) was based on the fact that "one party unfairly sought to pressure the other and maintained a high level of litigation relative to the money at stake,"[6] fails to explain that the trial court relied upon three factors to enhance fees, "(E) the attorney' efforts to minimize fees," "(F) the reasonableness of the claims and defenses pursued by each side" (finding the claim brought by the non-prevailing party "weak"), and "(H) the relationship between the amount of work performed and the significance of the matters at stake."  <u>Id</u>. at 973.

GMW has asked the Court to award it enhanced fees for the reasons indicated in its supplemental briefing.  Reasons of the same sort have supported enhanced fees in numerous Alaska decisions, and have supported enhanced fees in the percentage requested by GMW.

III. <u>UNDER THE CIRCUMSTANCES OF THIS CASE, GMW SHOULD NOT BE REQUIRED TO FURTHER SEGREGATE FEES</u>

In its argument that GMW has failed to segregate its fees, Kanag'Iq relies upon an attorney fee decision in <u>U.S. v.   Reid &</u>

---

[6] Defendant's opposition at 7.

REPLY TO OPPOSITION TO SUPPLEMENTAL BRIEFING RE ATTORNEY FEES – PAGE 5

Gary Strickland Co., 161 F.3d 915 (5th Cir. 1998) which related to a different defendant and different claims than those discussed in Plaintiff's brief.  The part of the decision upon which Plaintiff relies recognizes that, in spite of the burden on a party seeking fees, and the duty to segregate fees if possible, segregation may not be possible.  As the court, in affirming the trial court's decision, explained:

> The district court did not require that File-Steele segregate its fees into those incurred for successful claims and those incurred for unsuccessful claims. Instead, the court found that no segregation was required because the claims arose out of the same transaction and were so interrelated that their prosecution or defense entailed proof or denial of essentially the same facts.

Id. at 919 (citation omitted).  The attorney fee claim, for which the court believed segregation was possible, involved a different party, a discrete piece of work done by that party, and the extra work required with respect to that discrete piece of work due to mistakes by another party.  Id. at 922.  In this case, however, as explained in the affidavit of counsel, division of the majority of the work done into discrete pieces is not possible.

Further, it is not possible largely because of Kanag'Iq's choices.  Kanag'Iq brought state law counterclaims which mirror its state law affirmative defenses.  It has not denied that it did.  As a result, this case does not fit the admonition in Diamond v. John Martin Co., 753 F.2d 1465, 1467 (9th Cir. 1985) that a litigant cannot increase fee recovery by joining a cause of action in which

fees were recoverable with one in which they were not.  GMW is not "combining its Miller Act claims with the state law counterclaims."[7]  Kanag'Iq is the one that brought affirmative defenses and counterclaims which permit GMW's attorney fee claim.  That was a conscious choice on Kanag'Iq's part.  It should not now complain that it is in the situation that faces it now.

Kanag'Iq simply states that GMW made no effort to segregate fees, an assertion contradicted in GMW's counsel's affidavit, and continues to state that segregation of fees is absolutely required, ignoring the multitude of cases that state to the contrary – where claims and defenses are inextricably intertwined.

As explained in the affidavit of counsel, she believes that any attempted segregation, other than that described, would be artificial and inaccurate.  If the Court disagrees with counsel's analysis, based upon the documentation provided, it may certainly make a different determination and perform a segregation of its own.

> An experienced trial judge is the best judge of the value of professional services in his court [and his judgment] will not be disturbed unless ... it is clearly wrong.

Diamond v. John Martin Co., 753 F.2d 1465, 1467 (9th Cir. 1985) citing Serrano v. Priest, 569 P.2d 1303 (Cal. 1977).[8]

---

[7]  Kanag'Iq's opposition at 4.

[8]  Moreover, there is a huge difference in the fees available under the schedule if subsection (b)(1)(award based on a

REPLY TO OPPOSITION TO SUPPLEMENTAL BRIEFING RE ATTORNEY FEES - PAGE 7

Finally, Kanag'Iq's argument that GMW cannot recover attorney fees on the basis that there are "problems with fee documentation," citing U.S. ex rel. Rebar Placement Co. v. GBC, L.L.C. Contractors, 2005 WL 846211 (D. Alaska 2005), is not supported by the facts or by the case it cites. The documentation of fees that is required, where an award based other than on the schedule of Rule 82 is requested, is accurate records of the hours expended and a brief description of the services provided. Valley Hospital Association v. Brauneis, 141 P.3d 726, 730 (Alaska 2006), Hayes v. Xerox Corp., 718 P.2d 929, 939 (Alaska 1986). GMW has fully documented the work that it did and the fees that it charged. The fees did not relate to different defendants against which the fee applicant did not prevail, nor were entries redacted yet fees claimed for those entries, the issues that presented problems in GBC.[9]

GMW's counsel, in good faith, attempted to segregate fees, but other than some pre-answer hours was unable to do so. This Court should rule that an artificial and unnecessary segregation is not

---

money judgment) of Rule 82 is not used and subsection (b)(2) is used (no money judgment), $68,677.09 under the former and $24,156.75 under the latter. There is still a significant difference – nearly $30,000 -- even if the fees are enhanced, as requested, under subsection (b)(3). Logically, fees under (b)(1) could be seen as compensation for prevailing on the Miller Act claim and fees under (b)(2) and (3) as compensation for prevailing on the affirmative defenses and counterclaims.

[9] U.S. ex rel. Rebar Placement Co. v. GBC, L.L.C. Contractors, 2005 WL 846211 at 1 (D. Alaska 2005).

REPLY TO OPPOSITION TO SUPPLEMENTAL BRIEFING RE ATTORNEY FEES – PAGE 8

required and award fees as requested by GMW.

Respectfully submitted this 15th day of May, 2008.

s/ Sarah J. Tugman
2509 Eide Street, Suite 4
Anchorage, Alaska 99503
Phone: (907) 677-7889
Fax: (907) 677-9188
E-mail: sjtugman@gci.net
Alaska Bar No.: 8310101


CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of
May, 2008, a copy of the foregoing document
was served electronically on Tom Gingras,
attorney for Kanag'Iq Construction, Inc.

s/Sarah J. Tugman
2509 Eide Street, Suite 4
Anchorage, Alaska 99503
Phone: (907) 677-7889
Fax: (907) 677-9188
E-mail: sjtugman@gci.net
Alaska Bar No.: 8310101