Sarah J. Tugman
Attorney at Law
2509 Eide Street, Suite 4
Anchorage, Alaska 99503
Telephone: (907) 677-7889
Fax: (907) 677-9188
e-mail: sjtugman@gci.net
Attorney for GMW Fire Protection, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

|  |  |
|---|---|
| THE UNITED STATES for the use of GMW Fire Protection, Inc., an Alaska Corporation, <br><br> Plaintiff, <br> v. <br><br> KANAG'IQ CONSTRUCTION CO., INC., an Alaska Corporation and WESTERN SURETY COMPANY, a South Dakota Corporation, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

)  Case No. A-05-0170 CV (TMB)

## OPPOSITION TO MOTION TO STRIKE

Defendants' motion to strike, which relies on <u>Federal Rule of Evidence 408</u>, was apparently written without first reading <u>Rule 408</u>, entitled "Compromise and Offers to Compromise," which provides:

> (a) Prohibited uses.– Evidence of the following is not admissible on behalf of any party, **when offered to prove liability for, invalidity of, or amount of a claim** that was disputed as to validity or amount, ...
>
>       * * *
> (2) conduct or statements made in compromise negotiations regarding the claim, ...

<u>Fed. R. Evid. 408</u> (emphasis added).

GMW has not offered Defendants' settlement offer to prove liability or the invalidity of a claim.  The jury's verdict aptly answered those questions.  The letter was offered to show that Kanag'Iq used unreasonable counterclaims to avoid paying GMW's legitimate claims, and to show that GMW had no option but to proceed through a hotly contested trial to obtain the relief it was due.

Rule 408 does not preclude consideration of the settlement offer in this context.

> Plaintiff argues that consideration of the settlement posture is precluded by <u>Rule 408 of the Federal Rules of Evidence</u> which precludes evidence of a settlement offer "to prove liability for or invalidity of the claim or its amount."  However, <u>Rule 408</u> specifically states that it "does not require exclusion when the evidence is offered for another purpose ...."  While determining the reasonableness of a claim for attorney's fees is not specifically mentioned as a purpose for which evidence of a settlement offer may be considered, strong public policy considerations support its admissibility for that purpose.

<u>Greenwich Film Productions, S.A. v. DRG Records, Inc.</u>, 1996 U.S. Dist. LEXIS 12890 (S.D.N.Y. 1996)(considering an attorney fee award under the Copyright Act, 17 U.S.C. § 505).[1]

---

[1] *See also Ollis v. Hearthstone Homes, Inc.*, 2006 U.S. Dist. LEXIS 39151 at 12 (D. Neb. 2006)(references to settlement discussions offered "in the context of fair and reasonable attorney's fees following a verdict in [one party's] favor" not a violation of <u>Fed. R. Evid. 408</u> – not offered "to prove liability for or invalidity of the claim or its amount"); *Del Carmen Y. Mendoza v. Regis Corp.*, 2006 U.S. Dist. LEXIS 48893 at 4 (W.D. Tex. 2006)(motion to strike evidence of settlement offer denied – "[t]o the extent the Court considers the letter when assessing the reasonableness of the fees sought by plaintiffs, it will not be

Defendants' motion to strike should be denied. Further, it is unsupported motions such as this, and others that have been filed by Defendants, that unnecessarily increase the amount of time and attorney fees required to resolve this case. This should be considered in the Court's determination as to the amount of attorney fees that should be awarded to GMW.

Respectfully submitted this ___ day of May, 2008.

s/ Sarah J. Tugman
2509 Eide Street, Suite 4
Anchorage, Alaska 99503
Phone: (907) 677-7889
Fax: (907) 677-9188
E-mail: sjtugman@gci.net
Alaska Bar No.: 8310101


CERTIFICATE OF SERVICE

I hereby certify that on the ___ day of May, 2008, a copy of the foregoing document was served electronically on Tom Gingras, attorney for Kanag'Iq Construction, Inc.

s/Sarah J. Tugman
2509 Eide Street, Suite 4
Anchorage, Alaska 99503
Phone: (907) 677-7889
Fax: (907) 677-9188
E-mail: sjtugman@gci.net
Alaska Bar No.: 8310101

---

used for a purpose deemed inadmissible by Rule 408"); *Longmoor v. Nilsen*, 312 F.Supp.2d 352, 363-64 (D. Conn. 2004)(motion to strike evidence of settlement negotiations denied with respect to question of attorney fees under 42 U.S.C. § 1988); *EMI Catalogue Partnership, v. CBS/FOX Co.*, 1996 U.S. Dist. LEXIS 7240 at 6 (S.D.N.Y. 1996)(permitting evidence of settlement negotiations with respect to an attorney fee award under the Copyright Act).

OPPOSITION TO MOTION TO STRIKE – PAGE 3