Eide & Gingras, P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE UNITED STATES for the use of GMW Fire Protection, Inc., an Alaska Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> KANAG'IQ CONSTRUCTION CO., INC., an Alaska Corporation, and WESTERN SURETY COMPANY, a South Dakota Corporation, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br><br><br><br><br><br><br><br> Case No. A05-170 CI (TMB) |

### REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STRIKE

Defendants, KANAG'IQ CONSTRUCTION CO., INC. and WESTERN SURETY COMPANY, through their counsel, Eide & Gingras, P.C., reply to Plaintiff's Opposition to Motion to Strike. As a preliminary matter, the settlement proposal at issue makes clear on its face that it was intended as a confidential settlement proposal: "As a settlement offer, it is not admissible in evidence for *any* purpose." [Plaintiff's Exhibit A; emphasis added] GMW completely fails to address this issue in its opposition. GMW's effort to admit the letter into evidence at all is inappropriate and unsupported under the circumstances.

Moreover, Federal Rule of Evidence 408 prohibits the use of offers to compromise when offered to prove the invalidity or amount of a claim that was disputed as to validity or amount. Fed. R. Evid. 408(a)(2). This, however, is precisely what GMW is doing.

Reply to Plaintiff's Opposition to Motion to Strike        Page 1 of 3
*The United States for the use of GMW Fire Protection v. Kanag'Iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

By its own admission, GMW states: "The letter was offered to show that Kanag'Iq used unreasonable counterclaims to avoid paying GMW's legitimate claims. . . ." [Opposition, p. 2]  Rule 408 prohibits this: in offering the letter, GMW attempts to show that Kanag'Iq's counterclaims were invalid (unreasonable), and that its claims were valid (legitimate) for purposes of an award of attorney's fees.

Even if evidence of settlement negotiations may sometimes be relied upon in setting a reasonable fee award, GMW mischaracterizes the evidence here:

> . . . [T]he obvious intent and purpose of [Kanag'Iq's] unfair trade practices claim was to threaten GMW with the treble damages provisions in order to encourage GMW to drop its legitimate claims, as was evidenced by the fact that Kanag'Iq's only settlement offers, throughout, were that GMW pay Kanag'Iq [See Exhibit A] or that the parties "walk away."

[Plaintiff's Reply to Response to Supplemental Briefing Re Attorney Fees, p. 2]  First, Kanag'Iq did not bring any of the counterclaims to "threaten" GMW, and the Court stated at oral argument that the counterclaims were not frivolous.  Second, Exhibit A and GMW's reference above to other settlement offers by Kanag'Iq, also inadmissible, do not provide evidence of threat as GMW alleges.  There is no logical connection between the settlement offer(s) and GMW's mischaracterization of the claims and counterclaims.  The parties simply differed in their views of the case, which is why it went to trial.

GMW's use of the letter in this matter is not permissible in light of the letter's express confidentiality provision, GMW's stated reason for offering the evidence, and Rule 408.  GMW's submission is not permitted under the rule.  Moreover, courts do not necessarily deem the consideration of settlement negotiations proper to establish an award

Reply to Plaintiff's Opposition to Motion to Strike                                                       Page 2 of 3
*The United States for the use of GMW Fire Protection v. Kanag'Iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

Eide & Gingras, P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

1  of attorney's fees.  See <u>Fair Housing Council of San Diego v. Penasquitos Casablanca
2  Owner's Assoc.</u>, 523 F.Supp.2d 1164, 1175 (S.D.Cal. 2007) (the court declined to consider
3  settlement related communications in reaching its decision regarding attorney's fees).
4  Kanag'Iq respectfully requests the Court to strike any part of GMW's opposition that
5  references settlement negotiations, including Exhibit A, and to impose whatever sanctions
6  it deems appropriate.
7
       DATED at Anchorage, Alaska this 29th day of May, 2008.
8
9                                      EIDE & GINGRAS, P.C.
                                       Attorneys for Defendants
10                                     Kanag'Iq Construction Co., Inc. and
                                       Western Surety Company
11
12                                     By:    s/Thomas S. Gingras
                                              Thomas S. Gingras
13                                            425 G Street, Suite 930
                                              Anchorage, AK  99501
14                                            Phone:  (907) 279-0930
                                              Fax:     (907) 279-0933
15                                            E-mail:  tsgingras@egpalaska.com
                                              Alaska Bar No. 7811098
16

17  **CERTIFICATE OF SERVICE**

18  I am a legal secretary employed by the law
    firm of Eide & Gingras, P.C.  That on this
    29th day of May, 2008, I served
19
         [x] Electronically
20
    a true and accurate copy of the foregoing
21  document upon the following counsel of record:

        Sarah J. Tugman, Esq.
22      2509 Eide Street, Suite 4
        Anchorage, AK  99503

23  EIDE & GINGRAS, P.C.

    By    /s/Donna Charter
24
    F:\431\05\Motion to Strike Settlement Letter Reply.DOC
25

Reply to Plaintiff's Opposition to Motion to Strike                                              Page 3 of 3
*The United States for the use of GMW Fire Protection v. Kanag'Iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

Eide & Gingras, P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax