UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES for the use and benefit of GMW FIRE PROTECTION, INC., an Alaska corporation<br><br>　　　　　　　Plaintiff,<br><br>　　　vs.<br><br>KANAG'IQ CONSTRUCTION CO., INC., an Alaska Corporation; and WESTERN SURETY COMPANY, a South Dakota corporation,<br><br>　　　　　　　Defendants. | No. 3:05-cv-00170-TMB<br><br>MEMORANDUM DECISION and ORDER<br>[Re: Motion at Docket No. 131] |

I.  MOTION PRESENTED

At Docket No. 131 defendants Kanag'Iq Construction ("Kanag'Iq") and Western Surety Co. ("Western") have moved for judgment notwithstanding the verdict[1] or, in the alternative, for a new trial.[2]  At Docket 142 plaintiff ("GMW") opposed the motion and at Docket No. 149 Western and Kanag'Iq replied. The Court has determined that oral argument would not assist in deciding the issues presented and the matter is submitted on the moving and opposing papers.

II.  STANDARD OF REVIEW

On a Rule 50(b) motion, this Court can overturn the jury's verdict and grant the motion only if there is no legally sufficient basis for a reasonable jury to find for that party on that issue.  The Court may not substitute its view of the evidence for that of the jury; nor can it make credibility determinations or weigh the evidence and it must draw all inferences in favor of GMW.  The Court must also disregard all evidence favorable to

---

[1] Fed. R. Civ. P. 50.

[2] Fed. R. Civ. P. 59.

the moving party that the jury is not required to believe.  Credibility, inferences, and fact finding are the province of the jury, not the court.[3/]

In ruling on a motion for a new trial under Rule 59, this court must weigh the evidence as it saw it, and to set aside the verdict of the jury, even though supported by substantial evidence, where, in this Court's conscientious opinion, the verdict is contrary to the clear weight of the evidence.[4/]

### III.  DISCUSSION

**A.  Western Surety**.

<u>Scope of Western Surety Liability</u>.

In the Motion Western claims that because the matter was submitted to the jury on both a beach contract theory and *quantum meruit* and the scope of its liability is limited to breach of contract, it is entitled to judgment as a matter of law.  In this argument, as Western appears to concede in the reply, Western is wrong.  It is clear that "[b]oth breach of contract and *quantum meruit* claims are permitted under the Miller Act."  *U.S. ex rel. Leno v. Summit Const. Co.*[5/]

Western's argument was based upon a misreading of *Taylor Constr. Co. V. ABT Service Corp., Inc.*[6/]  The *Taylor* panel held:[7/]

> The Miller Act provides that before a contract exceeding $25,000 for the construction of any federal public work is awarded, the contractor must secure a payment bond "for the protection of all persons supplying labor and material in the prosecution of the work provided for in said contract...."  40 U.S.C. § 270a(a)(2).  The Act also provides that any person "who has furnished labor or material in the prosecution of the work provided for in such contract ... and who has not been *paid in full* therefor ... shall have the right to sue on such payment bond ... for the *sum or sums justly due him* ...."  40 U.S.C. § 270b(a) (emphasis added).

---

[3/] *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 859 (9th Cir. 2002).

[4/] *Moiski v. M.J. Cable*, Inc., 481 F.3d 724, 729 (9th Cir. 2007).

[5/] 892 F.2d 788, 791 (9th Cir. 1989).

[6/] 163 F.3d 1119 (9th Cir. 1998).

[7/] 163 F.3d at 1121–22 (emphasis added in the original).

> The policy behind the Act is "to provide a surety who, by force of the Act, must make good the obligations of a defaulting contractor to his suppliers of labor and material." *United States ex rel. Sherman v. Carter,* 353 U.S. 210, 217, 77 S.Ct. 793, 1 L.Ed.2d 776 (1957). Because the Act is remedial in that the common law did not allow a lien on federal contracts, the Act "is entitled to a liberal construction and application in order ... to protect those whose labor and materials go into public projects." *Clifford F. MacEvoy Co. v. United States ex rel. Calvin Tomkins Co.,* 322 U.S. 102, 107, 64 S.Ct. 890, 88 L.Ed. 1163 (1944).
>
> The plain language of the Act provides the quickest answer to the question posed here because it is clear from the face of the Act that Taylor can recover from the surety. Taylor is indisputably entitled to bring suit to recover under the payment bond because Taylor "furnished labor or material in the prosecution of the work." 40 U.S.C. § 270b(a).

The court went on to say: "Long-standing precedent confirms that "sums justly due" means the sums due the party under the bonded contract."[8/]

Although, as Western notes, *Taylor* used the term "bonded subcontract," the context in which it was used clearly indicates it was using the term as a shorthand reference to the work Taylor did in furtherance under its subcontract with the prime contractor for which it was entitled to recover from the surety. Taylor sought recovery under the terms of the subcontract only; the issue of recovery under *quantum meruit* was not at issue. Nothing in *Taylor* may be construed as contradicting, overruling, or undermining the clear and unmistakable holding in *Leno* that GMW may recover from Western on either the breach of the subcontract or *quantum meruit* for the work that it performed in prosecuting the contract between the United States and Kanag'Iq.

<u>Plaintiff's Burden of Proof on Liability of Western Surety</u>.

Western's argument appears to be predicated upon the premise that GMW may only recover under the subcontract not *quantum meruit*. As noted above, Western's underlying premise is incorrect. Even if Western were correct on its underlying premise, it would not prevail.

Western argues that because it did not consent to the modification of the subcontract and did not waive or ratify the modification it was discharged from any

---

[8/] *Id*.

obligation it had to GMW under the bond. Western relies on the "general rule a surety will be discharged where the bonded contract is materially altered or changed without the surety's knowledge or consent." *U.S. ex rel. Army Athletic Ass'n v. Reliance Ins. Co.*[9] Again incorrectly referring to a "bonded subcontract," Western argues that because the subcontract between Kanag'Iq and GMW did not operate as a unit price contract during the third year, this was a material alteration of the contract. Assuming, *arguendo*, this to be true, does not lead to the result Western seeks.

First, this Court agrees with GMW that discharge of the surety's obligation only occurs if there is a material change to the "bonded contract," which in this case is the contract between Kanag'Iq and the United States.[10] There simply is no other "bonded contract" in this case. Western argues, without explanation, that the modification of the Kanag'Iq–GMW subcontract also modified the prime contract between the United States and Kanag'Iq. There is no evidence that the modification to the Kanag'Iq–GMW subcontract, if in fact there was one, modified any term of the prime contract. The modification described by Western was to the manner in which GMW's compensation for prosecuting the work provided for in the prime contract was to be determined. There is no evidence that it expanded either the scope of the work or the payment to be made to Kanag'Iq under the prime contract. In short, no modification of the prime contract has been established.

Second, Western must show that "the alteration caused prejudice or damage," *i.e.,* "that the alterations were material and some prejudice resulted" to Western. *Army Athletic Ass'n*. Although Western argues in the reply brief that it has suffered some prejudice or damage as a result of the alteration, the damage it alleges is the judgment against. The basic problem with Western's argument, in addition to the fact that it is raised for the first time in the reply,[11] is that it fails to show how and to what extent its

---

[9] 799 F.2d 1382, 1385 (9th Cir. 1986).

[10] *See Cam-Ful Industries, Inc. v. Fidelity and Deposit Co. of Maryland*, 922 F.2d 156, (2d Cir. 1991), citing *U. S. ex rel. Army Athletic Ass'n v. Reliance Insurance Co*.

[11] This Court need not consider arguments raised for the first time in reply briefs. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).

liability under the surety bond was increased by the alleged unauthorized modification. Western's position is essentially nothing more than a conclusory statement without setting forth any underlying facts.

Western is not entitled to either a new trial or judgment notwithstanding the verdict.

**B. Kanag'Iq.**

Terms of Written Contract.

Kanag'Iq argues that because the written subcontract specifically provides that no modification of the subcontract would be valid or binding except as provided in writing it has no liability to GMW. In its prior order at Docket No. 43, this Court addressed the arguments presented by Kanag'Iq in this motion and rejected them. Under the law of the case doctrine a court is generally precluded from reconsidering an issue that has already been decided by the same court or a higher court in the same case.[12] However, the law of the case doctrine is not a shackle without a key. As long as a district court retains jurisdiction over a case, it has inherent power to reconsider and modify an interlocutory order for sufficient cause.[13] That inherent power is not unfettered: "the court may reconsider previously decided questions in cases in which there has been an intervening change of controlling authority, new evidence has surfaced, or the previous disposition was clearly erroneous and would work a manifest injustice."[14]

Kanag'Iq has failed to present sufficient grounds for the Court to reconsider its prior order. The modification in this case was essentially the extension of the contract for an additional year. The consideration was the *quid pro quo* that GMW would continue to perform its obligations under the subcontract and, in exchange therefore, Kanag'Iq would pay GMW for the labor and materials provided in prosecuting the prime contract between Kanag'Iq and the United States. Nothing in Alaska law precludes the

---

[12] *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir.1993).

[13] *City of Los Angeles, Harbor Div. v. Santa Monica*, 254 F.3d 882, 885 (9th Cir.2001).

[14] *Salt Co. v. United States*, 55 F.3d 1388, 1393 (9th Cir.1995); *see also School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993).

parties from continuing to perform under an otherwise expired contract. That the agreement to extend a contract beyond its expiration may be shown by the conduct of the parties is consistent with existing Alaska precedent.

Waiver and Ratification.

Kanag'Iq's argument *vis-a-vis* waiver and ratification is difficult to follow. First, while it is true that waiver must be pleaded as an affirmative defense,[15] in this case GMW is the plaintiff, not the defendant. In its motion, Kanag'Iq does not explain what gives rise to this requirement in the pleading, in particular, Kanag'Iq does not specify in what pleading filed by GMW in response to which pleading filed by Kanag'Iq GMW was required to raise this defense. More specifically, Kanag'Iq does not specify to what issue waiver would be an appropriate affirmative defense.

Second, as GMW correctly points out, Kanag'Iq did not object to the introduction of any of the evidence that logically tended to establish waiver. Indeed, the Court finds puzzling the fact that Kanag'Iq does not argue that the evidence is insufficient to support a finding by the jury of waiver, evidence that it allowed be introduced without objection. Having permitted the case to be tried on the issue of waiver, Kanag'Iq can not now claim that it has been some how prejudiced or placed at a disadvantage by the failure of GMW to plead waiver as an affirmative defense.[16]

Kanag'Iq is not entitled to either a new trial or judgment notwithstanding the judgment.

## IV.  ORDER

The Motion for Judgment Notwithstanding the Verdict or, In the Alternative, Motion for New Trial at Docket No. 131 is DENIED.

---

[15] Fed. R. Civ. P. 8(c)(1).

[16] *See Baker v. Chicago Fire & Burglary Detection, Inc.,* 489 F.2d 953 (7th Cir.1973) (no reversal on sole ground that defendant failed to plead affirmative defense where "plaintiff does not appear to have been unfairly disadvantaged" by this failure) (dictum); *see also Dunn v. Trans World Airlines, Inc.*, 589 F.2d 408, 412–13 (9th Cir. 1978) (holding that the failure to formally amend the pleadings will not jeopardize a verdict or judgment based upon competent evidence).

Dated:  June 24, 2008.

                        <u>/s/ Timothy M. Burgess</u>
                        TIMOTHY M. BURGESS
                        UNITED STATES DISTRICT JUDGE