IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES for the use and benefit of GMW FIRE PROTECTION, INC., an Alaska corporation<br><br>Plaintiff,<br><br>vs.<br><br>KANAG'IQ CONSTRUCTION CO., INC., an Alaska Corporation, and WESTERN SURETY COMPANY, a South Dakota corporation,<br><br>Defendants. | Case No. 3:05-cv-00170 TMB<br><br>MEMORANDUM DECISION<br>and O R D E R<br>[Re: Plaintiff's Motion for Attorney's Fees at Docket 125] |

## I. MOTION PRESENTED

Plaintiff GMW Fire Protection, Inc. has moved for attorney's fees following a trial in which a jury awarded GMW $533,848.77 in damages against Kanag'Iq in an action brought under the Miller Act. For the reasons stated, the Court GRANTS the Plaintiff's motion and concludes that GMW is entitled to an enhanced fee award under Alaska Civil Rule 82(b)(3) equivalent to 50 percent of its actual pre-trial attorney's fees for its defense against Kanag'Iq's state-law counterclaims, excluding the fees generated before Kanag'Iq filed its counterclaims.

## II. BACKGROUND

This action centered on a dispute over a construction contract. The United States for the use of GMW Fire Protection, Inc. alleged that Defendant Kanag'Iq Construction Co., Inc. failed to pay an outstanding balance owed to GMW under a contract for materials and services. GMW sought to recover the balance under the Miller Act, and Kanag'Iq asserted state-law counterclaims, alleging overcharges by GMW. Following a trial in January 2008, a jury awarded GMW $533,848.77 in damages. GMW then moved for attorney's fees under Alaska Civil Rule 82 for defending against Kanag'Iq's state-law

1

counterclaims. The Court heard oral argument on GMW's motion on and requested supplemental briefing, which the parties have submitted.

## III.  DISCUSSION

GMW initially moved for attorney's fees under Alaska Civil Rule 82 in the amount of $68,614.20.[1] In its supplemental briefing, GMW acknowledges that attorney's fees are not available for its Miller Act claims,[2] but asserts a right to fees based on its successful defense against Kanag'Iq's state-law counterclaims. Specifically, GMW seeks actual attorney's fees under AS 45.50.537[3] or, alternatively, enhanced attorney's fees under Alaska Civil Rule 82(b)(3)[4] of "no less than 65% of its actual fees."

---

[1] GMW calculated this amount under Alaska Civil Rule 82(b)(1), which applies when a party has recovered a money judgment. This provision, however, is not applicable in this case because attorney fees are not available for GMW's Miller Act claim.

[2] See F.D. Rich Co. v. Industrial Lumber Co., 417 U.S. 116, 127 (1974).

[3] AS 45.50.537 provides in relevant part:
Attorney fees, costs, and damages.
(a) In an action brought by a private person under AS 45.50.471 – 45.50.561, a prevailing plaintiff shall be awarded costs as provided by court rule and full reasonable attorney fees at the prevailing reasonable rate.
(b) Unless the action is found to be frivolous, in an action brought by a private person under AS 45.50.471 – 45.50.561, a prevailing defendant shall be awarded attorney fees and costs as provided by court rule. If the action is found to be frivolous, the attorney fees to be awarded to the defendant shall be full reasonable attorney fees as the prevailing reasonable rate.

[4] Alaska Civil Rule 82(b)(3) provides in relevant part:
The court may vary an attorney's fee award calculated under subparagraph (b)(1) or (2) of this rule if, upon consideration of the factors listed below, the court determines a variation is warranted:
(A) the complexity of the litigation;
(B) the length of trial;
(C) the reasonableness of the attorneys' hourly rates and the number of hours expended;
(D) the reasonableness of the number of attorneys used;
(E) the attorneys' efforts to minimize fees;
(F) the reasonableness of the claims and defenses pursued by each side;
(G) vexatious or bad faith conduct;

2

Kanag'Iq opposes the motion, arguing that GMW is not entitled to fees under AS 45.50.537 because Kanag'Iq's Unfair Trade Practices Act claim was not frivolous and GMW has not met its burden of showing that it is entitled to enhanced fees under Civil Rule 82(b)(3). Kanag'Iq further argues that GMW should not be allowed to recover fees for the state-law claims because GMW has not segregated its fees between the Miller Act claim and the state-law counterclaims. Kanag'Iq's co-defendant, Western Surety Co., did not assert counterclaims against GMW; therefore, GMW cannot recover attorney's fees against the surety.

Alaska Civil Rule 82 provides for the award of attorney's fees to prevailing parties.[5] Subsection (b)(2) of the rule establishes a fee schedule for cases in which no money judgment is recovered. In cases that go to trial, the prevailing party is entitled to 30 percent of its reasonable and actual fees which were "necessarily incurred." In turn, Rule 82(b)(3) gives courts discretion to vary a fee award calculated under Rule 82(b)(2) based on the following factors: the complexity of the litigation; the length of the trial; the reasonableness of the attorneys' hourly rates and the overall number of hours, the number of attorneys employed, efforts to minimize fees, the reasonableness of the claims and defenses pursued by each side, whether vexatious or bad faith conduct was involved; the relationship between the work performed and the significance of the matters at stake; the

---

(H) the relationship between the amount of work performed and the significance of the matters at stake;
(I) the extent to which a given fee award may be so onerous to the non-prevailing party that it would deter similarly situated litigants from the voluntary use of the courts;
(J) the extent to which the fees incurred by the prevailing party suggest that they had been influenced by considerations apart from the case at bar, such as a desire to discourage claims by others against the prevailing party or its insurer; and
(K) other equitable factors deemed relevant. If the court varies an award, the court shall explain the reasons for the variation.

[5] Alaska Civil Rule 82 provides in relevant part:

(a) Allowance to Prevailing Party. Except as otherwise provided by law or agreed to by the parties, the prevailing party in a civil case shall be awarded attorney's fees calculated under this rule.

3

extent to which a fee award may be so onerous to the non-prevailing party that it would deter similarly situated litigants; and other equitable factors deemed relevant.[6]

As a preliminary matter, the Court finds that GMW is not entitled to actual attorney's fees under AS 45.50.537, because it has not met its burden of showing that Kanag'Iq's Unfair Trade Practices Act claim was frivolous. GMW asserts that Kanag'Iq offered no case law to support its claim in its pre-trial briefing. This is not true. Kanag'Iq offered an affidavit from William Jury, the owner of Kanag'Iq, in support of its claim and cited legal authority in opposing GMW's attempt to preclude the claim through a motion in limine.[7] GMW also asserts that Kanag'Iq brought the Unfair Trade Practices Act claim to gain a "competitive business advantage," but offers no support for this.

At oral argument, the Court asked the parties for additional briefing on how it should determine "reasonable actual attorney's fees" under Rule 82(b)(2) for the state-law counterclaims. In its supplemental briefing, GMW argues that it should not be required to segregate fees for work done in connection with its Miller Act claims and the state-law counterclaims because they were "interrelated and intertwined" and that "division would be artificial and should not be necessary under the circumstances." As GMW sees it, "Kanag'Iq brought state law counterclaims which mirror its state law affirmative defenses." Moreover, GMW asserts that once Kanag'Iq filed the counterclaims, defeating those claims became its "primary goal" because of the exposure to an adverse award of damages. Kanag'Iq responds that GMW has a duty to segregate its fees and that to the extent it cannot, the work simply reflects that which GMW would have done anyway to prosecute its Miller Act claims.

The Court first addresses the question of whether GMW had an absolute duty to segregate fees. On this issue, both parties rely on *United States ex rel. Varco Pruden Bldgs. v. Reid & Gary Strickland Co.*, a case involving Miller Act and state law claims. In *Strickland*, the Fifth Circuit noted that "[a] party requesting attorneys' fees carries the

---

[6] Alaska Civil Rule 82(b)(3).

[7] *See* Dkt. 81, Def.'s Resp. in Opp. to Plf.'s Mot. in Limine at 4-5.

burden of proof and the duty to segregate fees."[8] Nonetheless, the appellate court held that the district court did not err in awarding attorneys' fees to a subcontractor without requiring the contractor to segregate fees incurred for successful claims from those incurred for unsuccessful claims. The district court reasoned that segregation was not required because the claims "arose out of the same transaction and were so interrelated that their prosecution or defense entailed proof or denial of essentially the same facts."[9] Yet the Fifth Circuit found that the district court erred in not requiring the segregation of fees in a separate fee award to the general contractor from a supplier of building materials. Unlike the claims between the subcontractor and contractor, the Fifth Circuit found that the contractor could have segregated the fees incurred for its successful claim from those incurred for its two unsuccessful claims. "Even though such segregation might be difficult," the court stated, "in this case the simple claim on which [the contractor] prevailed – the anchor bolt claim – could have been isolated from the other unsuccessful claims."[10] The Court thus reads *Strickland* as supporting a general, but not absolute, duty to segregate fees. Using *Strickland* as guidance in the case at bar, the Court finds that GMW is not required to segregate fees because Kanag'Iq's state-law counterclaims and its affirmative defenses to the Miller Act claim were nearly identical, an assessment Kanag'Iq has not denied.

Given that fee segregation is not required, the Court turns next to whether GMW is entitled to enhanced fees under Alaska Civil Rule 82(b)(3). GMW argues for enhanced fees of at least 65 percent of its actual fees based on the following factors: the reasonableness of the attorneys' hourly rates, the number of attorneys used, and the number of hours expended; the attorneys' efforts to minimize fees; the reasonableness of the claims and defenses pursued by each side; and the relationship between the amount

---

[8] *United States ex rel. Varco Pruden Bldgs. v. Reid & Gary Strickland Co.*, 161 F.3d 915, 9191 (5th Cir. 1998).

[9] *Id.*

[10] *Id.*

5

of work performed and the significance of the matters at stake.[11] Under Alaska Civil Rule 82(b)(2), GMW would be entitled to 30 percent of its actual fees of $80,522.50, or $24,156.75, because the case went to trial and GMW did not obtain a money judgment for the state-law counterclaims. Although GMW could have more fully developed its arguments for enhanced fees, the Court concludes that is entitled to an increase equivalent to 50 percent of its actual fees, or $40,261.25. This enhancement is based, primarily, on factor (H) under the rule: "the relationship between the amount of work performed and the significance of the matters at stake." As noted above, GMW's counterclaim under Alaska's Unfair Trade Practices Act exposed GMW to a potential liability of $862,731.36 in claimed treble damages plus reasonable actual attorney's fees. The Court relies to a lesser degree on factors (C)[12] and (E);[13] counsel for GMW charged a reasonable rate of $200 per hour and engaged in limited pre-trial motion practice, thus making an effort to minimize fees.

    Finally, the Court notes that Kanag'Iq objects to GMW's request for 65 percent of actual attorney's fees, because such an amount would constitute an award of "substantially full or excessive attorney's fees." The Court recognizes that the Alaska Supreme Court has held that it is an abuse of discretion to award 80 percent of actual attorney's fees – or a higher percentage – without a finding of vexatious or bad-faith conduct by the non-prevailing party.[14] But the Court is aware of no precedent holding that an award of 50 percent of actual fees constitutes "substantially full attorney's fees" or requires a bad-faith showing.

---

[11] Alaska Civil Rule 82(b)(3).

[12] Alaska Rule 82(b)(3)(C) provides that the court may vary an attorney's fee award based on "the reasonableness of the attorneys' hourly rates and the number of hours expended."

[13] Alaska Rule 82(b)(3)(E) provides that the court may vary an attorney's fee award based on "the attorneys' efforts to minimize fees."

[14] *See Marathon Oil Co. v. ARCO Alaska, Inc.*, 972 P.2d 595, 605 (Alaska 1999).

IV.  ORDER

The Court GRANTS the Plaintiff's Motion for Attorney's Fees against Kanag'Iq (Dkt. 125) and concludes that GMW is entitled to an enhanced award under Alaska Civil Rule 82(b)(3) of 50 percent of its actual attorney's fees, or $40,261.25. The Court also DENIES as moot the Defendants' unopposed motion for a hearing (Dkt. 161) with regard to Western Surety and the motion for attorney's fees.

Dated at Anchorage, Alaska, this 24th day of June, 2008.

/s/ Timothy Burgess
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE