UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES for the use and benefit of GMW FIRE PROTECTION, INC., an Alaska corporation,<br><br>              Plaintiff,<br><br>        vs.<br><br>KANAG'IQ CONSTRUCTION CO., INC., an Alaska corporation; and WESTERN SURETY COMPANY, a South Dakota corporation,<br><br>              Defendants. | No. 3:05-cv-00170-TMB<br><br>ORDER<br>[Re: Motions at Docket Nos. 173, 175, 184, and 185] |

I.  MOTIONS PRESENTED

At Docket No. 173 defendant Western Surety Co. ("Western") moved for an order correcting the judgment entered in this case to reflect that no award of attorney's fees and costs be made as against Western,[1] which motion plaintiff ("GMW") does not oppose to the extent that it relates to the award of attorney's fees,[2] and Western has replied with respect to the taxation of costs.[3]  At Docket No. 175 Kanag'Iq Construction Co., Inc. ("Kanag'Iq") and Western have moved for reconsideration of the Memorandum Decision and Order [Re: Motion at Docket No. 131], which motion GMW opposes[4] and Kanag'Iq and Western have replied.[5]  The Court has determined that oral argument

---

[1] Although this motion appears on its face to be on behalf of both Kanag'Iq and Western, the relief sought is solely on behalf of Western.

[2] Docket 180.

[3] Docket 182.

[4] Docket 179.

[5] Docket 182.

would not assist in determining the issues presented.  The requests for oral argument at Docket Nos. 184 and 185 are DENIED; the matter is submitted on the moving and opposing papers.

## II.  BACKGROUND

After a trial by a jury a verdict was returned in favor of plaintiff ("GMW") against Kanag'Iq and Western and a final judgment was entered on that verdict.[6] GMW filed a cost bill,[7] which was opposed by Kanag'Iq and Western, and allowed by the Clerk of the Court after a hearing at which the parties appeared.[8] Kanag'Iq and Western objected to the taxation of costs,[9] to which GMW replied,[10] and the Court overruled.[11] GMW also moved for the award of attorney's fees,[12] which Kanag'Iq and Western opposed.[13] On June 24, 2008, the Court entered its order awarding GMW attorney's fees in the amount of $40,261.25 as against Kanag'Iq only.[14] On the same date, the Clerk of the Court re-distributed the judgment including the attorney's fees awarded in the total amount awarded against both Defendants.[15]

Kanag'Iq and Western moved for judgment not withstanding the verdict or, in the alternative, a new trial,[16] which GMW opposed.[17] On June 24, 2008, the court denied

---

[6] Dockets 122, 123.

[7] Docket 127.

[8] Docket 133.

[9] Docket 135.

[10] Docket 140.

[11] Docket 169.

[12] Docket 125.

[13] Docket 143.

[14] Docket 168.

[15] Docket 168-2.

[16] Docket 131.

[17] Docket 142.

the motion.[18] On July 7, 2008, Kanag'Iq and Western filed the motions presently pending before the Court. On the same day, Kanag'Iq and Western filed a motion for stay of execution pending resolution of the pending motions,[19] which the Court granted.[20]

On July 22, 2008, Kanag'Iq and Western filed a notice of appeal from Memorandum Decision and Order [Re: Motion at Docket No. 131] denying their motion for a judgment NOV or, in the alternative, new trial.[21]

### III.  DISCUSSION

A. Effect of Appeal.

Normally, the filing of a notice of appeal transfers jurisdiction over the matter from which the appeal is taken from the district court to the court of appeals, leaving the district court without jurisdiction to decide issues within the scope of the appeal.[22] This rule is not absolute. A district court retains jurisdiction over collateral matters that do not interfere with or otherwise impact the appeal.[23] Two collateral matters over which the district court retains jurisdiction are the taxing of costs and the award of attorney's fees.[24] Thus, the notice of appeal notwithstanding, this Court retains jurisdiction over the motion to reconsider the taxation of costs and to correct award of attorney's fees in the judgment.

---

[18] Docket 167.

[19] Docket 170.

[20] Docket 178.

[21] Docket 183.

[22] *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam); *Stein v. Wood,* 127 F.3d 1187, 1189 (9th Cir. 1997).

[23] 16A Charles Alan Wright, *et al*., Fed. Prac. & Proc. Juris. 3d, § 3949.1.

[24] *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999); *Masalosalo v. Stonewall Ins. Co.,* 718 F.2d 955, 956 (9th Cir. 1983) (district court retained jurisdiction to award attorneys' fees after the plaintiff filed a notice of appeal from the district court's decision on the merits); *see also Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 199–203 (1988) (holding that the award of attorney's fees is a collateral matter supplemental to the merits of the controversy, an appeal from which requires a separate notice of appeal if the issue of fees is not resolved before a notice of appeal is filed).

The motion to reconsider the order denying the motion of Kanag'Iq and Western for judgment NOV or, alternatively, a new trial presents a different question. The Notice of Appeal specifically identified the Memorandum Decision and Order [Re: Motion at Docket No. 131] as the judgment from which the appeal was taken.[25] Another exception may apply here however. An effective notice of appeal must be filed for an appellate court to have jurisdiction to hear the case.[26] A notice of appeal has no effect if it is filed before the disposition of a Rule 59 motion for reconsideration.[27] To the extent the Court may treat the motion at Docket 175 as a Rule 59(e) motion, as it was filed and pending before the notice of appeal was filed, this Court retains jurisdiction over the matter.

B. <u>Taxation of Costs</u>.

Western timely moves the court to reconsider the taxation of costs against it. There are basic four grounds for providing relief under Rule 59(e): (1) to correct manifest errors of law or fact upon which the judgment is based; (2) to present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) apply an intervening change in controlling law.[28] Only the first or third appear to be potentially applicable in this case.

Western merely reiterates the argument advanced in its objection to taxation of costs—that costs are not allowed in Miller Act cases. Western's reliance on *United States ex rel. Leno v. Summit Constr. Co.*,[29] is misplaced. Western reads the phrase

---

[25] At this juncture, Kanag'Iq and Western have not appeal from the underlying judgment.

[26] *Tripati v. Henman,* 845 F.2d 205, 206 (9th Cir. 1988) (per curiam).

[27] *Id.;* Fed.R.App.P. 4(a)(4); *United States ex rel. Pippin v. J.R. Youngdale Constr. Co.,* 923 F.2d 146, 149 (9th Cir.1991) (notice of appeal filed by one defendant was ineffective when codefendant subsequently filed a motion for reconsideration); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61 (1982) (per curiam) (explaining that a notice of appeal filed while a motion for reconsideration is still pending is premature and a nullity, and the court of appeals lacks jurisdiction to act).

[28] *McDowell v. Calderon*, 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999) (per curiam and en banc).

[29] 892 F.2d 788, 791 (9th Cir. 1989).

"each party bears its own legal costs" in *Leno* too broadly and out of context.  In *Leno*, the only issue before the Court was whether the prevailing plaintiff could recover attorney's fees under the Miller Act.  The issue of costs was not presented.  Taken in proper context, the term "legal costs" as used in *Leno* refers solely to attorney's fees, not costs taxed under 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d).  Western has not cited, nor has independent research by the Court found any controlling authority, case law or statutory, that costs may not be assessed against a surety in a Miller Act case.

The motion at Docket 173 to the extent it addresses the taxation of costs will be denied.

C. <u>Award of Attorney's Fees</u>.[30/]

GMW does not oppose the motion to the extent it seeks correction of the judgment vis-a-vis the award of attorney's fees.  The Court having reviewed the record agrees that the re-distributed judgment incorrectly awards attorney's fees in favor of GMW as against Western.  To that extent, the motion at Docket 173 will be granted and the Clerk of the Court directed to correct the and the judgment consistent with the Memorandum Decision and Order [Re: Plaintiff's Motion for Attorney's Fees at Docket 125] and re-distribute the judgment accordingly.

D. <u>Reconsideration of Order Denying New Trial</u>.

Initially, the Court observes that there is no express authority for the motion.  Kanag'Iq and Western cite Federal Rule Civil Procedure 59(e) as authority.  That Rule 59(e) applies is questionable.  The Advisory Committee notes to the 1948 amendment, which added subdivision (e), provide:  "The subdivision deals only with the alteration or amendment of the original judgment in the case. . ."  As noted by in one leading treatise:[31/]  "Rule 59(e) covers a broad range of motions, and the only real limitation on the type of the motion permitted is that it must request a substantive alteration of the judgment, not merely the correction of a clerical error, or relief of a type wholly collateral

---

[30/] Although ostensibly brought under Rule 59(e), the motion is more properly brought under Rule 60(a) to correct a clerical error.

[31/] 11 Charles Alan Wright, *et al.*, Fed. Prac. & Proc. Civ. 2d, § 2810.1

to the judgment." The motion at bar does not itself request a substantive alteration of a judgment, only that the Court reconsider denial of an earlier request to substantive alter the judgment.

In this situation, it does appear, however, that, to the extent the Court has retained jurisdiction, it may rely on its inherent power to reconsider matters it has previously decided. Kanag'Iq and Western claim that reconsideration is required to correct a clear error and prevent a manifest injustice. The Court disagrees.

The instant motion for reconsideration is, for the most part, nothing more than a rehash of the arguments Kanag'Iq and Western made in their motion for a judgment NOV/new trial, with some further explication or elaboration of its arguments, which the Court rejected. The Court finds the renewed and expanded arguments unpersuasive.

In particular, the Court is perplexed by the several assertions, either directly or inferentially, that the Court reached conclusions that conflicted with the findings of the jury. The jury returned a single general "finding": that $533,848.77 was due to GMW. There is nothing in the jury's verdict as to how it determined either that the money was due or how it calculated the amount it found was due. How the Court's decision conflicts with the general finding is unexplained and inexplicable.

Western persists in its erroneous argument that its liability is limited to the "bonded subcontract." The facts in this case are clear:

1. Kanag'Iq entered into a contract with the United States for the construction of fire alarm and sprinkler systems at Elmendorf Air Force Base, Alaska.
2. Western issued a labor and materials payment bond to Kanag'Iq guaranteeing payment to those persons supplying labor and materials on the bonded project.
3. GMW provided labor and materials to Kanag'Iq on the project, either under a written subcontract or on a *quantum meruit* basis.
4. The jury found that GMW was owed $533,848.77 for the labor and materials GMW furnished to Kanag'Iq in prosecution of the work under the bonded contract between Kanag'Iq and the United States.

On that basis, Western is liable under its bond, for the sum the jury found was justly due from Kanag'Iq under the bonded contract.[32]

With respect to Western's argument that the contract it bonded, the prime contract between Kanag'Iq and the United States, was amended without its consent, the Court agrees that it appears it misread Western's argument. That does not, however, carry the day for Western. Accepting that the witnesses testified that the prime contract operated as a "unit price" contract during the first two years but not the third proves nothing.[33] Western acknowledges that an unauthorized modification to a bonded contract does not *ipso facto* absolve a surety of liability under a labor and material payment bond. Western has the burden of showing that there was an unauthorized material alteration to the bonded contract that increased its liability,[34] a burden it has manifestly failed to shoulder. Western fails to describe the nature of the amendment, how it operated, its materiality, and, most importantly, how the amendment impaired Kanag'Iq's ability to meet its obligations increasing Western's risk under the bond.[35]

Kanag'Iq renews its argument that GMW's failure to specifically plead waiver as an affirmative defense precluded it submission to the jury. The Court notes that GMW raised the waiver issue in its opposition to Kanag'Iq's motion for partial summary judgment.[36] In its reply,[37] Kanag'Iq did not raise the failure to plead waiver as an affirmative defense. Instead, Kanag'Iq argued the merits of whether there was a

---

[32] *Taylor Constr. Co. v. ABT Service Corp., Inc*. 163 F.3d 1119, 1121-22 (9th Cir. 1998).

[33] Western refers to the trial testimony of Steve Frere and Phil Young but does not provide a transcript of that testimony. For the purposes of ruling on the motion, the Court accepts Western's description of the testimony.

[34] *U.S. ex rel. Army Athletic Ass'n v. Reliance Ins. Co*., 799 F.2d 1382, 1385–86 (9th Cir. 1986).

[35] Counsel for Western is reminded that the Court has no obligation to mine the record to find support for the arguments advanced by counsel. It is the responsibility of counsel to fully develop the arguments advanced and point to the evidence in the record that supports that argument. *See Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996).

[36] Docket 29 at 16.

[37] Docket 37.

waiver. An affirmative defense may be raised for the first time in a motion for summary judgment, provided the delay does not prejudice the other party.[38] Kanag'Iq claimed no prejudice when GMW first raised the waiver defense in its opposition to Kanag'Iq's motion for summary judgment. Absent some change in circumstance, Kanag'Iq could not claim prejudice by submission of the issue to the jury.

Given the somewhat cloudy status of the extent that this Court retains jurisdiction over the motion, out of an abundance of caution, as an alternative ground, the Court will deny the motion at Docket 175 for lack of jurisdiction.

## IV.  CONCLUSION AND ORDER

The Motion to Alter or Amend a Judgment Re Attorney's Fees at Docket No. 173 is GRANTED, in part, and DENIED, in part.

The Motion to Alter or Amend a Judgment at Docket No. 175, is DENIED.

IT IS ORDERED THAT the Clerk of the Court is hereby directed and ordered to correct and re-distribute the judgment consistent with the Memorandum Decision and Order [Re: Plaintiff's Motion for Attorney's Fees at Docket 125] entered at Docket No. 168 awarding attorney's fees against Kanag'Iq Construction Co. only.

IT IS FURTHER ORDERED THAT the stay imposed by the Order Granting Motion for Stay of Execution of Judgment at Docket No. 178, is hereby DISSOLVED and TERMINATED. Any further request for a stay of execution must be made pursuant to Federal Rule of Civil Procedure 62.

Dated: August 6, 2008

/s/ Timothy M. Burgess
TIMOTHY M. BURGESS
United States District Judge

---

[38] *Magana v. Commonwealth of the Northern Mariana Islands*, 107 F.3d 1436, 1446 (9th Cir. 1997).