Sarah J. Tugman
Attorney at Law
2509 Eide Street, Suite 4
Anchorage, Alaska 99503
Telephone: (907) 677-7889
Fax: (907) 677-9188
e-mail: sjtugman@gci.net
Attorney for GMW Fire Protection, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE UNITED STATES for the use of GMW Fire Protection, Inc., an Alaska Corporation, <br><br> Plaintiff, <br><br> v. <br><br> KANAG'IQ CONSTRUCTION CO., INC., an Alaska Corporation and WESTERN SURETY COMPANY, a South Dakota Corporation, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. A-05-0170 CV (TMB) |

OPPOSITION TO MOTION FOR STAY AND TO ALLOW
PAYMENT BOND IN LIEU OF A SUPERSEDEAS BOND

GMW objects to a stay absent the posting of a supersedeas bond. The old payment bond, under which Defendant surety has already failed to pay, is not a supersedeas bond and is not equivalent to a supersedas bond, and it is also in an amount insufficient to bond the judgment.

Federal Rule of Civil Procedure 62(d) provides that:

> **Stay with Bond on Appeal**. When an appeal is taken the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or

after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

The Miller Act payment bond does not provide for the payment of the judgment and all interest, costs and delay damages to GMW upon the conclusion of an unsuccessful appeal. It does not provide that the surety will pay in full after an appeal in which the liability of <u>either</u> party is established. For example, the surety is not liable for the attorney fee award entered, and the bond does not provide that the surety will pay this sum, regardless, at the end of an appeal. Defendant has not provided, as the language of the payment bond requires (paragraph 2 at the bottom of the second page), evidence of the authority of the attorney-in-fact signer on the bond. Further no corporate seal is evident as is required.

Although it is an unreported decision, in <u>U.S. v. Aspar Construction Co.</u>, 1988 U.S. Dist. LEXIS 3538 at 6 (D. New Jersey 1988), affirmed 853 F.2d 918 (3rd Cir. 1988)(copy attached as Exhibit A), the court required a supersedeas bond before granting a stay although the surety argued that one should not be required because of its net worth which was 4,000 times the amount of the judgment, because there was already a Miller Act bond, and for other reasons.

Moreover, the amount of the payment bond is grossly inadequate to protect GMW.

> The predecessor to present Fed.R.Civ.P. 62(d), originally Civil Rule 73(d), had directed that the amount

Opposition to Stay and to Allow Payment Bond in Lieu of a Supersedeas Bond
PAGE 2

of the bond be computed by the district court to include "the whole of the amount of the judgment remaining unsatisfied, cost on the appeal, interest, and damages for delay, unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond." Although the present rule does not by its terms precisely define the amount and conditions of a supersedeas bond, it has been read consistently with the earlier rule. The nature of the bond's dual protection role requires that these conditions normally be imposed.

If a court chooses to depart from the usual requirement of a full security supersedeas bond to suspend the operation of an unconditional money judgment, it should place the burden on the moving party to objectively demonstrate the reasons for such a departure. It is not the burden on the judgment creditor to initiate contrary proof. Such a supersedeas bond is a privilege extended the judgment debtor as a price of interdicting the validity of an order to pay money.

<u>Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.</u>, 600 F.2d 1189, 1191 (5th Cir. 1979) (citations omitted). "The posting of a bond protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment." <u>National Labor Relations Board v. Westphal</u>, 859 F.2d 818, 819 (9th Cir. 1988).

The amount of the judgment, with respect to Kanag'Iq, is $707,461.82 and, since entry, more than $8,500 in interest has accrued. It is accruing at the rate of $44.77 a day. The so-called payment bond issued by Western Surety is only in the amount of $709,148.90. It is already insufficient. It fails to protect GMW now, and will be even more insufficient to protect GMW at the end of the appeal process as, in the event that GMW prevails,

interest and costs will accrue. *See* Appellate Rules 37 and 39.

> The amount of a supersedeas bond is determined by established standards, all of which have the objective of assuring appellee satisfaction of his judgement plus associated costs, if appellant does not prevail on appeal. While appeal is pending, the judgment earns interest .... In determining the sufficiency of a supersedesas bond, the court may consider, among other things, interest to be earned on appeal.

<u>In re Swift Aire Lines, Inc. v. Crocker National Bank</u>, 21 B.R. 12, 17 (BAP 9th Cir. 1982).

GMW asks that, before a stay is allowed, that a full supersedeas bond, adequate to cover the potential liability of either defendant, including costs, interests and damages for the delay caused by the appeal, be posted and approved by this Court.

Respectfully submitted this 11th day of August, 2008.

s/ Sarah J. Tugman
2509 Eide Street, Suite 4
Anchorage, Alaska 99503
Phone: (907) 677-7889
Fax: (907) 677-9188
E-mail: sjtugman@gci.net
Alaska Bar No.: 8310101


CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of August, 2008, a copy of the foregoing document was served electronically on Tom Gingras, attorney for Kanag'Iq Construction, Inc.

s/Sarah J. Tugman
2509 Eide Street, Suite 4
Anchorage, Alaska 99503
Phone: (907) 677-7889
Fax: (907) 677-9188
E-mail: sjtugman@gci.net
Alaska Bar No.: 8310101

```
Opposition to Stay and to Allow Payment Bond in Lieu of a Supersedeas Bond
PAGE 5
```