LexisNexis® Total Research System

Switch Client | Preferences | Sign Out | ? Help

My Lexis™ | Search | Research Tasks | Get a Document | Shepard's® | Alerts | Total Litigator | Transactional Advisor | Counsel Selector | Dossier | History |

Source: Legal > Cases - U.S. > Federal Court Cases, Combined
Terms: supersedeas w/p "payment bond" (Edit Search | Suggest Terms for My Search)

Select for FOCUS™ or Delivery

*1988 U.S. Dist. LEXIS 3538, ***

United States of America acting by and through the United States Coast Guard for the use and benefit of A. Pflugh, Inc., Plaintiffs, v. Aspar Construction Company, Pacific Employers Insurance Company, Hartford Accident & Indemnity Company, Defendants, and Consolidated Cases

Civil Action Nos. 85-0459, 85-0939, 85-1936, 85-2873, 85-5340, 85-0600

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

1988 U.S. Dist. LEXIS 3538

March 15, 1988, Decided

**NOTICE:** [*1] NOT FOR PUBLICATION

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Defendant surety sought a stay of a judgment against it upon appeal pursuant to Fed. R. Civ. P. 62(d) and requested that the stay be granted without a requirement that a supersedeas bond be posted. Plaintiff subcontractor had brought an action against the surety and defendant contractor for failing to pay it for its work on two government construction projects.

**OVERVIEW:** The government accepted certain performance and **payment bonds** from the surety and the contractor. After the subcontractor was informed that the projects had been accepted as completed, it filed an action against the surety for the balance owed and obtained a final judgment. The surety filed an appeal. Upon consideration, the court granted the stay, conditioned upon the surety's posting a **supersedeas** bond for the judgment amount. The court noted that a stay was not an extraordinary remedy and should be given as a matter of right when an appellant filed a **supersedeas** bond. However, the court held that an unsecured stay as requested by the surety could be given only by an exercise of sound discretion and that a full bond should be required under ordinary circumstances. The court determined that the surety had failed to meet its burden to demonstrate that a waiver of the **supersedeas** bond would be proper although it alleged that it had a net worth of 4,000 times the judgment, that the subcontractor was protected by the bonds, and that the surety had an equitable right of subrogation to the contractor's rights for offsets against the subcontractor for construction delays.

**OUTCOME:** The court granted a stay of judgment upon appeal to the surety in the subcontractor's action for amounts owed under a government contract, conditioned upon full payment of a supersedeas bond.

**CORE TERMS:** supersedeas bond, Miller Act, net worth, surety, times, Federal Rules, full amount, judgment debtor, notice of appeal, matter of right, authorize, posting, posted, combined

**LEXISNEXIS® HEADNOTES**  – Hide

Civil Procedure > Judgments > Entry of Judgments > General Overview
Civil Procedure > Judgments > Entry of Judgments > Stays Pending Appeals > Supersedeas Bonds
Civil Procedure > Judgments > Entry of Judgments > Stays of Proceedings > General Overview

HN1± Fed. R. Civ. P. 62(d) states that, when an appeal is taken, the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions continued in Rule 62(a). The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court. More Like This Headnote

Civil Procedure > Judgments > Entry of Judgments > Stays Pending Appeals > Supersedeas Bonds
Civil Procedure > Judgments > Entry of Judgments > Stays of Proceedings > General Overview

HN2± The stay issues as a matter of right in cases within Fed. R. Civ. P. 62, and is effective when the supersedeas bond is approved by the court. More Like This Headnote

Civil Procedure > Judgments > Entry of Judgments > Stays Pending Appeals > Supersedeas Bonds
Civil Procedure > Judgments > Entry of Judgments > Stays of Proceedings > General Overview

HN3± Fed. R. Civ. P. 62(d) makes filing a supersedeas bond a condition precedent only if appellant seeks to obtain a stay as a matter of right; Rule 62(d) does not limit the district court's power to issue unsecured stays through an exercise of sound discretion. More Like This Headnote | Shepardize: Restrict By Headnote

Civil Procedure > Judgments > Entry of Judgments > Stays Pending Appeals > Supersedeas Bonds
Civil Procedure > Judgments > Entry of Judgments > Stays of Proceedings > General Overview

HN4± A full supersedeas bond should be the requirement in normal circumstances. More Like This Headnote

Exh. A, p.1

Civil Procedure > Judgments > Entry of Judgments > Stays Pending Appeals > Supersedeas Bonds
Civil Procedure > Judgments > Entry of Judgments > Stays of Proceedings > General Overview
HN5 The burden is on the moving party to objectively demonstrate the reasons for waiver of a full supersedeas bond. More Like This Headnote

**COUNSEL:** PECKAR & ABRAMSON, ESQS., By: Alan S. Pralgever, Esq., New York, NY, Attorneys for plaintiff A. Pflugh, Inc.

LUM, HOENS, ABELES, CONANT & DANZIS, By: Charles V. Russell, Esq., Roseland, NJ, Attorneys for defendant Pacific Employers Insurance Co.

**OPINION BY:** WOLIN

**OPINION**

*OPINION*

ALFRED M. WOLIN, U.S.D.J.

*I. BACKGROUND*

Defendant, Pacific Employers Insurance Company ("Pacific"), served as surety for defendant, Aspar Construction Company, Inc. ("Aspar"), in connection with certain performance and payment bonds for two construction projects (*i.e.*, the "Air National Guard Project" and the "152 Project") pursuant to the Miller Act, 40 U.S.C. § 270a. The bonds were accepted by the United States. In accordance with the Miller Act, Aspar, as principal, and Pacific, as surety, bound themselves jointly and severally for the funds necessary to protect "all persons supplying labor and material in the prosecution of the work provided for in said contract for the use of each such person." 40 U.S.C. § 270a(a)(2).

Plaintiff, A. Pflugh, Inc. ("Pflugh"), commenced construction on both the Air National Guard Project and the 152 Project. Upon completion, Plfugh received letters from the Air National Guard and **[*2]** the Coast Guard, respectively, indicating that the two projects were accepted. Apparently, Pflugh never received full payment. Pflugh thereafter brought actions demanding remaining contract balances due and owing under both the Air National Guard and the 152 contracts. [1]

**FOOTNOTES**

[1] The Air National Guard Project was brought as Civil Action No. 85-0459-ST and the 152 Project was brought as Civil Action No. 85-0939-ST.

After oral argument on October 13, 1987, final judgment was entered on December 29, 1987 against Pacific, as surety for Aspar, in favor of Pflugh upon claims in both the Air National Guard and the 152 Projects. The total sum of the final judgment entered by the district court for both projects is $ 115,671.86. [2] Subsequently Pacific filed a notice of appeal on January 6, 1988. Pacific now seeks a stay upon appeal pursuant to Fed.R.Civ.P. 62(d). In addition, Pacific requests that this court exercise its discretion and grant the stay without requiring that a supersedeas bond be posted.

**FOOTNOTES**

[2] The judgment on the Air National Guard Project claim is in the amount of $ 77,106.69 plus interest of $ 241.92 for a combined total of $ 77,348.61. The judgment on the 152 Project claim is in the amount of $ 38,198.25 plus $ 125.10 interest for a combined total of $ 38,323.35.

**[*3]** *II. ANALYSIS*

A. *The Stay Upon Appeal.*

Plaintiff argues that the granting of a stay upon appeal pursuant to Fed.R.Civ.P. 62(d) is an extraordinary and far reaching remedy of such drastic nature that it should be granted only upon a clear and convincing showing of defendant's need. Plaintiff's argument belies the plan language of HN1 Rule 62(d) which states:

*Stay Upon Appeal.* When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions continued in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the Order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

Thus, contrary to plaintiff's assertion, HN2 "the stay issues as a matter of right in cases within the rule, and is effective when the supersedeas bond is approved by the court." 11 C. Wright & A. Miller, *Federal Practice and Procedure: Civil,* § 2905 at 326 (footnotes omitted) (citing *American Manufacturers Mutual Insurance Co. v. American Broadcasting-Paramount Theatres,* 87 S.Ct. 1 (1966) (Harlan, J., Circuit Justice). [3] Accordingly, **[*4]** Pacific may obtain a stay of judgment upon the posting, and subsequent acceptance by this court, of a supersedeas bond.

**FOOTNOTES**

[3] The heightened showing of need for a stay requested by plaintiff, as discussed in *Constructors Association of Western*

Pennsylvania v. Kreps, 573 F.2d 811 (3d Cir. 1978), is apropos of stays of injunctions pending appeal pursuant to Fed.R.Civ.P. 62(c).

B. *The Supersedeas Bond*.

Pacific then requests that, should a stay be granted, this court waive its obligation to post a supersedeas bond. Pacific argues that it is within the discretion of this court to authorize an unsecured stay or to require alternative security. See *Federal Prescription Services, Inc. v. American Pharmaceutical Association*, 636 F.2d 755 (D.C. Cir. 1980) (in unusual circumstances district court may dispense with requirement of posting bond under Rule 62(d)). *Prescription Services* court states that a stay may be had as of right upon the filing of a supersedeas bond. 636 F.2d at 758. The court then goes on to note that some circuits require a supersedeas bond as a prerequisite to obtaining a stay, see *id.* at 757 n. 3 (citing authorities), while other circuits permit a **[*5]** district court to "authorize unsecured stays in cases it considers appropriate." *Id.* at 758. The *Federal Prescription* court concludes that the latter view is more persuasive based on its analysis of the interrelationship between the pre-1968 Federal Rules of Civil Procedure (*i.e.*, Rule 73(d)), the current Federal Rules of Civil Procedure (*i.e.*, Rules 62(d, g) and 65(c)) and the Federal Rules of Appellate Procedure (*i.e.*, Rules 8(a, b)). The court states:

Even apart from the guidance provided by the language of former Rule 73(d) and by judicial interpretations of Rule 65(c), then, a reading of Rule 62(d) with other rules *in pari materia* convinces us that [HN3] Rule 62(d) makes filing a supersedeas bond a condition precedent only if appellant seeks to obtain a stay as a matter of right; the Rule does not limit the district court's power to issue unsecured stays through an exercise of sound discretion.

636 F.2d at 760 Despite this analysis, the *Federal Prescription Services* court recognizes that [HN4] "a full supersedeas bond should be the requirement in normal circumstances." *Id.* (footnote omitted). 4

**FOOTNOTES**

4 In *Federal Prescription Services*, the circuit court affirmed the district court's grant of an unsecured stay based on the following factors: (i) both parties filed appeals; (ii) the judgment debtor had a net worth 47 times the amount of the damage award; and (iii) the judgment debtor was a resident of the district. 636 F.2d at 761.

**[*6]** The reasoning of *Federal Prescription Services* has been expressly adopted by the Seventh Circuit, see *Olympia Equipment Leasing Company v. Western Union Telegraph Company*, 786 F.2d 794 (7th Cir. 1986), the Eastern District of Pennsylvania, see *United States v. Kurtz*, 528 F. Supp. 1113 (E.D. Pa. 1981), and also followed in the District of Columbia District Court, see *Grand Union Company v. Food Employers Labor Relations Association*, 637 F. Supp. 356 (D.D.C. 1986). Each of these courts, however, is careful to point out that [HN5] "the burden [is] on the moving party to objectively demonstrate the reasons" for waiver of a full supersedeas bond. *Grand Union*, 637 F. Supp. at 357 (quoting *Poplar Grove Planting and Refining Co. v. Balche Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979)).

In *Kurtz, supra*, the district court noted that "the Third Circuit has not [yet] ruled on the propriety of unsecured stays," but went on to assume that this Circuit would agree with the District of Columbia Circuit. 528 F. Supp. at 1116. This court shares in that assumption. Thus the only remaining question is whether Pacific "has adequately carr[ied] its burden of proving that **[*7]** the Court +should depart from the presumptive procedure articulated in Rule 62(d)." *Grand Union, supra*, 637 F. Supp. at 358.

In the instant case Pacific argues that the following extraordinary factors merit the waiver of a supersedeas bond upon appeal: (i) its net worth is approximately 4,000 times the total judgment; (ii) Pflugh is already protected by the Miller Act bond; and (iii) its asserted equitable right of subrogation on an alleged right of Aspar for offsets against Pflugh for construction delays. Based on these factors this court finds that Pacific has failed to meet its burden, and therefore a supersedeas bond in the full amount of the judgment must be posted prior to this court's approval of the stay of the judgment entered on December 29, 1987. See *Grand Union Company, supra*, 637 F. Supp. at 358 (noting that a net worth thousands of times greater than judgment is not enough of a reason to justify waiver of bond). *But see Olympia Equipment, supra*, 786 F.2d at 797 (supersedeas bond not required when defendant could not reasonably post bond to stay execution of $ 36 million judgment and there existed an adequate alternative).

III. CONCLUSION

For the above-mentioned **[*8]** reasons this court holds that defendant Pacific may avail itself of a stay of judgment pursuant to Fed.R.Civ.P. 62(d) provided that it post a supersedeas bond for the full amount of the judgment.

Dated: March *15th*, 1988

Source:   Legal > Cases - U.S. > **Federal Court Cases, Combined**
Terms:    **supersedeas w/p "payment bond"**  (Edit Search | Suggest Terms for My Search)
View:     Full
Date/Time:  Friday, August 8, 2008 - 3:33 PM EDT

* Signal Legend:
● - Warning: Negative treatment is indicated
[Q] - Questioned: Validity questioned by citing refs
- Caution: Possible negative treatment
◆ - Positive treatment is indicated
○ - Citing Refs. With Analysis Available
ⓘ - Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.

Exh. A, p.3

Search - 7 Results - supersedeas w/p "payment bond"
Case 3:05-cv-00170-TMB    Document 200-2    Filed 08/11/2008    Page 4 of 4
Page 4 of 4

*My Lexis*™ | Search | Research Tasks | Get a Document | *Shepard's®* | Alerts | Total Litigator | Transactional Advisor | Counsel Selector
History | Delivery Manager | Dossier | Switch Client | Preferences | Sign Out | Help

LexisNexis   About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2008 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.