Sarah J. Tugman
Attorney at Law
2509 Eide Street, Suite 4
Anchorage, Alaska 99503
Telephone: (907) 677-7889
Fax: (907) 677-9188
e-mail: sjtugman@gci.net
Attorney for GMW Fire Protection, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE UNITED STATES for the use of GMW Fire Protection, Inc., an Alaska Corporation,<br><br>          Plaintiff,<br><br>v.<br><br>KANAG'IQ CONSTRUCTION CO., INC., an Alaska Corporation and WESTERN SURETY COMPANY, a South Dakota Corporation,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. A-05-0170 CV (TMB) |

RESPONSE TO AFFIDAVIT OF SURETY RE PAYMENT BOND

   As the affidavit of the surety makes perfectly clear, all of the objections raised by GMW at docket number 200 were completely justified.  The surety is unwilling to bond the entire judgment for both defendants.  It is also now apparent that each of the defendants should separately post a supersedeas bond.

   The conditional nature of the surety's promise does not protect GMW from the risk of a later uncollectible judgment with respect to Kanag'Iq.  The surety explicitly states that it will not stand good for a judgment against Kanag'Iq if the surety is not

Response to Affidavit of Surety re Payment Bond – PAGE 1

liable, and further that it will not agree to cover the attorney fee award that is part of the judgment against Kanag'Iq.

Neither is the payment bond sufficient to protect GMW from an unsuccessful appeal by the surety. It is not in an amount sufficient to compensate GMW for the delay associated with an unsuccessful appeal.

> A high priority of the Court should be to ensure the collectability of plaintiff's judgment. Error, if at all, should be on the side of protecting plaintiff's stake.
>
> Defendants bear the burden of justifying a departure from the ordinary requirement of a supersedeas bond. *Poplar Grove Planting and Refining Co, Inc. v. Bache Halsy Stuart, Inc.*, 600 F.2d [1189] at 1191 [5th Cir. 1979]("if a court chooses to depart from the usual requirement of a full security supersedeas bond to suspend operation of an unconditional money judgment, it should place the burden on the moving party to objectively demonstrate the reasons for such a departure"); *United States v. Kurz*, 528 F. Supp. 1113, 1115 (E.D. Pa. 1981)("Only 'extraordinary circumstances' will support the provision of security other than a supersedeas bond ... It is the appellant's burden to demonstrate objectively that posting a full bond is impossible or impracticable ...."). *See also Federal Prescription Service, Inc. v. American Pharmaceutical Ass'n,* 636 F.2d [755] at 760 [D.C. Cir. 1980] ("a full supersedeas bond should be the requirement in normal circumstances, such as where there is *some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment* in full upon ultimate disposition of the case and where posting adequate security is practicable" [emphasis added]).

<u>U.S. v. Panhandle Eastern Corp.</u>, 696 F. Supp. 983, 986 (U.S. Dist. Delaware 1988)(proposal for substitute security denied).

Neither Kaang'Iq nor the surety has offered any compelling reasons not to require them to post supersedeas bonds if they wish

Response to Affidavit of Surety re Payment Bond – PAGE 2

a stay during the pendency of an appeal.  They should be required to do so.

Respectfully submitted this 28th day of August, 2008.

s/ Sarah J. Tugman
2509 Eide Street, Suite 4
Anchorage, Alaska 99503
Phone: (907) 677-7889
Fax: (907) 677-9188
E-mail: sjtugman@gci.net
Alaska Bar No.: 8310101


CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of May, 2008, a copy of the foregoing document was served electronically on Tom Gingras, attorney for Kanag'Iq Construction, Inc.

s/Sarah J. Tugman
2509 Eide Street, Suite 4
Anchorage, Alaska 99503
Phone: (907) 677-7889
Fax: (907) 677-9188
E-mail: sjtugman@gci.net
Alaska Bar No.: 8310101