IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE UNITED STATES for the use of GMW Fire Protection, Inc., an Alaska Corporation,<br><br>                Plaintiff,<br><br>vs.<br><br>KANAG'IQ CONSTRUCTION CO., INC., an Alaska Corporation, and WESTERN SURETY COMPANY, a South Dakota Corporation,<br><br>                Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br><br>Case No. A05-170 CI (TMB) |

**MOTION AND MEMORANDUM FOR STAY OF EXECUTION OF JUDGMENT**
**[STAY WITH BOND ON APPEAL]**

Pursuant to Federal Rule of Civil Procedure 62(d), Defendants, KANAG'IQ CONSTRUCTION CO., INC. and WESTERN SURETY COMPANY, through their attorneys, Eide & Gingras, P.C., request that this Court stay any execution of judgment, or any proceedings to enforce it, pending their appeal in this matter.

Rule 62(d) provides that the appellants may obtain a stay by supersedeas bond, given upon or after filing the notice of appeal. Fed. R. Civ. P. 62(d). The Court, however, has discretion to allow other forms of judgment guarantee. See International Telemeter Corp. v. Hamlin Int'l Corp., 754 F.2d 1492, 1495 (9th Cir. 1985) (substitute security is permissible where debtor presents financially secure plan).

Eide & Gingras, P.C.
425 G Street, Suite 930
Anchorage, Alaska 99501
(907) 279-0930 telephone
(907) 279-0933 fax

Motion and Memorandum for Stay of Execution of Judgment [Stay with Bond on Appeal]     Page 1 of 4
*The United States for the use of GMW Fire Protection v. Kanag'Iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

The Sixth Circuit has explained Rule 62(d) as follows:

> Rule 62(d) entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right. However, the Rule in no way necessarily implies that filing a bond is the only way to obtain a stay. It speaks only to stays granted as a matter of right, it dos not speak to stays granted by the court in accordance with its discretion.

<u>Arban v. West Publ'g Corp.</u>, 345 F.3d 390, 409 (6th Cir. 2003) (internal citations omitted).

Defendants filed their Notice of Appeal on July 22, 2008. [Docket No. 183] There is a payment bond from Western Surety in this matter in the amount of $709,148.90. [Exhibit A] The undersigned counsel has obtained permission, in the form of an affidavit from Nancy Stangel (an authorized representative of Western Surety), to use the payment bond in this matter as the bond on appeal, subject to limitations as outlined in the affidavit. [Exhibit B]

The amount of the total judgment, including attorney's fees, is $707,461.82. [Docket No. 214] Because Western Surety is not liable for attorneys' fees in the amount of $40,261.21, the total judgment against it is $667,200.57 with post-judgment interest at the rate of 2.31% as provided by law. [Docket No. 214] The payment bond is sufficient to cover the judgment against Western Surety in this matter, including post-judgment interest. At the rate of 2.31%, post-judgment interest over a period of two years would be $30,824.67, resulting in a total judgment of $698,025.24. The amount of the bond exceeds this amount.

Absent an order from the Court approving the use of the existing bond for purposes of the appeal, and granting a stay of execution of the judgment pending appeal, Plaintiff

Motion and Memorandum for Stay of Execution of Judgment [Stay with Bond on Appeal]   Page 2 of 4
*The United States for the use of GMW Fire Protection v. Kanag'Iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

may otherwise initiate proceedings to execute upon the judgment on September 8, 2008. Therefore, Defendants respectfully request the Court to approve the payment bond for use as the bond on appeal and stay any execution upon the judgment pending appeal. If, for any reason, the Court is unwilling to approve the existing bond for both Defendants, they request, in the alternative, that the existing bond be approved as the appeal bond for Western Surety only.

Because of the time constraint described above, Defendants further request a decision by the morning of Monday, September 8, 2008, or as soon thereafter as possible.

DATED at Anchorage, Alaska this 5th day of September, 2008.

EIDE & GINGRAS, P.C.
Attorneys for Defendants
Kanag'Iq Construction Co., Inc. and
Western Surety Company

By:___s/Thomas S. Gingras_____
    Thomas S. Gingras
    425 G Street, Suite 930
    Anchorage, AK  99501
    Phone:  (907) 279-0930
    Fax:     (907) 279-0933
    E-mail:  thomas.gingras@egpalaska.com
    Alaska Bar No. 7811098

**CERTIFICATE OF SERVICE**

I am a legal secretary employed by the law firm of Eide & Gingras, P.C. That on this 5th day of September, 2008, I served

    [x] Electronically

a true and accurate copy of the foregoing document upon the following counsel of record:

    Sarah J. Tugman, Esq.
    2509 Eide Street, Suite 4
    Anchorage, AK  99503

Motion and Memorandum for Stay of Execution of Judgment [Stay with Bond on Appeal]   Page 3 of 4
*The United States for the use of GMW Fire Protection v. Kanag'Iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)

EIDE & GINGRAS, P.C.

By /s/Debby Allen

F:\431\05\Post-Trial Documents\Motion for Stay re Appeal.DOC

Motion and Memorandum for Stay of Execution of Judgment [Stay with Bond on Appeal]     Page 4 of 4
*The United States for the use of GMW Fire Protection v. Kanag'Iq Construction Co., Inc., et al.*
Case No. A05-170 Civil (TMB)