IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| **THE UNITED STATES** for the Use of GMW Fire Protection, Inc., an Alaska Corporation,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>**KANAG'IQ CONSTRUCTION CO., INC.,** an Alaska Corporation, and **WESTERN SURETY COMPANY**, a South Dakota Corporation,<br><br>　　　　　　　　Defendants. | Case No. 3:05-cv-00170   TMB<br><br>**ORDER**<br><br>ORDER DENYING DEFENDANTS' MOTION FOR STAY OF EXECUTION OF JUDGMENT |

## I.  INTRODUCTION

At Docket 216, Defendants Kanag'Iq Construction Company and Western Surety Company ("Defendants") move to stay the judgment entered on August 27, 2008.[1]  Plaintiffs oppose.  At issue is whether the bond that Defendants have offered as security during the appeal – a payment bond – provides this Court with an adequate alternative to the *supersedeas* bond that is normally required to stay a judgment.[2]  For the reasons explained below, the Court denies Defendants' request.

---

[1]　　Docket No. 214.

[2]　　*See* Fed. R. Civ. P. 62(d).

## II. **DISCUSSION**

Rule 62(d) entitles a defendant to stay its money judgment on appeal by providing a *supersedeas* bond. "Because the purpose of a supersedeas bond is to preserve the status quo while securing the appellee from loss resulting from the stay of execution, a full *supersedeas* bond should be the requirement in normal circumstances."[3] Other forms of judgment guarantee may be offered as well,[4] but it is within the Court's sound discretion whether to accept these alternatives.[5]

Defendants previously sought to stay this Court's August 7, 2008 judgment (a judgment which was later amended) using a payment bond issued by Western Surety Company as security. The Court denied that request, noting that Defendants had not included any affidavit from Western Surety affirming that the bond could be used in this manner, or demonstrated that the bond would adequately protect the Plaintiff's interests and serve as a legitimate alternative to a *supersedeas* bond.

---

[3] 2A Fed.Proc., L.Ed. §3:656 (*citing Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189 (5th Cir. 1979); *U.S. on Behalf of Small Business Admin. v. Kurtz*, 582 F.Supp.1113 (E.D. Pa. 1981)).

[4] Alternative securities may also be appropriate where an appellant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money, or where a bond would put the appellant's other creditors at risk. *Olympia Equipment Leasing Co. v. Western Union Telegraph Co.*, 786 F.2d 794 (7th Cir. 1986). Defendants have not advanced either argument here.

[5] *International Telemeter Corp. v. Hamlin Int'l Corp.*, 754 F.2d 1492, 1495 (9th Cir. 1985); *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979).

On August 27, 2008, the Court amended its judgment, which gave Defendants another opportunity to request a stay.[6] This time, Defendants submit the same payment bond, along with the affidavit of Nancy Stangel, a Western Surety representative who states that Western Surety will allow this bond to be used "as the functional equivalent of an appeal bond in this case," subject to certain restrictions. Nevertheless, both the payment bond itself, and the restrictions on its use, suggest that this security is not adequate to protect Plaintiff's interests on appeal.

The primary purpose of any security is to "protect nonappealing parties by maintaining the status quo during the appeal and insure that those who have obtained the judgment under review will not be prejudiced by a stay of the judgment pending final determination of the appeal."[7] Here, it is Defendants who bear the burden of justifying any departure from the ordinary requirement of a *supersedeas* bond.[8] "Only 'extraordinary circumstances' will support the provision of security other than a *supersedeas* bond," and "[i]t is the appellant's burden to demonstrate objectively that posting a full bond is impossible or impracticable....".[9]

---

[6] Docket No. 214.

[7] 5 Am. Jur. 2d Appellate Review §402 (*citing Cayuga Indian Nation of New York v. Pataki*, 188 F.Supp.2d 223 (N.D. N.Y. 2002).

[8] *U.S. v. Panhandle Eastern Corp.* 696 F.Supp. 983, 986 (D.Del.,1988); *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc*, 600 F.2d 1191 (5th Cir. 1979)("[i]f a court chooses to depart from the usual requirement of a full security *supersedeas* bond to suspend operation of an unconditional money judgment, it should place the burden on the moving party to objectively demonstrate the reasons for such a departure").

[9] *United States v. Kurtz*, 528 F.Supp. 1113, 1115 (E.D.Pa.1981)*; Poplar*, 600 F.2d 1189 (5th Cir. 1979); *See also Federal Prescription Service, Inc. v. American Pharmaceutical Ass'n*, 636 F.2d at 760 ("[A] full *supersedeas* bond should be the requirement in normal circumstances, such as where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment in full upon ultimate disposition of the case and where posting adequate security is practicable.")

Defendants propose to use Western Surety's payment bond to guarantee the judgment on appeal. That bond is for $709,148.90.[10] The total judgment in this case, including attorneys' fees, is $707,461.82. (The judgment against Western Surety, who is not liable for attorneys' fees, is $667,200.57, or $698,025.24 with the statutory 2.31% post-judgment interest rate after two years.) In other words, the amount of the payment bond is roughly equal to the value of the judgment.

Courts have expressed concerns about whether payment bonds provide adequate security on appeal; when they are allowed, courts will often require that the amount of the bond considerably exceed the judgment.[11] For example, courts have waived the requirement of a *supersedeas* bond on the condition that the combined value of Defendant's payment bonds or net worth remain at least *three times* the value of the judgment.[12] This is partly due to the nature of a supersedeas bond. When a *supersedeas* bond is submitted, the Clerk of Court holds the original bond in the vault, and requires it to meet a number of criteria before it is accepted as a valid surety bond. Here, with Defendants' proposed payment bond, the original is apparently held by someone *other* than the Clerk. As a result, it provides less assurance that Plaintiffs will be protected during the appeal. As other courts have noted, there is a danger that a portion of the payment bond could be paid out during the course of the appeal, or that other pending actions

---

[10]   *Def.'s Mot.*, Ex. A.

[11]   *See e.g. Trans World Airlines v. Hughes*, 314 F.Supp.94, 98 (S.D.N.Y 1970)

[12]   *Port Chester Electrical Construction Corp. v. HBE Corp.*, 1991 WL 258737 (S.D.N.Y 1991)

could result in claims against the payment bond (and thus further reduce the value of the bond).[13] No evidence has been presented to establish that this payment bond is free from these potential encumbrances.[14]

Notably, Defendants' proposed payment bond does not even cover the full value of Plaintiff's judgment.  For example, in its affidavit, Western Surety makes clear that it does *not* agree to bond the attorney fee award rendered against Kanag'Iq: "[A]ttorney's fees awarded in the amount of $40,261.25 will not be covered, given the Court's ruling that Western Surety is not liable for the attorney's fees."[15]  Western Surety also does not agree to stand for Kanag'Iq's liability if Western itself is found not liable: "the existing bond will serve as an appeal bond as long as Western Surety is a party to the case.  That is, if the Ninth Circuit Court of Appeals exonerates Western Surety's bond…Kanag'Iq Construction Company, Inc. would have to provide its own security...."[16]  As a result, the bond provides Plaintiff with little assurance that it will be able to effectively collect its full judgment from Kanag'Iq.

Although the Court is denying Defendants' request to stay this case using a payment bond, Defendants are not left without recourse. They may submit a conventional *supersedeas* bond that complies with Fed.R.Civ.P. 62(d), and have their arguments heard on appeal. To allow

---

[13]    *See e.g. Port Chester Electrical Construction Corp. v. HBE Corp.*, 1991 WL 258737 (S.D.N.Y. 1991).

[14]    A defendant may also be excused from posting a full *supersedeas* bond when he shows that he will suffer irreparable harm if forced to post the bond (usually because it would force him into insolvency.)  *See, e.g., Miami Int'l Realty Co. v. Paynter*, 807 f.2d 871, 874 (10th Cir. 1986).  Defendants have not made such an argument here.

[15]    *Def.'s Mot.*, Ex. B at ¶ 3.

[16]    *Id.*

5

them this option, the Court will stay its judgment until noon on Friday, September 12, 2008. Defendants may obtain separate *supersedeas* bonds, if desired, and present them to the Court in a motion to stay. However, the Court recognizes that Plaintiffs have a legitimate interest in collecting their judgment, and the Court will not entertain further motions to stay that lack a *supersedeas* bond as their security. Nor will it extend this stay beyond September 12.

### III.  CONCLUSION

For the reasons outlined above, the Court **DENIES** Defendants' *Motion For Stay of Execution of Judgment* at Docket No. 216. In light of this ruling, the Court **STAYS** the judgment entered at Docket 214 until **NOON** on **FRIDAY, SEPTEMBER 12, 2008** so that Defendants may obtain *supersedeas* bonds if desired.

Dated at Anchorage, Alaska, this 10th day of September, 2008.

/s/ Timothy Burgess
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE